DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
ben@dlgla.com
4500 Park Granada Boulevard,
Suite 202
Calabasas, CA 91302
Telephone:   (310) 473-2300

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice pending*)
eric.buresh@eriseip.com
Lydia C. Raw (*pro hac vice pending*)
Lydia.raw@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211

*Attorneys for Plaintiff Topalsson GmBH*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Topalsson GmBH,<br><br>                  Plaintiff,<br><br>            vs.<br><br>Bayerische Motoren Werke AG;<br>Rolls-Royce Motor Cars Limited;<br>Rolls-Royce Motor Cars NA, LLC;<br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGO European Motorcars, LLC;<br>Orange County British Motorcars,<br>LLC; and Westlake Coach Company,<br>LLC;<br><br>                  Defendants. | Case No.:  2:23-cv-01823<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADE SECRET MISAPPROPRIATION IN VIOLATION OF THE DEFEND TRADE SECRETS ACT.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Topalsson GmbH (Topalsson), by and through its undersigned counsel, submits this Complaint and alleges against Bayerische Motoren Werke AG ("BMW AG"), Rolls-Royce Motor Cars Limited ("Rolls-Royce UK") and Rolls-Royce Motor Cars NA, LLC ("Rolls-Royce US"), as well as O'Gara Coach Company, LLC, Rusnak Auto Group, LLC, Orange County British Motorcars, LLC, indiGO European Motorcars, LLC and Westlake Coach Company, LLC, ("Dealership Defendants") as follows:

## INTRODUCTION

1.    This is a civil action for copyright infringement arising under 17 U.S.C. § 101 et seq., and violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et seq.

2.    Topalsson is a pioneer in the area of real-time product configurators, particularly for vehicles. With its few dozen, highly-talented employees, Topalsson has had an outsized impact on the vehicle purchasing process worldwide, completing hundreds of successful projects for customers such as internationally recognized car brands Audi, Volkswagen, and Daimler.

3.    Topalsson's products have revolutionized the way customers interact with the vehicle buying process. Its products allow customers to select and view thousands of combinations of product features and colors through real-time generation of images and videos. Topalsson's technology represents a pioneering improvement over traditional systems, which would simply pull pre-generated still-images with finite sets of vehicle options. By allowing complete user control over customizations in real-time, Topalsson's software provides car dealerships with the ability to provide customers with exactly what they want, increasing sales, customer satisfaction, add-on purchases, and brand loyalty.

4.    In late 2019, Topalsson was hired to employ its best-in-class technology to create a modern vehicle configurator for Rolls-Royce. In connection

with the project, Topalsson delivered portions of its proprietary software in late 2019. Topalsson likewise provided Rolls-Royce with trade secret information, embodied in the Topalsson software, subject to strict limitations on future use and disclosure. In 2020, the world shut down. Topalsson diligently worked to transition its workforce and continued to make software deliveries in early 2020. Unbeknownst to Topalsson, Rolls-Royce secretly hired one of Topalsson's competitors to take over the project in approximately March 2020. After benefitting from Topalsson's work and software deliveries for several more weeks, Rolls-Royce terminated the Topalsson contract. Any license Rolls-Royce had to Topalsson's software likewise terminated.

5.     Topalsson discovered that Rolls-Royce dealerships in the United States have been continuing to make use of a configurator that bears a striking similarity to multiple unique features provided by Topalsson. Such features include, without limitation, simultaneous real-time display on a television screen or projector and a tablet, real-time 3D configurator generation, feature code nomenclature, and a full interior modules structure for granular customization. In addition, Topalsson's software creates a unique visual view that remains evident in the software currently used in Rolls-Royce dealerships, including certain stitching textures and locations, illuminations, screen layouts, thumbnails, overlay "dots," navigation bars, rear seat entertainment mechanics, wheel angles, and summary image page generation.

6.     On information and belief, and based on the further facts set forth below, Rolls-Royce rolled out configurator software to all Rolls-Royce dealerships in the United States that includes copyrighted elements of Topalsson's proprietary software and/or software derived from copyrighted elements of Topalsson's proprietary software without authorization and in violation of U.S. copyright laws.

7.     In addition, on information and belief, and based on the further facts

set forth below, Rolls-Royce UK disclosed the Rolls-Royce configurator to Rolls-Royce US, which disclosure is a misappropriation of Topalsson's trade secrets because the Rolls-Royce configurator incorporates, builds upon and/or modifies Topalsson's trade secrets without authorization.

## THE PARTIES

8.     Plaintiff Topalsson is a German company with its principal place of business at Leopoldstr. 180 80804 Munich, Germany. Topalsson develops and licenses software products, including software that generates real-time images of customizable vehicle configurations.

9.     Defendant Bayerische Motoren Werke AG ("BMW AG") is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW AG designs and manufactures motor vehicles, parts, and other accessories for sale in Europe and for export and sale throughout the world.

10.     Defendant Rolls-Royce Motor Cars Limited (hereinafter "Rolls-Royce UK") is a United Kingdom private limited company with its principal place of business at Summit One, Summit Avenue, Farnborough, Hampshire, GU140FB, United Kingdom. Rolls-Royce Motor Cars Limited is a subsidiary of BMW AG and distributes Rolls-Royce vehicles to Rolls-Royce Motor Cars NA, LLC. Rolls-Royce markets itself as an iconic automotive company that designs, manufactures, and sells ultra-luxury automobiles and parts and accessories.

11.     Defendant Rolls-Royce Motor Cars NA, LLC (hereinafter "Rolls-Royce US") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. The sole member of Rolls-Royce US is BMW (US) Holding Corp., (hereinafter "BMW US") a privately held corporation organized under the law of Delaware with its principal place of business in New

Jersey. On information and belief, BMW US is wholly owned by BMW AG, a publicly held German corporation with its principal place of business in Munich, Germany. On information and belief, Rolls-Royce US is responsible for sales and marketing of Rolls-Royce vehicles throughout the United States.

12.     Defendant O'Gara Coach Company, LLC is a limited liability company organized under the laws of the State of California with its principal place of business at 8845 West Olympic Blvd, Beverly Hills, California, 90211. O'Gara Coach Company, LLC is a car dealership that sells Rolls-Royce vehicles in Beverly Hills.

13.     Defendant Rusnak/Pasadena Corporation (doing business as Rusnak Auto Group) is a California corporation with its principal place of business at 77 St John St., Pasadena, CA 91105. It operates a dealership that sells Rolls-Royce vehicles at 297 West Colorado Blvd, Pasadena, CA 91105.

14.     Defendant Orange County British Motorcars, LLC is a Delaware limited liability company with its principal place of business at 9853 Research Dr. Irvine, CA, 92618.  Orange County British Motorcars, LLC is a car dealership that sells Rolls-Royce vehicles in Irvine, California.

15.     Defendant indiGO European Motorcars, LLC is a Delaware limited liability company with a principal place of business at 13801 North Freeway, Houston, TX 77090.  It operates a car dealership that sells Rolls-Royce vehicles at 71-387 Highway 111, Rancho Mirage, CA, 92270.

16.     Defendant Westlake Coach Company, LLC is a California limited liability company with its principal place of business at 3610 Thousand Oaks Blvd, Thousand Oaks, CA 91362. Westlake Coach Company, LLC is a car dealership that sells Rolls-Royce vehicles in Thousand Oaks, California.

///

///

## **JURISDICTION AND VENUE**

17.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101, *et seq.*), and violation of the Defend Trade Secrets Act ("DTSA"), (18 U.S.C. § 1836 *et seq*.).

18.     This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 101, *et seq*,; 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (copyright); and 18 U.S.C. § 1836 (DTSA).

19.     BMW is subject to this Court's personal jurisdiction because, on information and belief, BMW has engaged in and does engage in continuous, systematic, and substantial activities throughout the United States and within this District. BMW induced infringement of Topalsson's copyrights in its proprietary software by dealerships in this District by, among other things, directing the creation of infringing software to be distributed to, used, and displayed to the public by dealerships in this District. BMW therefore purposely and voluntarily encouraged infringing acts by dealerships in this District that give rise to Topalsson's claims for copyright infringement.

20.     Rolls-Royce UK is subject to this Court's personal jurisdiction because on information and belief, Rolls-Royce UK has engaged in and does engage in continuous, systematic, and substantial activities throughout the United States and within this District. On information and believe, Rolls-Royce UK is the manufacturer of all Rolls-Royce vehicles sold in the United States. Rolls-Royce UK induced and continues to induce infringement of Topalsson's copyrights in its proprietary software by dealerships in this District by, among other things, directing the creation of infringing software to be distributed to, used, and displayed to the public by dealerships in this District. Rolls-Royce UK therefore purposely and voluntarily encouraged infringement acts by dealerships in this

District that give rise to Topalsson's claims for copyright infringement.

21.  Rolls-Royce US is subject to personal jurisdiction in this District because on information and belief, Rolls-Royce US has engaged in and does engage in continuous, systematic, and substantial activities throughout California and within this District, including the distribution of all Rolls-Royce vehicles imported into the United States and marketing relating to the same. On information and belief, there are seven Rolls-Royce dealerships in California, the largest number of any state in the United States, and Rolls-Royce US is responsible for delivering substantial numbers of Rolls-Royce vehicles to California and this Judicial District.

22.  Venue in this District is proper under 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400(a).

23.  Venue in this Judicial District is proper as to Rolls-Royce US, Rolls-Royce UK, and BMW because a substantial part of the events giving rise to the claims in this action occurred in this Judicial District. On information and belief, there are seven Rolls-Royce dealerships in California, the largest number of any state in the United States. Five of those dealerships are located in the Central District of California, making this the Judicial District with the most dealerships using the infringing configurator software.

24.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 for BMW and Rolls-Royce UK because they are foreign corporations and may be sued in any jurisdiction in which they are subject to personal jurisdiction, as they are in this District.

25.  The five Dealership Defendants are subject to suit in this Judicial District because each has an established physical location in this Judicial District from which they sell Rolls-Royce vehicles using the infringing configurator software.

## STATEMENT OF FACTS

### A. Topalsson's Proprietary Software.

26.     Topalsson was founded in Munich, Germany by Mr. Kubilay Topal. The company's specialty is producing high-end photorealistic images and videos in real-time. A common use of Topalsson's software is to develop product configurators. Product configurators allow a company to show its customer a realistic mock-up of what their final product will look like after customizations. For example, luxury car brands can show their customers custom-generated high-resolution images and videos of what a car with their chosen colors, fabric, stitching, decals, wheels, etc. will look like.

27.     Topalsson's software allows companies to create a "digital twin" of their products, with software that handles not only producing the final images but also handles the underlying logic that allows complete customization. The combination of these two disciplines is incredibly unique in the industry and a key to Topalsson's success.

28.     Topalsson's core software is called DTE. Topalsson has registered copyrights in two versions of its DTE software. DTE Release R05 is registered as Copyright Registration No. TX 9-217-235 and is attached as Exhibit A. DTE Release R06 is registered as Copyright Registration No. TX 9-217-240 and is attached as Exhibit B. Collectively, these registrations comprise the infringed "DTE Software."

29.     Topalsson's software portfolio also includes a software platform called Vary. The Vary software simplifies the generation of 3D master models that power the real-time generation of customized images and videos. Vary builds the logic of the models and enables the full configuration ability.

30.     Vary Release R05 is registered as Copyright Registration No. TX 9-217-245 and is attached as Exhibit C. Vary Release R06 is registered as Copyright

Registration No. TX 9-217-249 and is attached as Exhibit D. Collectively, these registrations comprise the infringed "Vary Software."

31.     Topalsson is the owner of all rights in the DTE Software and Vary Software.

32.     Rolls-Royce has no license to use any of Topalsson's software, including the DTE Software and Vary Software.

### B.     Topalsson's Trade Secrets.

33.     Topalsson is also the owner of valuable trade secrets, including methods, techniques, and processes relating to highly-customizable product configuration, the structure and arrangement of underlying data and logic relating to product configurations, and the structure, arrangement and division of complex models, all of which is embodied in its proprietary software code and associated documentation.

34.     Topalsson developed its software code and its trade secrets over a period of years and thousands of hours of developer time. Its trade secrets are not easily ascertainable by others, and Topalsson takes reasonable measures to protect the confidentiality of its trade secrets.

35.     For example, Topalsson refuses to provide its proprietary software to any potential customer unless agreements (such as contracts and NDAs) are in place that include strict confidentiality provisions and also strictly limit the use of the information. Likewise, Topalsson's proprietary software is only accessible to employees that need access to perform their job duties, and Topalsson ensures that those employees understand the confidential nature of the source code and the trade secrets it contains. In addition, Topalsson employees sign a strict NDA.

36.     Topalsson's trade secrets derive value from not being generally known, and they allow Topalsson to compete successfully in the market against other companies many times their size.

**C.   Defendants' Access to Topalsson's Copyrighted Software and Trade Secrets and Acts of Infringement and Misappropriation.**

37.     In 2019, BMW AG and Rolls-Royce UK decided that their current car configurators were not satisfactory and did not align with the future direction of the companies. They sought out a partner to create a state-of-the-art configurator that would set the brands apart, provide customers and dealers with the best possible customization experience, and allow dealers to upsell features to customers seeking a customized vehicle. The configurator was intended for the then upcoming 2020 release of the Rolls-Royce Ghost, a luxury car with a base price in excess of $300,000.

38.     Based on its history of success and revolutionary technology in this area, Topalsson was selected for the project in the last quarter of 2019. Notably, Mackevision, one of Topalsson's competitors, was also considered during the tender process, but its solution was deemed not technically acceptable. Though Topalsson entered a contract with Rolls-Royce UK, on information and belief, BMW AG was required to provide its sign-off before Topalsson could be hired.

39.     Topalsson began diligently working to complete the Rolls-Royce project, using its proprietary software and expertise to create a superior product that would enable Rolls-Royce to improve its brand recognition and goodwill with consumers and to further generate additional revenue for the company.

40.     Topalsson made deliveries of its proprietary software and other project materials through shared computer folders and BMW's AWS platform that could be accessed by at least the Rolls-Royce employees overseeing the project.

41.     Topalsson had an expectation that its proprietary software would be used only in accordance with the specific limited purposes for which it was disclosed and that any further disclosure would be strictly limited in accordance

with the provisions of the parties' agreements.

42.     On approximately December 18, 2018, Topalsson delivered its DTE software (Release R05).

43.     On approximately October 14, 2019, Topalsson delivered its Vary software (Release R05).

44.     In 2020, the world shut down. Topalsson adapted to government-mandated shutdowns and transitioned to allow its employees to work from home and continued advancing the Rolls-Royce project. Topalsson continued to make software deliveries.

45.     On or about February 17, 2020, Topalsson delivered its Sologic software to Rolls-Royce, which is included in its DTE configurator services.

46.     On or about February 20, 2020, Topalsson delivered its Vary software (Release R06).

47.     On or about March 18, 2020, Topalsson delivered its DTE software (Release R06).

48.     Unbeknownst to Topalsson, by March of 2020 one of Topalsson's competitors had been secretly hired to take over the same project. That company – Mackevision – is significantly larger than Topalsson, with more than 400 employees according to its website. On information and belief, Mackevision's hiring was at the behest of Mr. Jan-Hendrick Hoffmann, a BMW AG employee.

49.     Topalsson was aware of Mackevision and its software, and knew that Mackevision's product was inferior in a number of respects to Topalsson's proprietary software. For example, Mackevision's software was unable to generate images and videos in real-time and therefore was unable to provide the level of real-time customization that Rolls-Royce desired. Topalsson also understood that Mackevision's software was not capable of simultaneously streaming on both a TV Screen and an iPad in a showroom nor providing the same level of deep

configuration possibilities.

50.     On information and belief, Mackevision was subsequently provided with Topalsson's proprietary software and other confidential materials. For example, a BMW AG employee provided Mackevision with access to shared computer folders in the same file structure where Topalsson was directed to deliver its proprietary software. That employee further stated that the software would be given to Mackevision "for comparison…[t]hat way they could master [the new software] similarly." As a result, Mackevision had access to confidential Topalsson intellectual property ("Topalsson IP"), including trade secrets and copyright protected source code as it began to finish the project for Rolls-Royce and further that it could use to improve upon its own technology.

51.     As a result of Rolls-Royce sharing Topalsson IP with Mackevision, the value of Topalsson's IP and the proprietary features that Topalsson spent significant resources and creativity developing has been negatively impacted.

52.     Rolls-Royce UK ultimately terminated its agreement with Topalsson. Any license that Rolls-Royce UK had to any of Topalsson's proprietary software was likewise terminated. Any rights Rolls-Royce UK had to access and benefit from Topalsson's trade secrets likewise terminated.

53.     In approximately the fourth quarter of 2020, Rolls-Royce began to roll out a new configurator service in its dealerships across the globe, including in the United States. On information and belief, the new Rolls-Royce configurator ("Accused Software") incorporates copyrighted portions of Topalsson's DTE Software and VARY software or contains software derived from Topalsson's copyrighted DTE Software or VARY Software. In addition, on information and belief, the Accused Software incorporates, builds upon and/or modifies Topalsson's trade secrets without authorization.

54.     On information and belief, the Accused Software is still to this day

used by dealerships throughout the United States to provide Rolls-Royce customers with customizable images and videos in a critical part of the car-buying process.

55.     The value of configurator services to the Rolls-Royce business cannot be understated. It has been reported that more than 90% of Rolls-Royce vehicles are so personalized they're practically one-offs. And, the cost of those customizations is substantial, reportedly nearly 40% in 2018 and very likely higher now. Rolls-Royce itself advertises that it is "The almost endless possibilities for Bespoke personalization" that results in its clients being willing to pay a premium for their unique Rolls-Royce. Since launching the accused configurator, Rolls-Royce has reported record sales.

## <u>COUNT I</u>
### (Copyright Infringement, 17 U.S.C. § 101 et seq., Against All Defendants)

56.     Topalsson hereby restates and realleges the allegations set forth above and incorporates them by reference.

57.     Topalsson's DTE Software and Vary Software contain a substantial amount of original material this is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq.

58.     Without consent, authorization, approval, or license, Defendants knowingly, willingly, and unlawfully copied, published, and distributed Topalsson's DTE Software and Vary Software, portions thereof, or derivative works and continue to do so.

59.     On information and belief, BMW AG, through its agent employees, instructed Rolls-Royce UK to hire one of Topalsson's competitors and shared Topalsson's software and other materials with that competitor. Topalsson's software was provided "for comparison" and so that the new software could be mastered "similarly." BMW AG therefore induced, caused, and materially

contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to use, copy, import, distribute, and publicly display Topalsson's copyrightable works and works derived therefrom in the United States without a license. On information and belief, BMW's AG induced infringement is and has been knowing and willful.

60.     Rolls-Royce UK entered into a contract with one of Topalsson's competitors to create a configurator software that, on information and belief, includes copyrighted elements of Topalsson's proprietary software and/or software derived from copyrighted elements of Topalsson's proprietary software. Rolls-Royce UK subsequently caused the infringing software to be imported into the United States for further distribution and use by US dealerships without a license. Rolls-Royce UK further induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to use, copy, and distribute Topalsson's copyrightable works and works derived therefrom in the United States without a license to do so. On information and belief, Rolls-Royce UK's direct and induced infringements are and have been knowing and willful.

61.     On information and belief, Rolls-Royce US is responsible for all marketing and sales of Rolls-Royce vehicles in the United States. Therefore, Rolls-Royce US reproduced, displayed, published, and distributed a configurator product that infringes Topalsson's copyrights and is not licensed to do so. Rolls-Royce US further induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others (including car dealerships such as the Dealership Defendants) to use, copy, and distribute Topalsson's copyrightable works and works derived therefrom in the United States.

62.     On information and belief, each of the Dealership Defendants are selling Rolls-Royce vehicles in the United States using configurator software that

incorporates copyrighted portions of Topalsson's DTE software or contains software derived from Topalsson's copyright protected DTE software. Such use is not licensed. The Dealership Defendants have therefore infringed DTE's copyrights.

63.    By this unlawful copying, use, distribution, importation, public display and/or inducing others to do the same, each Defendant has violated Topalsson's exclusive rights under 17 U.S.C. § 106 and/or § 602.

64.    Defendants have realized unjust profits, gains and advantages as a proximate result of its infringement.

65.    Defendants will continue to realize unjust profits, gains and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

66.    Topalsson is entitled to an injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws. Unless Defendants are enjoined and prohibited from infringing Topalsson's copyrights and inducing others to infringe Topalsson's copyrights, and unless all infringing products are destroyed, Defendants will continue to infringe and induce infringement of Topalsson's registered copyrights.

67.    As a direct and proximate result of Defendants' direct and indirect willful copyright infringement, Topalsson has suffered, and will continue to suffer, monetary loss to its business, reputation, and goodwill. Topalsson is entitled to recover from Defendants, in amounts to be determined at trial, the damages it sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts of infringement and Defendants' use and distribution of the infringing materials.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT II

**(Misappropriation of Trade Secrets in Violation of the DTSA, 18 U.S.C. § 1836 et seq., against Rolls-Royce UK)**

68.    Topalsson hereby restates and realleges the allegations set forth above and incorporates them by reference.

69.    Topalsson is the owner of proprietary trade secret information, as alleged above. Topalsson's trade secrets include methods, techniques, and processes relating to highly-customizable product configuration, the structure and arrangement of underlying data and logic relating to product configurations, and the structure, arrangement and division of complex models, all of which is embodied in its proprietary software code and associated documentation.

70.    Topalsson's trade secrets relate to configurator products that are used, sold, and intended to be used in interstate or foreign commerce. In the normal course of use of Topalsson's software, it is used to allow customers to design and purchase customized vehicles. The vehicles are then manufactured out of state, or out of country, and transported back to the dealership for delivery to the customer. Further, the software itself is used by and sold to companies with locations throughout the world.

71.    Topalsson has taken reasonable measures to keep such information secret. Those measures include, as non-limiting examples, including confidentiality provisions in employee contracts, requiring employees to sign a strict NDA, and disclosing software containing Topalsson's trade secrets only under licenses and agreements that strictly limit the use and further dissemination of the source code.

72.    Topalsson's trade secrets derive independent economic value from not being generally known. They allow Topalsson to successfully compete in the product configurator market against much larger companies. They differentiate Topalsson in the market including because they include the technical know-how

that enables Topalsson to implement the many unique features of its software discussed above.

73.     The secrecy of Topalsson's trade secrets provides Topalsson with a significant business advantage.

74.     Topalsson has spent significant time and resources developing its trade secrets.  Topalsson's software embodying its trade secrets is the product of thousands of hours of developer time over a period of years.

75.     Topalsson's trade secrets are not readily ascertainable through proper means. Topalsson protects its proprietary software source code, which contains and embodies its trade secrets, from unauthorized disclosure or use.

76.     Rolls-Royce UK acquired Topalsson's trade secrets under circumstances giving rise to a duty to maintain the secrecy of the trade secret and only use the trade secrets for specific limited purposes.

77.     On information and belief, the proprietary trade secrets incorporated in Topalsson's software that were misappropriated by Rolls-Royce UK through disclosure to Rolls-Royce US constitute trade secrets as defined in the Defend Trade Secrets Act 18 U.S.C. § 1836 et seq.

78.     On information and belief, Rolls-Royce UK provided Topalsson's trade secrets to at least one Topalsson competitor and thereafter directed and approved of Topalsson's trade secrets being incorporated directly, or through code that built upon or modified the trade secret into Rolls-Royce configurator software. Rolls-Royce UK then rolled out that software at dealerships throughout the United States. On information and belief, Rolls-Royce UK misappropriated Topalsson's trade secrets at least by disclosing them to Rolls-Royce US through providing Rolls-Royce US with the Rolls-Royce configurator software.

79.     The misappropriation of Topalsson's trade secrets has damaged Topalsson. As a result of Rolls-Royce UK's misappropriation, dealerships in

California and throughout the US now benefit from Topalsson's trade secrets without permission or license.

80.     The misappropriation by Rolls-Royce UK was willful and malicious, justifying an award of exemplary damages in accordance with 18 U.S.C. § 1836(b)(3)(C).

81.     As a direct and proximate result of Rolls-Royce UK's misappropriation, it has been unjustly enriched. This unjust enrichment includes value and profits attributed to the misappropriated information, including amounts saved in development costs by using the misappropriated information and increased vehicle sales from the use of the misappropriated information.

82.     Rolls-Royce UK's conduct has caused and unless enjoined by the Court will continue to cause great and irreparable harm and injury to Topalsson. Topalsson has no other adequate remedy at law to prevent such ongoing harm.

83.     Topalsson is entitled to recover from Rolls-Royce UK the damages it has sustained as a result of Rolls-Royce UK's wrongful acts as alleged herein in an amount to be determined at trial. Topalsson is further entitled to recover from Rolls-Royce UK the gains, profits, and advantages it has obtained as a result of its wrongful acts as herein alleged in an amount to be determined at trial. Topalsson is further entitled to an award of exemplary damages and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Topalsson prays for judgment as follows:

A.     Entry of judgment holding Defendants liable for infringement of the copyrights at issue in this litigation;

B.     Entry of judgment holding Rolls-Royce UK liable for misappropriation of Topalsson's trade secrets;

C.     An order permanently enjoining Defendants, their officers, agents, servants, employees, attorneys and affiliated companies, their assigns and successors

in interest, and those persons in active concert or participation with them, from continued acts of infringement of the copyrights at issue in this litigation;

D.      An order permanently enjoining Rolls-Royce UK, its officers, agents, servants, employees, attorneys and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with it, from continued acts of trade secret misappropriation;

E.      An order that all copies made or used in violation of Topalsson's copyrights, and all means by which such copies may be reproduced, be impounded and destroyed or otherwise reasonably disposed of;

F.      An order that all software, documents, or any other material incorporating Topalsson's trade secrets or that build upon or modify Topalsson's trade secretsy and all means by which such copies may be reproduced, be impounded and destroyed or otherwise reasonably disposed of;

G.      An order awarding Topalsson its actual damages according to proof resulting from Defendants' infringement of the copyrights at issue;

H.      An order awarding Topalsson its actual damages according to proof resulting from Rolls-Royce UK's misappropriation of Topalsson's trade secrets;

I.      An order awarding all gains or profits obtained by Defendants as a result of Defendants' acts of copyright infringement;

J.      For restitution and disgorgement of Rolls-Royce UK's unjust enrichment relating to its trade secret misappropriation, in an amount to be proven at trial or in the alternative, a reasonable royalty;

K.      For exemplary damages in accordance with 18 U.S.C. § 1836(b)(3)(C);

L.      An order awarding prejudgment and post-judgment interest;

M.      An order awarding Topalsson its costs under 17 U.S.C. § 505.

N.      For reasonable attorneys' fees and costs incurred herein as allowed by law; and

O.     Any and all other legal and equitable relief as may be available under the law and which the Court may deem proper.

Date: March 10, 2023                     Respectfully Submitted,

                                         By: */s/ Ben M. Davidson*

                                         DAVIDSON LAW GROUP, ALC
                                         Ben M. Davidson (State Bar No. 181464)
                                         ben@dlgla.com
                                         4500 Park Granada Blvd, Suite 202
                                         Calabasas, California  91302
                                         Office: (310) 473-2300
                                         Fax: (310) 473-2941


                                         ERISE IP, P.A.
                                         Eric A. Buresh (*pro hac vice pending*)
                                         Lydia C. Raw (*pro hac vice pending*)

                                         **Attorneys for Plaintiff Topalsson GmbH**

# DEMAND FOR A JURY TRIAL

Topalsson demands a jury trial for all issues so triable.

Date: March 10, 2023                    Respectfully Submitted,

                                        By: */s/ Ben M. Davidson*

                                        DAVIDSON LAW GROUP, ALC
                                        Ben M. Davidson (State Bar No. 181464)
                                        ben@dlgla.com
                                        4500 Park Granada Blvd, Suite 202
                                        Calabasas, California  91302
                                        Office: (310) 473-2300
                                        Fax: (310) 473-2941


                                        ERISE IP, P.A.
                                        Eric A. Buresh (*pro hac vice pending*)
                                        Lydia C. Raw (*pro hac vice pending*)

                                        **Attorneys for Plaintiff Topalsson GmbH**

COMPLAINT