Jonathan McNeal Smith (State Bar No. 292285)
Email: JonathanSmith@jonesday.com
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

John Froemming (admitted pro hac vice)
Email: JFroemming@jonesday.com
**JONES DAY**
51 Louisiana Avenue NW
Washington, DC 20007
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

Attorneys for the Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Topalsson GmbH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Bayerische Motoren Werke AG;<br>Rolls-Royce Motor Cars Limited;<br>Rolls-Royce Motor Cars NA, LLC;<br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGO European Motorcars, LLC;<br>Orange County British Motorcars;<br>and<br>Westlake Coach Company, LLC,<br><br>　　　　Defendants. | Case No.  2:23-CV-01823-WLH-PVCx<br><br>**SPECIALLY APPEARING DEFENDANTS ROLLS-ROYCE MOTOR CARS LIMITED'S AND BAYERISCHE MOTOREN WERKE AG'S, AND THE OTHER DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS, AND FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:　　　June 22, 2023<br>Time:　　　9:00 a.m.<br>Courtroom:　9B<br>Judge:　　　Hon. Wesley L. Hsu |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   BACKGROUND ................................................................................ 2

    A.    The Agreement ......................................................................... 2

    B.    The English Forum .................................................................... 3

    C.    The English Litigation So Far .................................................... 4

III.  ARGUMENT .................................................................................... 4

    A.    Topalsson's Claims Against Rolls-Royce Motor Cars Ltd.
       Should Be Dismissed On The Basis Of The Exclusive
       Jurisdiction Clause In Their Underlying Agreement ............................ 4

    B.    The Court Should Dismiss Topalsson's Claims Against
       RRMCL's Co-Defendants Pursuant To The Agreement and
       Forum Non Conveniens ........................................................... 7

       1.    RRMCL's Affiliates BMW AG of Germany and RRNA
          of New Jersey ................................................................ 7

       2.    The Downstream Dealer Co-Defendants.............................. 9

    C.    This Court Lacks Personal Jurisdiction Over RRMCL and
       BMW AG ............................................................................. 17

       1.    No General Jurisdiction in California.................................. 18

       2.    No Specific Personal Jurisdiction in California ..................... 18

IV.   CONCLUSION ............................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Page**

**CASES**

*Alexander v. BMW AG,*
7:18-cv-03065-DCC, 2020 WL 2098108 (D.S.C. May 1, 2020) ..................... 18

*Asahi Metal Ind. Co. v. Superior Court,*
480 U.S. 102 (1987) ................................................................. 21, 22

*Atlantic Marine Constr. Co. v. U.S. Dist. Ct.,*
571 U.S. 49 (2013) .................................................................. 4, 5, 7

*Ayco Farms, Inc. v. Ochoa,*
862 F.3d 945 (9th Cir. 2017) ......................................................*passim*

*BNSF Ry. Co. v. Tyrrell,*
581 U.S. 402 (2017) ...................................................................... 18

*Braman Motors, Inc. v. BMW of North Am., LLC,*
No. 17-CV-23360, 2019 WL 7759096 (S.D. Fla. Sept. 30, 2019) ................... 18

*Bristol-Myers Squibb Co. v. Superior Court,*
582 U.S. 255 (2017) .................................................................. 19, 20

*Brown v. BMW of N. Am., LLC,*
1:14-cv-00931-JMS-DML, 2016 WL 427517 (S.D. Ind. Feb. 4,
2016) ....................................................................................... 19

*Bundy v. Nirvana L.L.C.,*
No. CV213621DSFMAAX, 2021 WL 5822127 (C.D. Cal. Oct. 21,
2021) ....................................................................................... 12

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) .................................................................. 19, 22

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Carijano v. Occidental Petroleum Corp.*,
　643 F.3d 1216 (9th Cir. 2011) ........................................................................ 15

*Cheng v. Boeing Co.*,
　708 F.2d 1406 (9th Cir. 1983) ........................................................................ 12

*Color Switch LLC v. Fortafy Games DMCC*,
　377 F. Supp. 3d 1075 (E.D. Cal. 2019), *aff'd*, 818 F. App'x 694
　(9th Cir. 2020) .................................................................................................. 6

*Copitas v. Fishing Vessel Alexandros*,
　20 F. App'x 744 (9th Cir. 2001) ..................................................................... 16

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014) ............................................................................... 18, 21

*Dole Food Co. v. Watts*,
　303 F.3d 1104 (9th Cir. 2002) .................................................................... 9, 10

*Easy Spirit LLC v. DBS Bank Ltd.*,
　CV 19-7290-GW-AFMx, 2019 WL 13133363 (C.D. Cal. Dec. 10,
　2019) .............................................................................................. 10, 14, 17

*EFCO Corp. v. Aluma Sys. USA, Inc.*,
　268 F.3d 601 (8th Cir. 2001) ......................................................................... 11

*Fischer v. BMW of N. Am., LLC*,
　376 F.Supp. 3d 1178 (D. Colo. 2019) ........................................................... 18

*Global Med. Solutions, Ltd. v. Simon*,
　No. CV12-04686, 2013 WL 12371339 (C.D. Cal. Jan. 10, 2013) .................... 15

*Graham Tech. Sols., Inc. v. Thinking Pictures, Inc.*,
　949 F. Supp. 1427 (N.D. Cal. 1997) ................................................................ 6

*Harp v. Airblue Ltd.*,
　879 F. Supp. 2d 1069 (C.D. Cal. 2012) ......................................................... 11

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

*Hatfield v. Halifax PLC*,
564 F.3d 1177 (9th Cir. 2009) ................................................................ 16

*Herremans v. BMW of N. Am. LLC*,
No. CV14-02363 MMM ........................................................................ 20

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) .................................................................. 8

*Huthart v. News Corp.*,
No. CV1304253MWFAJWX, 2014 WL 12577175 (C.D. Cal. May
21, 2014) ................................................................................................ 10

*In re Air Crash over the Taiwan Strait on May 25, 2002*,
331 F. Supp. 2d 1176 (C.D. Cal. 2004) .................................................. 17

*In re Boon Glob. Ltd.*,
923 F.3d 643 (9th Cir. 2019) .................................................................. 20

*Innovation First Int'l, Inc. v. Zuru, Inc.*,
513 F. App'x 386 (5th Cir. 2013) ........................................................... 11

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873 (2011) .......................................................................... 19, 21

*Johnson v. BMW AG*,
1:17-cv-02367-MHC (N.D. Ga. Nov. 22, 2019) .................................... 19

*Lockman Found. v. Evangelical Alliance Mission*,
930 F.2d 764 (9th Cir. 1991) .................................................................. 11

*Lueck v. Sundstrand Corp.*,
236 F.3d 1137 (9th Cir. 2001) ................................................. 10, 11, 13, 17

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972) .................................................................................... 5

Case No. 2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
  858 F.2d 509 (9th Cir. 1988) .................................................................5, 6, 7, 8

*Murray v. British Broad. Corp.*,
  81 F.3d 287 (2d Cir. 1996) ............................................................................. 11

*Nulogy Corp. v. Menasha Packaging Co., LLC*,
  590 F.Supp. 3d 1141 (N.D. Ill. 2022).............................................................. 7

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ................................................................................... 10, 11

*Questrel, Inc. v. Merriam-Webster, Inc.*,
  No. SACV 10-1907, 2011 WL 7637786 (C.D. Cal. Mar. 23, 2011) .................. 7

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ......................................................................... 17

*Serje v. Rappi, Inc.*,
  No. 19-CV-07415-VC, 2021 WL 2633536 (N.D. Cal. June 25,
  2021), *appeal dismissed*, No. 21-16214, 2021 WL 4911978 (9th
  Cir. Oct. 6, 2021) .......................................................................................... 11

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
  549 U.S. 422 (2007) ......................................................................................... 5

*Stansifer v. Chrysler Motors Corp.*,
  487 F.2d 59 (9th Cir. 1973) ........................................................................... 20

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ......................................................................... 18

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
  915 F.2d 1351 (9th Cir. 1990) ......................................................................... 8

*Teledyne Sci. & Imaging, LLC. v. Qioptiq Ltd.*,
  No. CV102341CASPLAX, 2010 WL 11598032 (C.D. Cal. July 19,
  2010) .............................................................................................................. 11

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Thomson Info. Servs. Inc. v. Brit. Telecomms., plc.*,
  940 F. Supp. 20 (D. Mass. 1996).................................................................12, 15

*Thornton v. BMW AG*,
  439 F.3d 1303 (N.D. Ala. 2020)..............................................................18

*Tomas v. BMW AG*,
  No. 5:17-cv-01664-AKK, 2018 WL 6181172 (N.D. Ala. Nov. 27,
  2018)...........................................................................................19

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006)..............................................................15

*United Tactical Sys. LLC v. Real Action Paintball, Inc.*,
  108 F. Supp. 3d 733 (N.D. Cal. 2015).....................................................12

*Walden v. Fiore*,
  571 U.S. 277, 284 (2014) .................................................................20

*Williams v. Yamaha Motor Corp., U.S.A.*,
  No CV1305066BROVBKX, 2015 WL 1362602 (C.D. Cal. Jan. 7,
  2015)...........................................................................................20

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) .......................................................................19

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
  901 F.3d 1081 (9th Cir. 2018).................................................................5

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

**I.    INTRODUCTION**

Plaintiff Topalsson GmbH ("Topalsson"), a German company, entered into a contract in 2019 with Defendant Rolls-Royce Motor Cars Ltd. ("RRMCL"), an English company, which provided that Topalsson would develop and implement visualization software for Roll-Royce vehicles, and broadly provided that "any dispute arising from[,] in connection with, or related to" the Agreement would be submitted to "the exclusive jurisdiction of the Courts of England and Wales" (the "Agreement").  The software that Topalsson delivered to RRMCL in Europe in 2020 did not function at all and was untimely, so RRMCL was forced to engage an existing supplier in Germany to develop and deliver a fallback software solution of its own to RRMCL in time for the 2020 launch of its new Ghost automobile.  RRMCL terminated the Agreement with Topalsson, and then Topalsson sued and RRMCL counterclaimed for breach of contract in England per the exclusive jurisdiction provision of the parties' Agreement.  Topalsson then sought permission from the English court to add copyright infringement and trade secret misappropriation-related "confidence" claims before the English trial of the contract claims, but decided not to bring those claims in England at that time.

The contract claims were tried in the English court last fall and are awaiting decision.  Now Topalsson has sued RRMCL, its German parent Bayerische Motoren Werke AG ("BMW AG"), its New Jersey-based affiliate Rolls-Royce Motor Cars North America, LLC ("RRNA"), and five California Rolls-Royce dealers of RRNA on claims that copyrighted software that Topalsson delivered to RRMCL in connection with the Agreement was infringed by RRMCL in Europe and thereafter by its co-defendants, and that the software contained trade secrets that RRMCL also misappropriated in Europe.

Topalsson's dispute in this case is clearly "arising from[,] in connection with, or related to" its Agreement with RRMCL, and should therefore be dismissed

because it is subject to the broad exclusive jurisdiction clause of Topalsson's Agreement with RRMCL.  Topalsson also has an adequate forum for its claims against all of the defendants in England, and all defendants have agreed to submit to the jurisdiction of the English courts to adjudicate Topalsson's claims.  Moreover, this Court lacks personal jurisdiction over RRMCL and BMW AG because these entities are not at home here and did nothing in California that would subject either of them to specific personal jurisdiction in California.

Whether Topalsson is having second thoughts after not bringing copyright and trade secret misappropriation-related claims in English court, or whether it is using this Court merely as a vehicle for seeking discovery or chancing its claims before a jury, Topalsson's claims do not belong in this Court and should be dismissed.

## II.    BACKGROUND

### A.    The Agreement

On October 11, 2019, England-based RRMCL entered into a Service Agreement in England with Topalsson GmbH, a German company, for Topalsson to supply certain visual configuration software to RRMC on a schedule which included the planned 2020 launch of RRMC's new Ghost automobile.  (Decl. of Dr. Timo Poser, ¶¶ 2, 6, 9, 19, 38, Exh. 1 (the "Agreement").)  Topalsson was represented by the English law firm, CMS, in the negotiation of the Agreement.  (Poser Decl. ¶ 10, Exhs. 3-4.)  The Agreement provides that "The Parties hereby submit any dispute arising from[,] in connection with, or related to this Agreement or its enforceability to the exclusive jurisdiction of the Courts of England and Wales." (Exh. 1, § 7, clause 44.4 at p. 58.)  The parties also agreed that the Agreement "shall be governed by the Applicable Law" (*id.* clause 44.1), which includes law enacted under English or Welsh law, by the European Union or by Regulators, but not US law. (*See id.* § 6, clause 1 at p. 15.)

The Agreement is "for the benefit of RRMCL and any relevant BMW Group Companies." (*Id*. § 7, clause 5.2 at p. 25.)  BMW AG and RRNA are relevant BMW Group Companies.  (*See id*. § 6, clause 1 at p. 15; Poser Decl. ¶¶ 12-14; Declaration of Jan-Hendrik Hoffmann ¶ 12; Declaration of Emma Butcher ¶¶ 4-11 (citing Poser Exh. 1 § 6, clause 1 and § 7, clause 5.2).)  The Agreement further provides that "[t]hose BMW Group companies that benefit from Services or Deliverables shall be entitled to enforce [Topalsson's] obligations under this Agreement."  (Exh. 1, § 7, clause 43.2.)  BMW AG and RRNA were to benefit from Services or Deliverables under the Agreement by receiving a license to use Topalsson's software during the term of the Agreement.  (*See* Poser Decl. ¶¶ 15-16; Hoffmann Decl. ¶ 13; Butcher Decl. ¶ 13 (citing Poser Exh. 1 at § 2, clause 5.3 and § 7, clause 24.1).)

The Agreement further contemplated that authorized dealers of Rolls-Royce automobiles would benefit from the Agreement. (*See* Poser Decl. ¶¶ 13, 14, 17.)

## B.    The English Forum

Topalsson alleges that software it created and copyrighted first in Germany was infringed by RRMCL and then by the other defendants, and that RRMCL misappropriated trade secrets that Topalsson disclosed to RRMCL in connection with the Agreement.   (*See* Compl. ¶¶ 8, 28-30, 51, 60, 77, Exhs. A-C.)

Both of the registered copyrights asserted by Topalsson were created by German authors and first published in Germany, not the US.  (*See* Compl. Exhs. A-B (identifying the "Author" Topalsson GmbH as "Domiciled in Germany"  and the "Nation of 1st Publication" as "Germany").)  Germany, the UK, and the US are members of the Berne Convention for the Protection of Literary and Artistic Works, under which each country must afford at least the minimum level of protection specified by the Convention.  (*See* Butcher Decl. ¶ 17; Berne Convention, Sept. 9, 1886t, as revised at Stockholm on July 14, 1967, Arts. 1, 5(1), 828 U.N.T.S. 221,

225, 231-33; World International Property Organization, Contracting Parties: Berne Convention, www.wipo.int/treaties (last visited May 16, 2023).)

English law respects, and provides remedies for infringement of, German copyrighted software.  (*See* Butcher Decl. ¶¶ 13, 16-18, 21.)  English law also offers remedies for trade secret misappropriation.  (*See id*. ¶¶ 13, 16, 19-21.)

All of the defendants have agreed to submit to the jurisdiction of English courts to adjudicate Topalsson's claims.  (Poser Decl. ¶¶ 25, 31; Hoffmann Decl. ¶¶ 14, 19; Declaration of Bill McHugh ¶¶ 15-16; Declarations of Keith Kassan ¶ 11; Declarations of Brian Beatt, Christopher Hough, and Roger See at ¶ 11.)

**C.    The English Litigation So Far**

The software that Topalsson delivered to RRMCL did not work and was untimely, so RRMCL engaged an existing supplier in Germany, Mackevision GmbH, to develop and deliver on a parallel track a fallback software solution so that RRMCL would have functioning software in time for the launch of the Ghost.  (Poser Decl. ¶¶ 9, 38-39.)   RRMCL terminated the Agreement, and then Topalsson sued and RRMCL counterclaimed for breach of the Agreement in England. (Poser Decl. ¶¶ 39-40.)

Topalsson sought permission from the English court to add copyright infringement and trade secret misappropriation-related "confidence" claims before the English trial of the contract claims, but decided not to bring those new claims in England at that time. (*See* Butcher Decl. ¶¶ 14-15, Exhs. 1-2.)

**III.   ARGUMENT**

**A.    Topalsson's Claims Against Rolls-Royce Motor Cars Ltd.
Should Be Dismissed On The Basis Of The Exclusive
Jurisdiction Clause In Their Underlying Agreement**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens."  *Atlantic Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013).  Federal law governs the

enforceability of a contractual forum-selection clause, *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988), and a district court "has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection," including "whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 426 (2007). Under controlling federal law, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Const.*, 571 U.S. at 63 (alterations omitted).  Indeed, Topalsson's choice to sue in California "merits no weight." *Id*.

"Rather, as the party defying the forum-selection clause, [Topalsson] bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*.  In addition, the Court "should not consider arguments about the parties' private interests."   *Id*. at 64.   "In short, 'only under extraordinary circumstances unrelated to the convenience of the parties' should a motion to enforce a forum-selection clause be denied." *Yei A.  Sun v.  Advanced China Healthcare, Inc.,* 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *Atl.  Marine Const*., 571 U.S.  at 62); *see also M/S Bremen v.  Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972) (holding that a forum-selection clause is controlling unless (1) the clause is invalid due to "fraud or overreaching," (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court").

Topalsson cannot meet its burden to demonstrate "why the [C]ourt should not transfer the case to the forum to which the parties agreed." *Atl. Marine Const*., 571 U.S. at 64.   The Agreement was negotiated at arm's length by sophisticated

companies represented by competent counsel.  (*See* Poser Decl. ¶ 10, Exhs. 2-4.) Those companies opted to include in the Agreement a mandatory forum-selection clause in which the parties agreed, quite reasonably, "to submit any dispute arising from[,] in connection with, or related to" the Agreement between the German software developer and the English purchaser "to the exclusive jurisdiction of the Courts of England and Wales." (*Id*. Exh. 1, § 7, clause 44.4.)  The parties also agreed that "[t]his Agreement shall be governed by the Applicable Law" (*id*. clause 44.1), which includes English law but not US law.  (*See id*. § 6, clause 1.)

Topalsson's dispute, including its claims that RRMCL infringed copyrighted material and misappropriated trade secrets that RRMCL allegedly obtained in connection with the Agreement, is clearly "arising from[,] in connection with, or related to" the Agreement.  Topalsson's claims as to what rights it has to what software that it delivered to RRMCL under the Agreement, whether and if so when rights in such software passed to RRMCL under the Agreement, and whether RRMCL unlawfully copied, appropriated or disseminated software or related trade secrets belonging to Topalsson under the Agreement, all "arise[] from, [are] connected to, or relate[] to" the Agreement and are therefore subject to its exclusive jurisdiction clause.  (*See* Poser Decl. ¶¶ 18-24.)

Forum selection clauses can be equally applicable to contractual and tort causes of action.  *See Manetti-Farrow*, 858 F.2d at 514 (citations omitted). Accordingly, courts have found that forum selection clauses apply to copyright infringement and trade secret misappropriation claims relating to the parties' agreement. *See, e.g.*, *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075 (E.D. Cal. 2019), *aff'd*, 818 F. App'x 694 (9th Cir. 2020) (copyright claim dismissed based on United Arab Emirates exclusive jurisdiction clause); *Graham Tech. Sols., Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427 (N.D. Cal. 1997) (copyright claim transferred to the Southern District of New York based on forum

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

selection clause)[1]; *Questrel, Inc. v. Merriam-Webster, Inc.*, No. SACV 10-1907 AG MLGX, 2011 WL 7637786 (C.D. Cal. Mar. 23, 2011) (copyright and trade secrets claims transferred to the District of Massachusetts based on forum selection clause); *Nulogy Corp. v. Menasha Packaging Co., LLC*, 590 F.Supp. 3d 1141 (N.D. Ill. 2022) (trade secret misappropriation claim dismissed based on Canadian exclusive jurisdiction clause).

The parties' decision to submit their disputes to adjudication in England was far from the product of "fraud or overreaching," and litigation in England will not "be so gravely difficult and inconvenient that [Topalsson] will be deprived of its day in court." *M/S Bremen*, 407 U.S. at 15. Nor would enforcement of the Agreement's forum-selection clause "contravene a strong public policy" of California. *Id*. On the contrary, California has no interest in an agreement between an English company and a German company that must be decided in England under English law. Thus, the Court should accept the parties' deliberate decision, enforce the clause, and dismiss RRMCL from this case under forum non conveniens. *Atl. Marine Const.*, 571 U.S. at 66.

**B.     The Court Should Dismiss Topalsson's Claims Against RRMCL's Co-Defendants Pursuant To The Agreement and Forum Non Conveniens**

The Court should dismiss Topalsson's claims against RRMCL's affiliates BMW AG and RRNA pursuant to the Agreement, and Topalsson's claims against the dealer co-defendants under forum non conveniens.

**1.     RRMCL's Affiliates BMW AG of Germany and RRNA of New Jersey**

"[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow*, 858 F.2d at 514

---

[1] "[B]ecause both §1404(a) and the forum non conveniens doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a non-federal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine Const., 571 U.S. at 61 (citations omitted).

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

n.5; *see also TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990) (enforcing a forum selection clause in favor of several defendants who were not signatories to the contract); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456-57 (9th Cir. 2007) (affirming district court dismissal of non-signatories based on foreign forum selection clause). In *Manetti-Farrow*, the Ninth Circuit affirmed enforcement of a forum selection clause in favor of non-parties to the clause where "the alleged conduct of the non-parties is so closely related to the contractual relationship that that forum selection clause applies to all defendants." 858 F.2d at 514 n.5. In such situations involving non-signatories, the Ninth Circuit has held that the plaintiff "has failed to rebut the presumption in favor of enforcing th[e] forum selection clause because it has not demonstrated that trial in the contractual forum will be so gravely difficult and inconvenient that it will for all practical purposes be deprived of its day in court." *TAAG Linhas Aereas de Angola*, 915 F.2d at 1355.

Here, Topalsson acknowledged in the Agreement that relevant BMW Group Companies were to benefit from the Agreement, and that those BMW Group Companies that were to benefit from Services and Deliverables under the Agreement shall be entitled to enforce Topalsson's obligations under the Agreement. (Poser Decl. Exh. 1, § 7, clause 5.2, and clause 43.2.) RRNA and BMW AG are relevant BMW Group Companies who were to benefit from the Agreement, and their alleged conduct is so closely related to the contractual relationship between RRMCL and Topalsson that the forum selection clause applies to them. (*See* Butcher Decl. ¶¶ 4-11; Poser Decl. ¶¶ 12-16; Hoffmann Decl. ¶¶ 11-13.) Topalsson's claims against RRNA and BMW AG should therefore be dismissed for the same reasons that Topalsson's claims against their affiliate RRMCL should be dismissed.

Case No. 2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

## 2.      The Downstream Dealer Co-Defendants

Topalsson's Agreement recognized that dealers of Rolls-Royce automobiles—which by definition includes the dealer co-defendants here--were also to benefit from the Agreement (*see* Poser Decl. ¶¶ 13, 17, Exhs. 1 and 5), and the question whether their use of the fallback software constituted downstream infringement of any Topalsson copyright is closely related to the Agreement and what Topalsson owned and was to provide under it.    Topalsson's claims of downstream copyright infringement against the dealer co-defendants should be dismissed for this reason alone.

Even if Topalsson had not recognized that the dealers would benefit from the Agreement, its downstream infringement claims against the dealer co-defendants should still be dismissed under a full forum non conveniens analysis.   The doctrine of forum non conveniens gives district courts the discretion to dismiss an action if it is more properly brought in a foreign jurisdiction.  *See Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948 (9th Cir. 2017).  Forum non conveniens requires courts to decide "whether defendants have made a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (internal quotations and citations omitted).  Dismissal is appropriate if the defendant establishes (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal.  *Ayco Farms*, 862 F.3d at 948 (cleaned up).

The private interest factors are: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy,

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

expeditious and inexpensive. *Id*. (quoting *Lueck v. Sundstrand Corp*., 236 F.3d 1137, 1145 (9th Cir. 2001)) (internal quotations omitted).

The public interest factors are: "(1) [the] local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) [the] burden on local courts and juries; (4) [the amount of] congestion in the court; and (5) the costs of resolving a dispute unrelated to [the] forum." *Id*. (quoting *Lueck*, 236 F.3d at 1147) (alterations in original)). "The district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each." *Lueck*, 236 F.3d at 1145. A court does not err by weighing the burdens and benefits of litigation in the foreign jurisdiction and the state in which the case was brought, rather than the United States as a whole. *See id*. at 949.

### a.      Topalsson Has An Adequate Forum In England

"The key determination is whether 'the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Creative Tech.,* 61 F.3d at 701 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (affirming dismissal of copyright infringement action). "An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum." *Dole Food*, 303 F.3d at 1114; *see also Piper*, 454 U.S. at 254 n.22; *Huthart v. News Corp.*, No.  CV1304253MWFAJWX, 2014 WL 12577175 (C.D. Cal. May 21, 2014) (as long as the U.S.  defendant is amenable to service in the U.K. forum and willing to sign a declaration to that effect, then the alternative forum in the U.K. is adequate). "A foreign forum is adequate when it provides the plaintiff with a sufficient remedy for his wrong." *Dole Food*, 303 F.3d at 1118; *Easy Spirit LLC v. DBS Bank Ltd*., CV 19-7290-GW-AFMx, 2019 WL 13133363, at *4 (C.D. Cal. Dec. 10, 2019)  (dismissing claims where Hong Kong forum was adequate).

"The forum non conveniens doctrine does not guarantee the plaintiff its choice of law, or even that United States law will be applied in the alternative forum."

*Creative Tech.*, 61 F.3d at 701 (citations omitted).  Dismissal may not be avoided solely on the basis that the law applicable in the foreign jurisdiction is less favorable to the plaintiff's chance of recovery.  *Piper Aircraft*, 454 U.S. at 250-55; *see also Harp v. Airblue Ltd.*, 879 F. Supp. 2d 1069, 1074 (C.D. Cal. 2012) ("Differences in discovery procedures do not provide a sufficient basis for finding an alternative forum to be inadequate.").  As the Ninth Circuit has explained, "[t]he effect of *Piper Aircraft* is that a foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's complained of wrong."  *Lueck*, 236 F.3d at 1144.  "[I]t is only in rare circumstances where the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory, that it is no remedy at all, that this requirement [of adequacy] is not met."  *Id.* at 1143.

Accordingly, the Ninth Circuit has dismissed copyright infringement claims because an adequate forum existed in a non-U.S. forum.  *See, e.g.*, *Creative Tech.*, 61 F.3d at 701-02, 704 (Singapore); *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991) (Japan).  Courts have likewise dismissed trade secret misappropriation claims because an adequate forum existed in a non-U.S. forum.  *See, e.g.*, *Serje v. Rappi, Inc.*, No. 19-CV-07415-VC, 2021 WL 2633536 (N.D. Cal. June 25, 2021), *appeal dismissed*, No. 21-16214, 2021 WL 4911978 (9th Cir. Oct. 6, 2021) (Colombia); *Innovation First Int'l, Inc. v. Zuru, Inc.*, 513 F. App'x 386 (5th Cir. 2013) (China); *EFCO Corp. v. Aluma Sys. USA, Inc.*, 268 F.3d 601 (8th Cir. 2001) (Canada).

English courts are capable of resolving this dispute and providing Plaintiff with a sufficient remedy.  Numerous courts, both in this Circuit and outside it, have recognized England to be an adequate alternative forum for copyright and trade secrets disputes.  *See, e.g.*, *Murray v. British Broad. Corp.*, 81 F.3d 287 (2d Cir. 1996) (England); *Teledyne Sci. & Imaging, LLC. v. Qioptiq Ltd.*, No. CV102341CASPLAX, 2010 WL 11598032 (C.D. Cal. July 19, 2010) ("England

Case No. 2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

provides an adequate alternative forum."); *Bundy v. Nirvana L.L.C.*, No. CV213621DSFMAAX, 2021 WL 5822127 (C.D. Cal. Oct. 21, 2021) (same, England); *Thomson Info. Servs. Inc. v. Brit. Telecomms., plc.*, 940 F. Supp. 20 (D. Mass. 1996) (same, England).

Here, England offers an adequate alternative forum for Topalsson's claims. RRMCL is the alleged initial infringer and the misappropriator (*see* Compl. ¶¶ 51, 60, 78), is within the jurisdiction of England, and is subject to service there.  (Poser Decl. ¶¶ 2, 25.)  Further, if dismissal under forum non conveniens is granted (and without waiving any requirement of formal service), all of the Defendants have agreed to submit to the jurisdiction of the English courts, once properly served, to adjudicate Topalsson's claims there.   *See* p. 4, *supra* (citing the Defendants' Declarations).  English law recognizes German copyrights and offers remedies for copyright infringement and trade secret misappropriation when proven. (*See* Butcher Decl. ¶¶ 13, 17-21.)  England would thus provide Topalsson with a sufficient remedy for its claims.  *See Creative Tech.*, 61 F.3d at 702 ("we are unable to conceive of a more effective means of protecting [plaintiff's] United States copyright interests than by shutting off the pipeline of infringing goods at its source").

### b.  The Alien Plaintiff's Choice of Forum Is Not Entitled to Substantial Deference

Normally, a "plaintiff's choice of forum should not be disturbed unless the balance is strongly in favor of the defendant." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983) (internal quotations and citation omitted).  "However, where the forum lacks any significant contact with the activities alleged in the complaint, [the] plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 751 (N.D. Cal. 2015) (internal citations omitted) (collecting cases).  Moreover, "the more it appears that the plaintiff's choice of a U.S. forum was

1  motivated by forum-shopping reasons . . . the less deference the plaintiff's choice of

2  forum commands." *Ayco Farms*, 862 F.3d 945 at 950.

3      No significant connection exists between the events alleged in Plaintiff's

4  Complaint and California. (*See* Poser Decl. ¶¶ 4, 32-41; Hoffmann Decl. ¶¶ 5, 7, 15-

5  23; McHugh Decl. ¶¶ 8-9, 13-14, 20; *see, e.g.*, See Decl. ¶ 6.) Topalsson is not a

6  resident of California or even the United States (*see* Compl. ¶ 8), and any connection

7  between California and the alleged facts of this case is attenuated at best. Even

8  assuming *arguendo* that Topalsson had never entered into the Agreement, any

9  deference to which its choice of forum would be entitled would be minimal.

10          **c.**    **The Private Interest Factors Favor Dismissal**

11          **i.**    **Residence of the Parties and Witnesses**

12      Neither Topalsson, nor RRMCL, nor RRNA, nor BMW AG resides in

13  California. (Poser Decl. ¶¶ 2-5, Hoffmann Decl. ¶¶ 3-9, McHugh Decl. ¶¶ 2-9.)

14  Topalsson is a German company with its principal place of business in Germany.

15  (Compl. ¶ 8.) RRNA is a Delaware limited liability company with its principal place

16  of business in Woodcliff Lake, New Jersey. (McHugh Decl. ¶ 2.) Thus, for purposes

17  of this lawsuit, RRMCL, BMW AG and RRNA are residents of England, Germany

18  and New Jersey, respectively. And while no witnesses for Topalsson, RRMCL,

19  BMW AG or RRNA reside in California, RRMCL's employees who will be called

20  to be witnesses are living and working in England and Germany. (*See* Poser Decl. ¶

21  27; Hoffmann Decl. ¶ 21; McHugh Decl. ¶ 8.) The Ninth Circuit has directed that

22  the Court "should evaluate the materiality and importance of the anticipated

23  [evidence and] witnesses' testimony and then determine[] their accessibility and

24  convenience to the forum." *Lueck*, 236 F.3d at 1146 (quoting *Gates Learjet Corp. v.

25  Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984)) (alterations in original).

26      Here, any relevant documents are in Europe, and the key software-related

27  activities and communications took place in Europe. (*See* Poser Decl. ¶¶ 32-37;

28

Case No. 2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Hoffmann Decl. ¶¶ 20-24.)  The material and important evidence and witnesses are overwhelmingly to be found in England.  This factor weighs in favor of England being the appropriate forum.

### ii.   Forum's Convenience to the Litigants

Again, there is no indication that any relevant and material witnesses or documents are located in California.  (*See* Poser Decl. ¶¶ 27-28; Hoffmann Decl. ¶¶ 21-22; McHugh Decl. ¶¶ 17-18.)  The Ninth Circuit has held that even "[t]he presence of American plaintiffs . . . is not in and of itself sufficient to bar a district court from dismissing a case on the ground of forum non conveniens." *Easy Spirit*, 2019 WL 13133363, at *6.  Either forum, California or England, will require travel by at least one party.  RRMCL resides in England, and BMW AG and Topalsson in Germany.  Therefore, this factor weighs in favor of the English forum as well.

### iii.   Access to Physical Evidence and Other Sources of Proof

The analysis of this factor is much the same as the two preceding it.  Any evidence that is relevant is located in England, and the employees involved in Defendants' decisions regarding software are located in England and Germany.  Therefore, this evidence weighs in favor of the English forum.

### iv.   Cost of Bringing Witnesses to Trial

Neither Topalsson nor RRMCL, RRNA or BMW AG resides in California; thus, with a forum in California, each of these parties would face the costs of flying witnesses to California and housing them there—for Plaintiff, from Germany, and for these Defendants, from England, Germany and New Jersey.  (Poser Decl. ¶¶ 27-30; Hoffmann Decl. ¶¶ 15-18; McHugh Decl. ¶ 19.)  If the action occurs in England's courts, then Topalsson will merely have to fly its witnesses to London, while RRMCL and BMW AG will likely face minimal costs to bring witnesses to trial.

Therefore, England would present lower costs of bringing witnesses to trial.  This factor weighs heavily in favor of the English forum.

### v.     Enforceability of the Judgment

All of the Defendants have agreed to submit to the jurisdiction of English courts to adjudicate Topalsson's claims.  *See* p. 4 *supra* (citing Declarations). Moreover, this Court lacks personal jurisdiction over RRMC and BMW AG, so a judgment of this Court against RRMC or BMW AG would not be enforceable.  (*See* pp. 18-22 *infra*.)  This factor favors the English forum.

### vi.     All Other Practical Problems

Topalsson alleges that a German third party (Mackevision) was involved in alleged copyright infringement or trade secret misappropriation, but such third parties cannot be impleaded due to lack of personal jurisdiction over them.  See Complaint ¶¶ 51, 60, 78; Poser Decl. ¶ 19; *Global Med. Sols., Ltd. v. Simon*, No. CV12-04686, 2013 WL 12371339, at *14-16 (C.D. Cal. Jan. 10, 2013).  This factor also favors the English forum.

In sum, the private interest factors weigh strongly in favor of the English forum.  The case has no connection with California, and the relevant documents are in Europe and decisions were made there.

### d.     The Public Interest Factors

### i.     Local Interest in the Lawsuit

This factor requires the Court to "ask only if there is an identifiable local interest in the controversy . . . ." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006).  A state may have a local interest in having a suit heard within its borders if some of the relevant events occurred in that state, or if one of the parties resides in that state.  *See, e.g.*, *Boston Telecomms*., 588 F.3d at 1209 (local interest existed in California when some of the alleged wrongdoing occurred in California); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1232 (9th Cir.

2011) (recognizing "California's significant interest in providing a forum for those harmed by the actions of its corporate citizens").  Here, California has very little, if any local interest in the controversy, as none of the material events relevant to the case occurred here and none of the main parties is a California resident.  This factor therefore weighs in favor of the English forum.

### ii.    Court's Familiarity with the Governing Law

Since the Agreement was signed in England and includes a choice-of-law provision designating English and Welsh law and not U.S. law as applicable law, English law should govern the case.  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182-83 (9th Cir. 2009) (applying English law when agreement is clear that English law should apply, parties are related to England, and does not violate California public policy); *see also Ayco Farms*, 862 F.3d at 951 (finding foreign law will likely apply to an agreement signed and expected to be executed in foreign country); *Creative Tech.*, 61 F.3d at 702 (finding application of foreign law inevitable in copyright case when scope of complaint implicates legality of infringing acts occurring in the foreign country).  Because English courts are indisputably more familiar with their own interpretations of the English law that governs the parties' Agreement than California courts are, this factor weighs in favor of the English forum.  *See e.g.*, *Ayco Farms*, 862 F.3d at 951 (finding this factor favors litigating in foreign forum because foreign law applies); *Copitas v. Fishing Vessel Alexandros*, 20 F. App'x 744, 747 (9th Cir. 2001) (finding application of foreign law favors dismissal of the case to the foreign court).

### iii.    Burden on Local Courts and Juries

The analysis of this factor is similar to that of the first public interest factor.  As described above, "California has an insufficient interest in the case to justify the significant burden on a California jury." *Ayco Farms*, 862 F.3d at 951.  This factor weighs in favor of forum in England.

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

#### iv.   Congestion in the Court

This factor "is afforded little weight in assessing the public interest factors." *In re Air Crash over the Taiwan Strait on May 25, 2002*, 331 F. Supp. 2d 1176, 1203 (C.D. Cal. 2004).  Nevertheless, while the Central District of California remains "one of the busiest districts in the country," *Easy Spirit*, 2019 WL 13133363, at *7 (citation omitted), English courts could adjudicate this case in comparable time.  (*See* Butcher Decl. ¶ 22.)  This factor weighs in favor of the English forum.

#### v.   Costs of Resolving a Dispute Unrelated to a Particular Forum

This factor is similar to the first and third public interest factors.  "Because the local interest in this lawsuit is low, the citizens of [California] should not be forced to bear the burden of this dispute." *Lueck*, 236 F.3d at 1147.  The final public interest factor thus weighs in favor of forum in England.

In sum, the public interest factors in this case also weigh strongly in favor of forum in England.  California does not have a significant local interest in this case, making it illogical for  a California court or jury to bear the burden of trying the case. And English courts' interpretation of the Agreement governs, making English courts better positioned than California courts to resolve the case.

Here, English courts provide an adequate alternative forum, and the private and public interest factors weigh strongly in favor of trial in England.  Therefore, the Court should grant Defendant's motion to dismiss pursuant to the doctrine of forum non conveniens.

#### C.   This Court Lacks Personal Jurisdiction Over RRMCL and BMW AG

On a motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).  Although

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

uncontroverted allegations are taken as true, the plaintiff "cannot simply rest on the bare allegations of its complaint." *Id*.  In other words, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

### 1.    No General Jurisdiction in California

"[O]nly a limited set of affiliations with a forum will render a defendant amenable" to general personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  In the case of a foreign corporation, those affiliations must render the defendant "essentially at home in the forum State." *Id*.  at 754 (internal quotations omitted).  "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler*, 571 U.S. at 137)

RRMCL and BMW AG are organized under the laws of, and have their principal places of business in, England and California, respectively, and they are otherwise far from home in California.  (*See* Poser Decl. ¶¶ 2-5; Hoffmann Decl. ¶¶ 3-9.)  There can be no general personal jurisdiction over RRMCL or BMW AG in California.

### 2.    No Specific Personal Jurisdiction in California

There is no specific personal jurisdiction over RRMCL or BMW AG because they do not have minimum contacts with California giving rise to the Complaint, they did not purposely avail themselves of California, and holding them to suit in California is unreasonable.[2]

---

[2] Many courts have held that BMW AG is not subject to general or specific personal jurisdiction in tort cases.  *See, e.g.*, *Thornton v. BMW AG*, 439 F. Supp. 3d 1303 (N.D. Ala. 2020); *Alexander v. BMW AG*, 7:18-cv-03065-DCC, 2020 WL 2098108 (D.S.C. May 1, 2020); *Fischer v. BMW of N. Am., LLC*, 376 F.Supp. 3d 1178 (D. Colo.); *Braman Motors, Inc. v. BMW of North Am., LLC*, No. 17-CV-

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

### a. Standards for Specific Personal Jurisdiction

"As has long been settled, . . . a state may exercise personal jurisdiction over a nonresident defendant only so long as their exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)). In addition, "the *suit* must arise out of or relate to those contacts. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (emphasis in original; internal alterations and quotations omitted). "In other words, there must be an affiliation between the forum and the underlying controversy . . . ." *Id.* The exercise of specific personal jurisdiction also "requires some  act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws . . . ." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (internal quotations omitted).

Once it has been decided that a defendant has minimum contacts with the forum, the suit arises out of those contacts, and the defendant has purposely availed itself of the forum, it must still be "determine[d] whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). "[T]he 'primary concern' is 'the burden on the defendant.'" *Bristol Myers Squibb*, 582 U.S. at 263 (quoting *World-Wide Volkswagen*, 444 U.S. at 292).[3]

---

23360, 2019 WL 7759096 (S.D. Fla. Sept. 30, 2019); *Johnson v. BMW AG*, 1:17-cv-02367-MHC, 2019 WL 13059932  (N.D. Ga. Nov. 22, 2019); *Tomas v. BMW AG*, No. 5:17-cv-01664-AKK, 2018 WL 6181172 (N.D. Ala. Nov. 27, 2018); *Brown v. BMW of N. Am., LLC*, 1:14-cv-00931-JMS-DML, 2016 WL 427517 (S.D. Ind. Feb. 4, 2016).

[3] Topalsson does not rely on FRCP 4(k)(2) in its Complaint, and there would be no basis for such assertion in any event.

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT  OF DEFENDANTS' MOTION TO DISMISS

1
2

         **b.**     **RRMCL and BMW AG Lack Minimum Contacts with California Giving Rise to the Complaint**

3

      Topalsson's claims against RRMCL and BMW AG arise out of an agreement

4

centered in England, between an English and a German company, for the delivery of

5

German software to RRMCL in Europe, with disputes to be resolved in England

6

under English law.  "In other words, there [is no] affiliation between the forum and

7

the underlying controversy," *Bristol Myers Squibb*, 582 U.S. at 263, and when there

8

is no connection between a defendant's contacts with the State and the underlying

9

controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's

10

unconnected activities in the State," *id.* at 1781; *see also Walden v. Fiore*, 571 U.S.

11

277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the

12

defendant's 'suit-related conduct must create a substantial connection with the forum

13

State." (emphasis added)).  Specific personal jurisdiction must be established based

14

on the defendant's contacts with the forum itself and not just its contacts with parties

15

residing in the forum.  *See In re Boon Glob. Ltd.*, 923 F.3d 643, 652-53 (9th Cir.

16

2019); *Walden*, 571 U.S. at 285.[4]

17

      Topalsson's claims against RRMCL and BMW AG arise out of the

18

Agreement, which is entirely centered in Europe, not California.  RRMCL's and

19

BMW AG's alleged Complaint-related conduct does not create a substantial

20

connection with California, *Walden*, 571 U.S. at 284, and Topalsson's claims against

21

RRMCL and BMW AG do not arise out of contacts by RRMCL or BMW AG with

22

California. *Bristol-Myers Squibb*, 582 U.S. at 262. Topalsson cannot meet its burden

23

to establish personal jurisdiction over RRMCL or BMW AG in the State.

24

25

26

27

28

---

[4] Car dealers are not agents of the manufacturer.  *See, e.g.*, *Stansifer v. Chrysler Motors Corp.*, 487 F.2d 59, 65-66 (9th Cir. 1973); *Williams v. Yamaha Motor Corp., U.S.A.*, No CV1305066BROVBKX, 2015 WL 1362602, at *6 (C.D. Cal. Jan. 7, 2015) (collecting cases); *Herremans v. BMW of N. Am.*, LLC, No. CV14-02363 MMM PJWX, 2014 WL 5017843, at *6 (C.D. Cal. Oct. 3, 2014).

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

1

2

### c. RRMCL and BMW AG Did Not Purposely Avail Themselves Of, Or Direct Their Alleged Activities To, The State

3

4

5

6

7

8

9

10

11

12

"[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposely directed toward the forum State." *Asahi Metal Ind. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). The Supreme Court's "precedents make clear that it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment." *Nicastro*, 564 U.S. at 883 (Kennedy, J.'s plurality opinion). A plaintiff does not show purposeful availment without "'something more', such as special state-related design, advertising, advice, marketing, or anything else" to support jurisdiction. *Id.* at 889 (Breyer, J.'s concurring opinion).

13

14

15

16

17

Like the defendant in *Asahi*, which supplied component parts that ended up in products in California, RRMCL and BMW AG do not do business in California, and have no office, agents, employees or property in California. 480 U.S. at 112. And as in *Asahi*, "[t]here is no evidence [RRMCL or BMW AG] designed [their] product in anticipation of sales in California" specifically. *Id*. at 113.

18

19

20

21

22

23

24

25

26

27

Like the defendant in *Nicastro*, which could not be held to suit in New Jersey because it did not target New Jersey (even though it did pursue the United States market generally), RRMCL and BMW AG did not target California or undertake "'something more,' such as special state-related design, advertising, advice, marketing, or anything else" that could support the exercise of specific jurisdiction in the State. 564 U.S. at 889 (Breyer, J.'s concurring opinion). On the contrary, RRMCL did nothing but make software available to RRNA (for further distribution to U.S. dealers) and to Rolls-Royce dealers around the rest of the world (and BMW AG did not even do that). (*See* McHugh Decl. ¶¶ 11-14; Poser Decl. ¶ 17.) That is not purposeful availment of California or anywhere else. If it were, every foreign

28

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS

entity that offered a product around the world would be purposely availing itself of every jurisdiction in the world.  As the Supreme Court has made clear, that is not the law.  *See Asahi*, 480 U.S. at 116.

### d.   Jurisdiction Over RRMCL and BMW AG in California Is Unreasonable

The exercise of jurisdiction over RRMCL and BMW AG does not "comport with fair play and substantial justice," *Burger King*, 471 U.S. at 476, especially considering that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field," *Asahi*, 480 U.S. at 115.

Finding jurisdiction over RRMCL and BMW AG here would contravene the "primary concern" in a reasonableness analysis—"the burden on the defendant"—as it would impose thousands of miles of travel on their witnesses and in-house counsel to take part in trial when Topalsson expressly contracted to undertake that process in England.  Moreover, the interests of the forum state in obtaining convenient and effective relief are not dampened by dismissing RRMCL and BMW AG.  Those interests can be satisfied by Topalsson actually adhering to the Agreement and submitting its dispute in England under English law as explicitly bargained for.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

Dated: May 24, 2023                    JONES DAY

By:   */s/ Jonathan McNeal Smith*
John Froemming
Jonathan McNeal Smith

Attorneys for the Defendants