1  Jonathan McNeal Smith (State Bar No. 292285)
   Email: JonathanSmith@jonesday.com
2  **JONES DAY**
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, California 90071
4  Telephone:  (213) 489-3939
   Facsimile:  (213) 243-2539
5

6  John Froemming (admitted pro hac vice)
   Email: JFroemming@jonesday.com
7  **JONES DAY**
   51 Louisiana Avenue NW
8  Washington, DC 20007
   Telephone:  (202) 879-3939
9  Facsimile:  (202) 626-1700

10 Attorneys for Defendants

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14                           WESTERN DIVISION

15

16 Topalsson GmbH,                         | **Case No. 2:23-CV-01823-WLH-PVCx**

17              Plaintiff,                 | **DECLARATION OF EMMA BUTCHER IN SUPPORT OF SPECIALLY APPEARING DEFENDANT ROLLS-ROYCE MOTOR CARS LIMITED'S MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS AND FOR LACK OF PERSONAL JURISDICTION**

18      v.

19 Bayerische Motoren Werke AG;
   Rolls-Royce Motor Cars Limited;
20 Rolls-Royce Motor Cars NA, LLC;
   O'Gara Coach Company, LLC;
21 Rusnak/Pasadena Corporation;
   indiGO European Motorcars, LLC;
22 Orange County British Motorcars;
   and
23 Westlake Coach Company, LLC,

              Defendants.

Date:       June 22, 2023
Time:       9:00 a.m.
Courtroom:  9B
Judge:      Hon. Wesley L. Hsu

24

25

26

27

I, EMMA BUTCHER, hereby declare:

1. I am a solicitor of the Senior Courts of England and Wales and a Partner of Clarkslegal LLP of 5th Floor, Thames Tower, Station Road, Reading RG1 1LX, United Kingdom. I make this declaration in support of specially appearing defendant Rolls-Royce Motor Cars Limited's ("RRMCL"'s) motion to dismiss on *forum non conveniens* grounds and for lack of personal jurisdiction. I know the facts stated herein to be true based on my personal knowledge, having represented RRMCL in its defence of the claim brought against it by Topalsson GmbH ("Topalsson") and in RRMCL's counterclaim against Topalsson in the English High Court. If called to testify as a witness, I could and would testify competently thereto.

**The Agreement Between Topalsson GmbH and RRMCL**

2. The Agreement between Topalsson GmbH and RRMCL provides that "The Parties hereby submit any dispute arising from[,] in connection with, or related to this Agreement or its enforceability to the exclusive jurisdiction of the Courts of England and Wales." (Clause 44.4 of Section 7 of the Agreement, which is Exhibit 1 to the Declaration of Dr. Timo Poser.)

3. The Agreement is expressly "for the benefit of RRMCL and any relevant BMW Group Companies." (*Id*. Section 7, clause 5.2.)

**BMW and RRNA Are Relevant BMW Group Companies**

4. "'BMW Group' means RRMCL and its Affiliates" and "Affiliate" means:

> "in relation to either Party, any subsidiary undertaking or holding undertaking of a Party or any subsidiary of such holding undertaking (where 'subsidiary undertaking' and 'holding undertaking' have the meanings given in section 1162 Companies Act 2006)." (*Id*. Section 6, clause 1.)

- 2 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN SUPPORT OF SPECIALLY APPEARING DEFENDANT ROLLS-ROYCE MOTOR CARS LIMITED'S MOTION TO DISMISS

5. Section 1162 of the Companies Act 2006[1] sets out the circumstances in which an undertaking will be considered a "parent undertaking" in relation to another, subsidiary undertaking. Section 1162(2) states as follows:

"An undertaking is a parent undertaking in relation to another undertaking, a subsidiary undertaking, if-

    (a) it holds a majority of the voting rights in the undertaking".

6. Further:

    a. Pursuant to section 1162(3)(a), for the purpose of subsection (2), an undertaking shall be treated as a member of another undertaking if any of its subsidiary undertakings is a member of that undertaking; and

    b. Pursuant to section 1162(5), a parent undertaking shall be treated as the parent undertaking of undertakings in relation to which any of its subsidiary undertakings are parent undertakings.

7. Section 1159 of the Companies Act 2006[2] sets out the definition of a "subsidiary" and its holding undertaking. Section 1159(1) states as follows:

"A company is a subsidiary of another company, its "holding company", if that other company –

    (a) holds a majority of the voting rights in it

…

or if it is a subsidiary of a company that is itself a subsidiary of that other company."

---

[1] https://www.legislation.gov.uk/ukpga/2006/46/section/1162
[2] https://www.legislation.gov.uk/ukpga/2006/46/section/1159

- 3 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN
SUPPORT OF SPECIALLY APPEARING
DEFENDANT ROLLS-ROYCE MOTOR CARS
LIMITED'S MOTION TO DISMISS

8. Further, section 1159(2) states that a company is a "wholly-owned subsidiary" of another company if it has no members except that other and that other's wholly-owned subsidiaries.

9. BMW AG is the ultimate beneficial owner of RRMCL, as it owns 100% of the shares and voting rights in RRMCL (via three holding companies, BMW Intec Beteiligungs GmbH, BMW Holding B.V. and BMW (UK) Holdings Limited). For the purpose of section 1162, BMW AG is therefore considered a member of RRMCL pursuant to section 1162(3)(a), and satisfies the definition of both RRMCL's parent undertaking and holding undertaking in accordance with section 1162(2)(a) and section 1159(1).

10. Similarly, BMW AG is the ultimate beneficial owner of RRNA, as it owns 100% of the shares and voting rights in RRNA (via four holding companies, BMW Intec Beteiligungs GmbH, BMW Beteiligungs GmbH & Co. KG, BMW International Holding B.V. and BMW (US) Holding Corp). It too therefore satisfies the definition of RRNA's parent undertaking in accordance with section 1162 and holding undertaking in accordance with section 1159.

11. BMW AG and RRNA therefore fall within the definition of "BMW Group" because BMW AG is both a "parent undertaking" and a "holding undertaking" of RRMCL, and RRNA is a "subsidiary undertaking" of BMW AG in accordance with sections 1159 and 1162 of the UK Companies Act of 2006.

**Adequacy of a Forum in England**

12. Clause 44.1 of section 7, and Section 6 of the Agreement collectively and pertinently provide that the Agreement shall be governed by the law of England and Wales. Self-evidently, the English court and its judiciary are more familiar

- 4 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN
SUPPORT OF SPECIALLY APPEARING
DEFENDANT ROLLS-ROYCE MOTOR CARS
LIMITED'S MOTION TO DISMISS

1   with the law of England and Wales and more experienced in its application than the
2   courts of any other country could be.

3       13.    A specialist division of the High Court of England and Wales, known
4   as the Intellectual Property List of the Chancery Division, exists for the resolution
5   of claims concerning intellectual property, including copyright infringement and
6   trade secret misappropriation claims. It hears only cases concerning intellectual
7   property, and a specialist procedure applies to such claims.  (See Part 63 of the
8   Civil Procedure Rules which can be found here:
9   https://www.justice.gov.uk/courts/procedure-rules/civil/rules/part63)

10      14.    At a hearing which took place in July 2022, prior to the trial of
11  Topalsson's contract claim against RRMCL in the High Court of England and
12  Wales, Topalsson sought an adjournment of the upcoming trial (which was listed to
13  take place over five weeks from October to November 2022) in order that it could
14  amend its claim to introduce breach of copyright and breach of confidence claims.
15  Specifically, Topalsson requested to introduce claims in respect of RRMCL's
16  alleged sharing of Topalsson Deliverables and Topalsson Confidential Information
17  with Mackevision GmbH (a third party German limited liability company with its
18  principal place of business in Germany) (see paragraphs 36.2 and 40-42 of
19  Topalsson's skeleton argument for the hearing on 29 July 2022, a copy of which is
20  attached as Exhibit 1). The Court made an order on 29 July 2022 that if Topalsson
21  wanted to pursue its intended application to adjourn the trial date and/or amend its
22  Particulars of Claim within the English proceedings to add such copyright and
23  confidence breach claims, it should do so by 12 August 2022 (see paragraph 10 of
24  the Order of Veronique Buerhlen QC (sitting as a Deputy High Court Judge) dated
25  29 July 2022, a copy of which is attached as Exhibit 2).

- 5 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN
SUPPORT OF SPECIALLY APPEARING
DEFENDANT ROLLS-ROYCE MOTOR CARS
LIMITED'S MOTION TO DISMISS

15. Despite being granted this time, Topalsson did not in fact make any such application, and its alleged claims for breach of confidence and breach of copyright were not tried by the English court at the trial of the claim which took place from October to November 2022 (although one of RRMCL's witnesses, Mr Jan-Hendrik Hoffmann, gave evidence (*i.e.*, testified) at trial on the issue of what data and material had been shared with Mackevision).

16. Nonetheless, Topalsson would still have an adequate forum in England for its copyright infringement and trade secret misappropriation claims. The Court's order of 29 July 2022 imposing a time limit on Topalsson to make any application to adjourn the trial date and/or amend its Particulars of Claim was made to prevent an application by Topalsson from disrupting the trial of its claim and RRMCL's counterclaim. The order does not bar Topalsson from pursuing a claim in the courts of England and Wales in relation to allegations of copyright infringement or misappropriation of trade secrets, and this course of action remains open to it, subject to any available defences of RRMCL and any other defendants.

17. Copyright law in England and Wales is principally governed by the Copyright Designs and Patents Act 1988[3] ("CDPA"). The UK is also party to a number of international treaties and agreements dealing with copyright protection, including the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), to which the United States and Germany are also party. The Berne Convention extends English law copyright protection to copyright works which originate in other contracting states. Topalsson's software, which originated in Germany, would therefore be afforded the same level of protection under English law as copyright works originating in England and Wales.

---

[3] https://www.legislation.gov.uk/ukpga/1988/48/contents

- 6 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN
SUPPORT OF SPECIALLY APPEARING
DEFENDANT ROLLS-ROYCE MOTOR CARS
LIMITED'S MOTION TO DISMISS

18. In summary, the elements of a copyright infringement claim under CDPA are as follows:

    a. A primary act of copyright infringement occurs where a person, without the consent or licence of the copyright owner, copies (or distributes, rents, lends, performs, shows or adapts) the whole or a substantial part of a copyright work. Software is a literary work which attracts copyright protection (section 3(1) CDPA).

    b. A primary act of copyright infringement is a strict liability tort – it is not necessary to show any knowledge or intention in order for a defendant to be found liable.

    c. Secondary acts of copyright infringement can also occur where a person deals with an infringing copy in a variety of ways (for example, imports it into the UK, sells or distributes it) with the knowledge or belief that it is an infringing copy.

19. The protection of trade secrets in England and Wales is governed generally by the common law of confidence and also by the Trade Secrets (Enforcement, etc) Regulations 2018[4] (the "Trade Secrets Regulations"). Under the common law of confidentiality, trade secrets which have the necessary quality of confidence and have been imparted in circumstances imposing an obligation of confidence are protected from unauthorised use or disclosure by a third party[5].

20. Under Regulation 2 of the Trade Secrets Regulations, trade secrets are defined as secrets which (i) are not generally known among, or readily accessible to, persons within the circles who normally deal with that kind of information; (ii) have commercial value because they are secret; and (iii) have been subject to reasonable steps to keep them secret by the person lawfully in control of them.

---

[4] https://www.legislation.gov.uk/uksi/2018/597/made
[5] See for example Coco v AN Clark (Engineers) Ltd [1968] FSR 415

- 7 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN
SUPPORT OF SPECIALLY APPEARING
DEFENDANT ROLLS-ROYCE MOTOR CARS
LIMITED'S MOTION TO DISMISS

Regulation 3(1) of the Trade Secrets Regulations provides that trade secrets which meet this test are protected from acquisition, use or disclosure where such acquisition, disclosure or use constitutes a breach of confidence.

21. If Topalsson were to (i) bring claims for breach of copyright and/or misappropriation of trade secrets under either or both the common law confidentiality regime or the Trade Secrets Regulations before the English High Court; and (ii) such claims were to be successful, the remedies available to the Court include: injunctions restraining copyright infringement and/or trade secret misappropriation (pursuant to the court's inherent equitable jurisdiction and/or pursuant to Regulation 14 of the Trade Secrets Regulations); destruction or delivery up of infringing goods; orders for the payment of damages or an account of profits (pursuant to sections 96-100 of the CDPA and/or pursuant to Regulation 17 of the Trade Secrets Regulations); and publicity orders (pursuant to paragraph 26.2 of Practice Direction 63 of the Civil Procedure Rules[6]).

22. I am not aware of any published statistics detailing the average length of time taken for a claim in the Intellectual Property List to progress from issue to trial, and this will depend on many factors including the complexity of the claim and the length of the trial required. However, in my general experience from 12 years of practice I would expect a trial to be listed between 18 and 24 months after issue. This is consistent with the latest lead time information available for the Chancery Division, which provides that as at today's date, trials of more than 10 days in duration are being fixed for October 2024 onwards.

---

[6] https://www.justice.gov.uk/courts/procedure-rules/civil/rules/part63/pd_part63#IV

- 8 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN
SUPPORT OF SPECIALLY APPEARING
DEFENDANT ROLLS-ROYCE MOTOR CARS
LIMITED'S MOTION TO DISMISS

1  I declare under the penalty of perjury and under the laws of the United States
2  of America that the foregoing is true and correct and that I signed this declaration
3  on May 23, 2023 in Reading, England.

_____
EMMA BUTCHER

- 9 -

Case No. 2:23-CV-01823-WLH-PVCx
DECLARATION OF EMMA BUTCHER IN SUPPORT OF SPECIALLY APPEARING DEFENDANT ROLLS-ROYCE MOTOR CARS LIMITED'S MOTION TO DISMISS