| | |
|---|---|
| 1 | Jonathan McNeal Smith (State Bar No. 292285) |
| 2 | Email: JonathanSmith@jonesday.com<br>**JONES DAY** |
| 3 | 555 South Flower Street<br>Fiftieth Floor |
| 4 | Los Angeles, California 90071<br>Telephone:  (213) 489-3939 |
| 5 | Facsimile:   (213) 243-2539 |
| 6 | John Froemming (admitted pro hac vice)<br>Email: JFroemming@jonesday.com |
| 7 | **JONES DAY**<br>51 Louisiana Avenue NW |
| 8 | Washington, DC 20007<br>Telephone:  (202) 879-3939 |
| 9 | Facsimile:   (202) 626-1700 |
| 10 | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Topalsson GmbH, | **Case No. 2:23-CV-01823-WLH** |
| Plaintiff, | **DECLARATION OF JAN-HENDRIK HOFFMANN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT BAYERISCHE MOTOREN WERKE AG'S MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS AND FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| Bayerische Motoren Werke AG;<br>Rolls-Royce Motor Cars Limited;<br>Rolls-Royce Motor Cars NA, LLC;<br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGO European Motorcars, LLC;<br>Orange County British Motorcars;<br>and<br>Westlake Coach Company, LLC, | |
| | Date:        June 22, 2023<br>Time:        9:00 a.m.<br>Courtroom: 9B<br>Judge:       Hon. Wesley L. Hsu |
| Defendants. | |

I, Jan-Hendrik Hoffmann, hereby declare:

1. I am employed by the specially appearing defendant Bayerische Motoren Werke ("BMW AG") and make this declaration in support of BMW AG's motion to dismiss on *forum non conveniens* grounds and for lack of personal jurisdiction. I know the facts stated herein to be true based on my personal knowledge. If called to testify as a witness, I could and would testify competently thereto.

2. Despite being a BMW AG employee, I have been working exclusively for Rolls-Royce Motor Cars Limited ("RRMCL") as a manager in RRMCL's Process Management and Integration Team from October 2013 through the present. My time and work are 100% charged to and paid by RRMCL, and I report to RRMCL's Management in the UK. Between October 2013 and November 2017, all of my work for RRMCL was performed in the UK and I lived in the UK. From 2017 to the present, my work on behalf of RRMCL has at all times been performed in Germany and the UK.

**BMW AG Is Not At Home In California Or The United States**

3. BMW AG is a German automobile, motorcycle and engine manufacturing company and is incorporated under the laws of the Federal Republic of Germany with its headquarters in Munich, Germany.

4. BMW AG is an "Aktiengesellschaft", which is a publicly traded German stock company.

5. BMW AG does not do business in California or, for that matter, the United States. Further, BMW AG:

    a. is not incorporated or licensed to do business in California or the United States;

- 2 -

Case No. 2:23-CV-01823-WLH
DECLARATION OF JAN-HENDRIK HOFFMANN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT BAYERISCHE MOTOREN WERKE'S MOTION TO DISMISS

     b.    has no office, agents, employees, or property in California or the United States;

     c.    does not have an agent for service of process in California or the United States;

     d.    does not design or manufacture products in California or the United States;

     e.    does not maintain a sales force or distribute its vehicles to dealers or customers in California or the United States;

     f.    does not advertise or otherwise solicit business in California or the United States; and

     g.    does not pay taxes in California.

6.    Rather, an indirect subsidiary of BMW AG, BMW of North America, LLC ("BMW NA") based in New Jersey, acts as its exclusive importer and distributor of BMW and MINI passenger cars in the United States. BMW NA is a Delaware limited liability company. BMW AG does not directly own any BMW NA shares. BMW AG is a distinct legal entity that is separated from BMW NA by four intermediary entities. Specifically, BMW NA is a subsidiary of BMW (US) Holding Corp. which in turn is a subsidiary of BMW International Holding B.V., a Dutch business entity, which in turn is a subsidiary of BMW Beteiligungs GmbH & Co. KG, a Germany business entity, which in turn is a subsidiary of BMW INTEC Beteiligungs GmbH, a German business entity, which in turn is a subsidiary of BMW AG, a German business entity.

7.    BMW AG does not control the distribution of BMW or MINI vehicles in the California or the United States. Once BMW NA purchases a BMW or MINI

- 3 -

Case No. 2:23-CV-01823-WLH
DECLARATION OF JAN-HENDRIK HOFFMANN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT BAYERISCHE MOTOREN WERKE'S MOTION TO DISMISS

vehicle from BMW AG in Germany, BMW AG no longer has any ownership or control over the subject vehicle.

8. An indirect subsidiary of BMW AG, Rolls-Royce Motor Cars NA, LLC ("RRNA") also based in New Jersey, acts as the exclusive importer and distributor of Rolls-Royce automobiles in the United States. Such vehicles are sold to RRNA by Rolls-Royce Motor Cars GmbH ("RR GmbH") in Germany and such vehicles were manufactured in the United Kingdom by RRMCL, another indirect subsidiary of BMW AG. RRNA is a limited liability company formed under the laws of the State of Delaware. BMW AG does not directly own any RRNA shares. BMW AG is a separate legal entity that is separated from RRNA by four intermediary entities. RRNA is a subsidiary of BMW (US) Holding Corp. which in turn is a subsidiary of BMW International Holding B.V., a Dutch business entity, which in turn is a subsidiary of BMW Beteiligungs GmbH & Co. KG, a Germany business entity, which in turn is a subsidiary of BMW INTEC Beteiligungs GmbH, a German business entity, which in turn is a subsidiary of BMW AG, a German business entity.

9. BMW AG is therefore not the manufacturer of Rolls-Royce vehicles and is not involved in the distribution in California or in the United States of Rolls-Royce vehicles, which are manufactured by the RRMCL in the UK, and then sold by RR GmbH in Germany to RRNA for distribution in the United States.

**Adequacy of a Forum in England**

10. The Plaintiff was in a supplier relationship with RRMCL under a contract called "Service Agreement for the supply of Future Configurator Landscape" (the "Agreement"). The contract contains an exclusive jurisdiction clause which provides that "The Parties hereby submit any dispute arising from or in connection with or related to this Agreement or its enforceability to the exclusive jurisdiction of the

- 4 -

Case No. 2:23-CV-01823-WLH
DECLARATION OF JAN-HENDRIK
HOFFMANN IN SUPPORT OF SPECIALLY
APPEARING DEFENDANT BAYERISCHE
MOTOREN WERKE'S MOTION TO
DISMISS

1 Courts of England and Wales." (See Exhibit 1 to the Declaration of RRMCL's Timo Poser (referred to hereafter as the "Agreement"), Clause 44.4 of Section 7).

11. The Agreement is expressly "for the benefit of RRMC and any relevant BMW Group Companies." (*Id.* Section 7, clause 5.2.) "'BMW Group' means RRMC and its Affiliates". BMW AG is an Affiliate of RRMCL.

12. BMW AG is a relevant BMW Group Company for purposes of Section 7, clause 5.2. BMW AG generally provides IT, design and engineering services to RRMCL. BMW AG was also specifically involved in the delivery of the project through the provision of IT resources. BMW AG was specified in the tender document called "TE_4427 Invitation to Tender: Future Configurator Landscape" dated May 21, 2019 (see Declaration of RRMCL's Timo Poser, Exhibit 5, referred to hereafter as "ITT") which was incorporated into the Agreement. The ITT includes a number of references to BMW AG, for example:

    a. The general tasks outlined in the ITT required Topalsson to run a project office which coordinated with various stakeholders, which expressly included BMW AG. (See ITT, clause 6.2, Task F on pages 20, which states: "Project Office: Due to the large variety of delivery packages within the project and strong need for co-ordination with other sub-projects and components as well as the different stakeholders at RRMC, BMW, suppliers and sub-contractors as well as existing suppliers for existing systems and interfaces a strong project management and governance office is needed.", as well as on page 21, in which the service provider was required to "co-ordinate activities with

- 5 -

           all parties, i.e. RRMC, BMW, sub-contractors, 3rd party suppliers.")

      b. The ITT specified that deliverables where to be made available to BMW, see ITT page 23, clause 6.3.2 which specified that "If front end test are performed manually, the documented implementation is to be made available to RRMC and BMW" and "Test environments for all newly introduced systems must be provided and connected to the RRMC and BMW systems by the service provider".

      c. ITT, page 51, section 7.3 states that the service provider will be "responsible to handle any issues with central BMW IT."

13. The Agreement further provides that "[t]hose BMW group companies that benefit from Services or Deliverables shall be entitled to enforce [Topalsson's] obligations under this Agreement." (Agreement Section 7, clause 43.). The Agreement granted to the whole of the BMW Group (which includes BMW AG) a global license to use Topalsson's software (i.e., the "Supplier Software" and the "Licensed Software"). (See *id*. Section 2, clause 5.3; Section 7, clause 24.1.) As a licensee of Topalsson under that Agreement, BMW AG thus was to benefit from the rights of use it was granted for such software.

14. Although BMW AG has no business or activities in England and Wales, and without waiving any requirement of proper service, BMW AG once properly served would not object to appear and to submit to the jurisdiction of English courts to adjudicate Topalsson's claims in this case.

15. BMW AG's witnesses reside in Germany, and none of its witnesses reside in the United States.

- 6 -

Case No. 2:23-CV-01823-WLH
DECLARATION OF JAN-HENDRIK HOFFMANN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT BAYERISCHE MOTOREN WERKE'S MOTION TO DISMISS

16. Litigating Topalsson's claims in California rather than England would be very inconvenient and burdensome to BMW AG, due to distance involved in any travel required, as well as the very substantial time difference. England is only one hour behind the local time in Germany and business can be conducted very easily within the same business hours, but California is nine hours behind the local time in Germany. A typical working day with California courts or local counsel starting at 9 am (for example) would already be 6 pm in Germany and at the end of typical business hours.

17. The cost of bringing witnesses from Germany to trial in California would be substantial.

18. BMW AG keeps its documents, physical evidence, and other sources of proof in Germany. It has, and keeps, no such material in the United States.

19. BMW AG would not object to the enforceability in the United States of any judgment from an English court on Topalsson's claims in this case, after any and all appeals were exhausted.

**BMW AG's Lack of Contacts To California And The United States Relating to Topalsson's Copyright Infringement Claim Against BMW AG**

20. BMW AG had no communications with Topalsson or the back-up supplier (Mackevision GmbH) in California or the United States.

21. BMW AG has no witnesses for its defenses to Topalsson's claims in this case who reside in California or the United States.

22. BMW AG has no documents about Topalsson, the software at issue, or the fallback software supplier in California or the United States.

23. Contrary to what Topalsson alleged "on information and belief" in paragraph 19 of its Complaint, BMW AG has not directed the creation of visualization

- 7 -

Case No. 2:23-CV-01823-WLH
DECLARATION OF JAN-HENDRIK
HOFFMANN IN SUPPORT OF SPECIALLY
APPEARING DEFENDANT BAYERISCHE
MOTOREN WERKE'S MOTION TO
DISMISS

1  software (whether "infringing" or otherwise) to be distributed to, used or displayed to
2  the public by any Rolls-Royce dealerships in this District, in California, or in the
3  United States.
4     24.  No development of any other replacement software to what Topalsson
5  was to provide, took place in California or the United States.

- 8 -

Case No. 2:23-CV-01823-WLH
DECLARATION OF JAN-HENDRIK
HOFFMANN IN SUPPORT OF SPECIALLY
APPEARING DEFENDANT BAYERISCHE
MOTOREN WERKE'S MOTION TO
DISMISS

I declare under the penalty of perjury and under the laws of the United States of America that the foregoing is true and correct and that I signed this declaration on May 23, 2023 in Munich, Germany.

Jan-Hendrik Hoffmann

- 9 -

Case No. 2:23-CV-01823-WLH
DECLARATION OF JAN-HENDRIK
HOFFMANN IN SUPPORT OF SPECIALLY
APPEARING DEFENDANT BAYERISCHE
MOTOREN WERKE'S MOTION TO
DISMISS