Jonathan McNeal Smith (State Bar No. 292285)
Email: JonathanSmith@jonesday.com
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

John Froemming (admitted pro hac vice)
Email: JFroemming@jonesday.com
**JONES DAY**
51 Louisiana Avenue NW
Washington, DC 20007
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

Attorneys for the Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Topalsson GmbH,<br><br>                    Plaintiff,<br><br>        v.<br><br>Bayerische Motoren Werke AG;<br>Rolls-Royce Motor Cars NA, LLC;<br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGO European Motorcars, LLC;<br>Orange County British Motorcars;<br>and<br>Westlake Coach Company, LLC,<br><br>                    Defendants. | Case No.  2:23-CV-01823-WLH-PVCx<br><br>**SPECIALLY APPEARING DEFENDANT BAYERISCHE MOTOREN WERKE AG'S, AND THE OTHER DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT ON FORUM NON CONVENIENS GROUNDS, AND FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:          August 18, 2023<br>Time:          1:00 p.m.<br>Courtroom:  9B<br>Judge:         Hon. Wesley L. Hsu |

## <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ................................................................................ 1

II. BACKGROUND .............................................................................. 3

    A. The Agreement ..................................................................... 3

    B. The English Forum ............................................................... 4

    C. The English Litigation So Far .............................................. 5

III. ARGUMENT .................................................................................. 5

    A. Topalsson's Claim Against BMW and RRNA Should Be Dismissed On The Basis Of The ECJ In The Underlying Agreement ............................................................................. 5

    B. The Court Should Dismiss Topalsson's Claims Against  The Downstream Rolls-Royce Dealer Co-Defendants Pursuant To The Agreement and Forum Non Conveniens ................................... 10

    C. This Court Lacks Personal Jurisdiction Over BMW .......... 18

        1. No General Jurisdiction in California ............................. 18

        2. No Specific Personal Jurisdiction in California or the US ....... 19

IV. CONCLUSION ............................................................................. 23

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

- i -

## TABLE OF AUTHORITIES

**Page**

CASES

*Alexander v. BMW*,
7:18-cv-03065-DCC, 2020 WL 2098108 (D.S.C. May 1, 2020)...................... 19

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ........................................................................... 20

*Asahi Metal Ind. Co. v. Superior Court*,
480 U.S. 102 (1987) ..................................................................................21, 22

*Atl. Marine Constr. Co. v. U.S. Dist. Ct.*,
571 U.S. 49 (2013) ..................................................................................passim

*Ayco Farms, Inc. v. Ochoa*,
862 F.3d 945 (9th Cir. 2017)........................................................10, 11, 16, 17

*BNSF Ry. Co. v. Tyrrell*,
581 U.S. 402 (2017) .......................................................................................... 18

*Braman Motors, Inc. v. BMW of North Am., LLC*,
No. 17-CV-23360, 2019 WL 7759096 (S.D. Fla. Sept. 30, 2019) ................... 19

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017) .................................................................................... 19, 20

*Brown v. BMW of N. Am., LLC*,
1:14-cv-00931-JMS-DML, 2016 WL 427517 (S.D. Ind. Feb. 4,
2016)................................................................................................................... 19

*Bundy v. Nirvana L.L.C.*,
No. CV213621DSFMAAX, 2021 WL 5822127 (C.D. Cal. Oct. 21,
2021)................................................................................................................... 12

- i -

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ..................................................................... 20, 22

*Carijano v. Occidental Petroleum Corp.*,
   643 F.3d 1216 (9th Cir. 2011) ............................................................ 16

*Cheng v. Boeing Co.*,
   708 F.2d 1406 (9th Cir. 1983) ............................................................ 13

*Color Switch LLC v. Fortafy Games DMCC*,
   377 F. Supp. 3d 1075 (E.D. Cal. 2019), *aff'd*, 818 F. App'x 694 (9th
   Cir. 2020) ............................................................................................. 8

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*,
   61 F.3d 696 (9th Cir. 1995) ........................................................passim

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ........................................................................... 18

*Dole Food Co. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) ...................................................... 10, 11

*Easy Spirit LLC v. DBS Bank Ltd.*,
   CV 19-7290-GW-AFMx, 2019 WL 13133363 (C.D. Cal. Dec. 10,
   2019) ...................................................................................... 11, 15, 17

*Fischer v. BMW of N. Am., LLC*,
   376 F.Supp. 3d 1178 (D. Colo. Mar. 10, 2020) ................................ 19

*Global Med. Sols., Ltd. v. Simon*,
   No. CV12-04686, 2013 WL 12371339 (C.D. Cal. Jan. 10, 2013) ..... 15

*Graham Tech. Sols., Inc. v. Thinking Pictures, Inc.*,
   949 F. Supp. 1427 (N.D. Cal. 1997) ................................................... 8

*Hatfield v. Halifax PLC*,
   564 F.3d 1177 (9th Cir. 2009) ............................................................ 16

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Herremans v. BMW of N. Am.,*
　　LLC, No. CV14-02363 MMM ........................................................... 20

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.,*
　　485 F.3d 450 (9th Cir. 2007) ....................................................... 9, 19

*Huthart v. News Corp.,*
　　No. CV1304253MWFAJWX, 2014 WL 12577175 (C.D. Cal. May
　　21, 2014) ...................................................................................... 11

*In re Air Crash over the Taiwan Strait on May 25, 2002,*
　　331 F. Supp. 2d 1176 (C.D. Cal. 2004) ............................................ 17

*In re Boon Glob. Ltd.,*
　　923 F.3d 643 (9th Cir. 2019) ......................................................... 20

*J. McIntyre Mach., Ltd. v. Nicastro,*
　　564 U.S. 873 (2011) ................................................................ 19, 21

*Johnson v. BMW,*
　　1:17-cv-02367-MHC, 2019 WL 13059932 (N.D. Ga. Nov. 22,
　　2019) ........................................................................................... 19

*Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.,*
　　No. CV107902PSGJEMX, 2011 WL 13217669 (C.D. Cal. Jan. 12,
　　2011) ........................................................................................... 22

*Lockman Found. v. Evangelical Alliance Mission,*
　　930 F.2d 764 (9th Cir. 1991) ......................................................... 12

*Lueck v. Sundstrand Corp.,*
　　236 F.3d 1137 (9th Cir. 2001) ....................................... 11, 12, 14, 17

*M/S Bremen v. Zapata Off-Shore Co.,*
　　407 U.S. 1 (1972) ........................................................................ 6, 9

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
 858 F.2d 509 (9th Cir. 1988) ............................................................. 6, 8, 9

*Murphy v. Schneider Nat'l, Inc.*,
 362 F.3d 1133 (9th Cir. 2004) ................................................................ 6

*Murray v. British Broad. Corp.*,
 81 F.3d 287 (2d Cir. 1996) .................................................................... 12

*PennyMac Loan Servs., LLC v. Black Knight, Inc.*,
 No. 219CV09526RGKJEM, 2020 WL 5985492 (C.D. Cal. Feb. 13,
 2020) ....................................................................................................... 9

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981) ......................................................................... 11, 12

*Questrel, Inc. v. Merriam-Webster, Inc.*,
 No. SACV 10-1907 ................................................................................. 8

*Ranza v. Nike, Inc.*,
 793 F.3d 1059 (9th Cir. 2015) .............................................................. 16

*Schwarzenegger v. Fred Martin Motor Co.*,
 374 F.3d 797 (9th Cir. 2004) ................................................................ 18

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
 549 U.S. 422 (2007) ............................................................................... 6

*Skapa Holdings, LLC v. Seitz*,
 21-15298, 2022 WL 94716 (9th Cir. Jan. 10, 2022) ............................ 20

*SSL Americas, Inc. v. Mizuho Medy Co.*,
 358 F. App'x 839 (9th Cir. 2009) ........................................................ 22

*Stansifer v. Chrysler Motors Corp.*,
 487 F.2d 59 (9th Cir. 1973) .................................................................. 20

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

- iv -

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) .................................................................. 18

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
 915 F.2d 1351 (9th Cir. 1990) ............................................................. 8, 9

*Teledyne Sci. & Imaging, LLC. v. Qioptiq Ltd.*,
 No. CV102341CASPLAX, 2010 WL 11598032 (C.D. Cal. July 19,
 2010) .......................................................................................................... 12

*Thomson Info. Servs. Inc. v. Brit. Telecomms., plc.*,
 940 F. Supp. 20 (D. Mass. 1996) ........................................................... 12

*Thornton v. BMW*,
 439 F. Supp. 3d 1303 (N.D. Ala. 2020) ............................................... 19

*Tomas v. BMW*,
 No. 5:17-cv-01664-AKK, 2018 WL 6181172 (N.D. Ala. Nov. 27,
 2018) .......................................................................................................... 19

*Tuazon v. R.J. Reynolds Tobacco Co.*,
 433 F.3d 1163 (9th Cir. 2006) ............................................................... 16

*United Tactical Sys. LLC v. Real Action Paintball, Inc.*,
 108 F. Supp. 3d 733 (N.D. Cal. 2015) .................................................. 13

*Walden v. Fiore*,
 571 U.S. 277 (2014) ................................................................................. 20

*Williams v. Yamaha Motor Corp., U.S.A.*,
 No CV1305066BROVBKX, 2015 WL 1362602 (C.D. Cal. Jan. 7,
 2015) .......................................................................................................... 20

*World-Wide Volkswagen Corp. v. Woodson*,
 444 U.S. 286 (1980) ................................................................................. 19

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

- v -

*Yamashita v. LG Chem, Ltd.*,
    62 F.4th 496 (9th Cir. 2023) ................................................................. 22

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) ............................................................... 6

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiff Topalsson GmbH ("Topalsson"), a German company, entered into a contract in 2019 with Rolls-Royce Motor Cars Ltd. ("RRMCL"), an English company, which provided that Topalsson would develop and implement visualization software for Roll-Royce vehicles, and broadly provided that "any dispute arising from[,] in connection with, or related to" the Agreement would be submitted to "the exclusive jurisdiction of the Courts of England and Wales." (the "Agreement")  The software that Topalsson delivered to RRMCL in Europe in 2020 did not function and was untimely, so RRMCL was forced to engage an existing supplier in Germany to develop and deliver a fallback software solution of its own to RRMCL in time for the 2020 launch of its new Ghost automobile.   RRMCL terminated the Agreement with Topalsson, Topalsson sued, and RRMCL counterclaimed for breach of contract in England per the exclusive jurisdiction provision of the parties' Agreement.  Topalsson then sought permission from the English court to add copyright infringement and other claims before the English trial of the contract claims, but decided not to bring those claims in England at that time.

The contract claims were tried in the English court last fall and are awaiting decision.  Then Topalsson initiated this action by suing RRMCL, its German parent Bayerische Motoren Werke AG ("BMW"), its New Jersey-based affiliate Rolls-Royce Motor Cars North America, LLC ("RRNA"), and five California Rolls-Royce dealers of RRNA on claims that copyrighted software Topalsson delivered to RRMCL in connection with the Agreement was infringed by RRMCL in Europe and thereafter by its co-defendants.  On May 24, 2023 the defendants moved to dismiss Topalsson's Complaint under the broad exclusive jurisdiction clause ("ECJ") of the Agreement because Topalsson's dispute in this case is clearly "arising from[,] in connection with, or related to" the Agreement.

- 1 -

Rather than oppose Defendants' motion, Topalsson filed its First Amended Complaint ("FAC") on June 14, 2023 under FRCP 15(a)(1)(B) dropping RRMCL as a co-defendant, deleting references to RRMCL as the party that purchased and initially disseminated the alleged software at issue, and otherwise attempting to draft around the Agreement.  Topalsson's redrafting does not save its case from dismissal under the broad ECJ of the Agreement, however, as its dispute is still "arising from[,] in connection with, or related to" the Agreement under which RRMCL obtained the alleged software in the first place.  Resolution of Topalsson's claims requires interpretation of the Agreement because it outlines ownership and use of the intellectual property in question.  It is also well established Ninth Circuit law that claims against non-signatories to an agreement containing such an ECJ should be dismissed where, as here, the alleged conduct of the non-signatories is closely related to the contractual relationship.  Moreover, the Agreement was explicitly "for the benefit of any relevant BMW Group Companies" including remaining defendants BMW and RRNA, who are entitled to enforce the ECJ of the Agreement.  Furthermore, Topalsson still has an adequate forum in England for its copyright infringement claim against all of the defendants because they all have agreed to submit to the jurisdiction of the English courts to adjudicate this claim.

Finally, this Court also lacks personal jurisdiction over BMW because it is not at home here and did nothing in California or the U.S. that would subject it to specific personal jurisdiction here.

Whether Topalsson is having second thoughts after not bringing copyright claims in English court, or it is using this Court merely as a vehicle for seeking discovery or chancing its claims before a jury, Topalsson's dispute does not belong in this Court and its case should be dismissed.

## II.   BACKGROUND

### A.   The Agreement

On October 11, 2019, Topalsson entered into a Service Agreement with RRMCL in England for Topalsson to supply certain visual configuration software to RRMCL on a schedule which included the planned 2020 launch of RRMCL's new Ghost automobile.  (Decl. of Dr. Timo Poser, ¶¶ 8, 11, Exh. 2 (the "Agreement").)  Topalsson was represented by the English law firm, CMS, in the negotiation of the Agreement.  (Poser Decl. ¶ 12, Exhs. 4-5.)  The Agreement provides that "The Parties hereby submit any dispute arising from[,] in connection with, or related to this Agreement or its enforceability to the exclusive jurisdiction of the Courts of England and Wales."  (Poser Exh. 2, p 58, § 7, clause 44.4.)  The parties also agreed that the Agreement "shall be governed by the Applicable Law" (*id*. clause 44.1), which includes law enacted under English or Welsh law, by the European Union or by Regulators, but not US law.  (*See id*. p. 15 § 6, clause 1.)

The Agreement is "for the benefit of RRMCL and any relevant BMW Group Companies" (*id*. p. 25 § 7, clause 5.2.), which includes BMW and RRNA.  (*See id*. § 6, clause 1 at p. 15; Poser Decl. ¶¶ 14-16 (citations omitted); Declaration of Emma Butcher ¶¶ 3-11 (citing Poser Exh. 2 § 6, clause 1 and § 7, clause 5.2); Declaration of Jan-Hendrik Hoffmann ¶¶ 13-14.)  The Agreement further provides that "[t]hose BMW Group companies that benefit" from services or deliverables under it "shall be entitled to enforce [Topalsson's] obligations under this Agreement."  (Poser Exh. 2, Section 7, clause 4.3.)  BMW and RRNA were to benefit under the Agreement by receiving (among other things) a global license to use Topalsson's software during the term of the Agreement in connection with the design of Rolls-Royce model vehicles.  (*See* Poser Decl. ¶¶ 15 (noting Exh. 6 was incorporated by reference into

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

- 3 -

the Agreement), 17-20 (citing Agreement, Section 2, clauses 5, 5.1-.5.3); Hoffmann Decl. ¶ 15.)

The Agreement further contemplated that authorized dealers of Rolls-Royce automobiles would benefit from the Agreement. (*See* Poser Decl. ¶¶ 21(citing Poser Decl. Exh. 6).)

**B.     The English Forum**

Topalsson alleges that it was hired to use software that it had created and copyrighted first in Germany to create a modern digital configurator for RRMCL, and that it delivered portions of its software to RRMCL in late 2019.   (*See* FAC ¶¶ 4, 5, 34-36, 46-48, and Exhs. A-C.)   Topalsson alleges that its software was then provided to BMW, RRNA, and the Rolls-Royce dealer defendants without authorization.   (FAC ¶¶ 4, 38, 46, 51, 54, 60.)

The registered copyrights asserted by Topalsson were created by German authors and first published in Germany, not the US. (*See* FAC Exhs. A-B (identifying the "Author" Topalsson as "Domiciled in Germany" and the "Nation of 1st Publication" as "Germany").)   Germany, the UK, and the US are members of the Berne Convention for the Protection of Literary and Artistic Works, under which each country must afford at least the minimum level of protection specified by the Convention.  (*See* Butcher Decl. ¶ 20; Berne Convention, Sept. 9, 1886t, as revised at Stockholm on July 14, 1967, Arts. 1, 5(1), 828 U.N.T.S. 221, 225, 231-33; World International Property Organization, Contracting Parties: Berne Convention, www.wipo.int/treaties (last visited May 16, 2023).)

English law respects, and provides remedies for infringement of, German copyrighted software.  (*See* Butcher Decl. ¶¶ 16, 20-22.)

All of the defendants have agreed to submit to the jurisdiction of English courts to adjudicate Topalsson's claims.  (Hoffmann Decl. ¶¶ 16, 21; Declaration of Bill

McHugh ¶¶ 23-24; Declarations of Keith Kassan ¶ 11; Declarations of Brian Beatt, Christopher Hough, and Roger See at ¶ 11; Poser Decl. ¶¶ 45, 53.)

### C.     The English Litigation So Far

The software that Topalsson delivered to RRMCL did not work and was untimely, so RRMCL engaged an existing supplier in Germany, Mackevision GmbH, to develop and deliver on a parallel track a fallback software solution so that RRMCL would have functioning software in time for the launch of the Ghost.  (Poser Decl. ¶¶ 22, 36-40, 44; Hoffmann Decl. ¶¶ 31, 37.)   RRMCL terminated the Agreement, and then Topalsson sued and RRMCL counterclaimed for breach of the Agreement in England. (Poser Decl. ¶¶ 41, 43.)

Topalsson sought permission from the English court to add copyright infringement and other claims before the English trial of the contract claims, but decided not to bring those new claims in England at that time. (*See* Butcher Decl. ¶¶ 17-19, Exhs. 4-5.)

The co-defendant California Rolls-Royce dealers have no knowledge or information as to the validity, license, or infringement issues relating to the challenged software that RRMCL supplied them, and would have to rely on RRMCL witnesses and documents to defend Topalsson's downstream infringement claims against them. (Kassan, Beatt, Hough and See Decls. ¶¶ 5-6.)  This information is in Europe. (Poser Decl. ¶¶ 47-48, 50, 60-61.)

## III.  ARGUMENT

### A.     Topalsson's Claim Against BMW and RRNA Should Be Dismissed On The Basis Of The ECJ In The Underlying Agreement

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013).  Federal law governs the

enforceability of a contractual forum-selection clause ("FSC"), *Manetti-Farrow, Inc. v. Gucci Am., Inc*., 858 F.2d 509, 513 (9th Cir. 1988).  A district court "has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection," including "whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 426 (2007). Under controlling federal law, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  *Atl. Marine Const.*, 571 U.S. at 63 (alterations omitted).  Indeed, Topalsson's choice to sue in California "merits no weight." *Id*.

"Rather, as the party defying the forum-selection clause, [Topalsson] bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*.  Additionally, the Court "should not consider arguments about the parties' private interests."  *Id*. at 64.  Additionally, a court resolving a motion to enforce a FSC need not accept the allegations of the complaint as true and may consider facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc*., 362 F.3d 1133, 1137 (9th Cir. 2004).  "In short, 'only under extraordinary circumstances unrelated to the convenience of the parties' should a motion to enforce a forum-selection clause be denied." *Yei A.  Sun v.  Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *Atl. Marine Const*., 571 U.S.  at 62); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (holding that a FSC is controlling unless (1) the clause is invalid due to "fraud or overreaching," (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court").

Topalsson cannot meet its burden to demonstrate "why the [C]ourt should not transfer the case to the forum to which the parties agreed." *Atl. Marine Const.*, 571 U.S. at 64.   The Agreement was negotiated at arm's length by sophisticated companies represented by competent counsel.  (*See* Poser Decl. ¶ 12, Exhs. 3-5.)  Those companies opted to include in the Agreement a mandatory FSC in which the parties agreed, quite reasonably, "to submit any dispute arising from[,] in connection with, or related to" the Agreement between the German software developer and the English purchaser "to the exclusive jurisdiction of the Courts of England and Wales." (*Id.* Exh. 2, § 7, clause 44.4.)[1]  The Agreement is "for the benefit of RRMCL and any relevant BMW Group Companies" (*id*. p. 25, § 7, clause 5.2), which include BMW and RRNA.   (*See id*. p. 15 § 6, clause 1; Poser Decl. ¶¶ 14-16; Butcher Decl. ¶¶ 3-11 (citing Poser Exh. 1 § 6, clause 1 and § 7, clause 5); Hoffmann Decl. ¶ 13-14;.)  Additionally, both BMW and RRNA were to benefit from the Agreement and may enforce the Agreement including the ECJ directly.  (*See* Poser Decl. ¶¶ 15 (citing Agreement, Section 7, clause 4.3; Section 2, clauses 5, 5.1-.5.3), 17-20; Hoffmann Decl. ¶ 15),

Topalsson's dispute, including its claims that BMW and the remaining defendants infringed copyrighted material is clearly "arising from[,] in connection with, or related to" the Agreement.  Topalsson's claims as to what rights it has to what software Topalsson delivered to RRMCL under the Agreement, whether and if so when rights in such software passed to RRMCL or to other BMW Group companies like BMW and RRNA under the Agreement, and whether RRMCL unlawfully disseminated (to BMW or other defendants) software belonging to Topalsson under the Agreement, all "arise[] from, [are] connected to, or relate[] to"

---

[1] The parties also agreed that "[t]his Agreement shall be governed by the Applicable Law" (*id*. clause 44.1), which includes English law but not US law. (*See id*. § 6, clause 1.)

the Agreement and are therefore subject to its ECJ.  (*See* Poser Decl. ¶¶ 23-25.)  For example, Topalsson alleges infringement of copyright in real-time generation of "images and videos" of display "features" and "views" of Rolls-Royce vehicles (FAC ¶¶ 3, 12, 13), but the Agreement expressly provides that "current available 3D master models, soft party modelling and technical content models" for various Rolls-Royce models was from RRMCL.  (Poser Exh. 6, p. 45; *see* Butcher Decl. ¶ 13(e) and Exh. 6.)  Interpretation of the Agreement is required to identify the line between digital images belonging to RRMCL, and any protectable software owned by Topalsson to display such images. (*See* Poser Decl. ¶¶ 6, 26-28 and Exh. 1; Hoffmann Decl. ¶¶ 33-34.)

Forum selection clauses can be equally applicable to contractual and tort causes of action.  *See Manetti-Farrow*, 858 F.2d at 514 (citations omitted). Accordingly, courts have found that FSCs apply to copyright infringement claims relating to an underlying agreement.  *See, e.g.*, *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075 (E.D. Cal. 2019), *aff'd*, 818 F. App'x 694 (9th Cir. 2020) (copyright claim dismissed based on UAE ECJ); *Graham Tech. Sols., Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427 (N.D. Cal. 1997) (copyright claim transferred based on FSC)[2]; *Questrel, Inc. v. Merriam-Webster, Inc.*, No. SACV 10-1907 AG MLGX, 2011 WL 7637786 (C.D. Cal. Mar. 23, 2011) (copyright claims transferred based on FSC).

"[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow*, 858 F.2d at 514 n.5; *see also TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d

---

[2] "[B]ecause both §1404(a) and the forum non conveniens doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a non-federal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine Const.*, 571 U.S. at 61 (citations omitted).

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1351, 1354 (9th Cir. 1990) (enforcing FSC in favor of several defendants who were not signatories to the contract); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456-57 (9th Cir. 2007) (affirming district court dismissal of non-signatories based on foreign FSC).  In *Manetti-Farrow*, the Ninth Circuit affirmed enforcement of a FSC in favor of non-parties to the clause where "the alleged conduct of the non-parties is so closely related to the contractual relationship that that forum selection clause applies to all defendants."  858 F.2d at 514 n.5.  In such situations involving non-signatories, the Ninth Circuit has held that the plaintiff "has failed to rebut the presumption in favor of enforcing th[e] forum selection clause because it has not demonstrated that trial in the contractual forum will be so gravely difficult and inconvenient that it will for all practical purposes be deprived of its day in court."  *TAAG*, 915 F.2d at 1355.  Accordingly, this Court has dismissed litigation based on an ECJ of a contract with an entity that was not sued, where (as here) the named defendants would not have had a relationship with the plaintiff but-for the agreement with the non-party.  *See PennyMac Loan Servs., LLC v. Black Knight, Inc.*, No. 219CV09526RGKJEM, 2020 WL 5985492 at *4 (C.D. Cal. Feb. 13, 2020).

The parties' decision to submit their disputes to adjudication in England was far from the product of "fraud or overreaching," and litigation in England will not "be so gravely difficult and inconvenient that [Topalsson] will be deprived of its day in court."  *M/S Bremen*, 407 U.S. at 15.  Nor would enforcement of the Agreement's FSC "contravene a strong public policy" of California.  *Id*.  Rather, California has no interest in an agreement between an English company and a German company that must be adjudicated in England under English law.  Thus, the Court should accept the contracting parties' deliberate decision, enforce the EJC, and dismiss BMW and RRNA from this case under forum non conveniens.  *Atl. Marine Const.*, 571 U.S. at 66.

1

2        **B.    The Court Should Dismiss Topalsson's Claims Against**

3              **The Downstream Rolls-Royce Dealer Co-Defendants**
              **Pursuant To The Agreement and Forum Non Conveniens**

4              Topalsson's Agreement recognized that dealers of Rolls-Royce automobiles—

5        which includes the dealer co-defendants here—were also to benefit from the

6        Agreement (*see* Poser Decl. ¶¶ 21, Exhs. 2 and 6), and the question whether their use

7        of the fallback software constituted downstream infringement of any Topalsson

8        copyright is closely related to the Agreement and what Topalsson owned and was to

9        provide under it.  Topalsson's claims of downstream copyright infringement against

10       the dealer co-defendants should be dismissed for this reason alone.

11             Even if Topalsson had not recognized that the dealers would benefit from the

12       Agreement, its infringement claims against the dealer co-defendants should still be

13       dismissed under a full forum non conveniens analysis.  The doctrine of forum non

14       conveniens gives district courts the discretion to dismiss an action if it is more

15       properly brought in a foreign jurisdiction.  *See Ayco Farms, Inc. v. Ochoa*, 862 F.3d

16       945, 948 (9th Cir. 2017).  Forum non conveniens requires courts to decide "whether

17       defendants have made a clear showing of facts which establish such oppression and

18       vexation of a defendant as to be out of proportion to plaintiff's convenience, which

19       may be shown to be slight or nonexistent."  *Dole Food Co. v. Watts*, 303 F.3d 1104,

20       1118 (9th Cir. 2002) (internal quotations and citations omitted).   Dismissal is

21       appropriate if the defendant establishes (1) the existence of an adequate alternative

22       forum, and (2) that the balance of private and public interest factors favors dismissal.

23       *Ayco Farms*, 862 F.3d at 948.

24             The private interest factors are: (1) the residence of the parties and the

25       witnesses; (2) the forum's convenience to the litigants; (3) access to physical

26       evidence and other sources of proof; (4) whether unwilling witnesses can be

27

28

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (quoting *Lueck v. Sundstrand Corp*., 236 F.3d 1137, 1145 (9th Cir. 2001)) (internal quotations omitted).

The public interest factors are: "(1) [the] local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) [the] burden on local courts and juries; (4) [the amount of] congestion in the court; and (5) the costs of resolving a dispute unrelated to [the] forum." *Id*. (quoting *Lueck*, 236 F.3d at 1147) (alterations in original)). "The district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each." *Lueck*, 236 F.3d at 1145. A court does not err by weighing the burdens and benefits of litigation in the foreign jurisdiction and the state in which the case was brought, rather than the US as a whole. *See id*. at 949.

### a. Topalsson Has An Adequate Forum In England

"The key determination is whether 'the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (affirming dismissal of copyright infringement action). "An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum." *Dole Food*, 303 F.3d at 1114; *see also Piper*, 454 U.S. at 254 n.22; *Huthart v. News Corp.*, No. CV1304253MWFAJWX, 2014 WL 12577175 (C.D. Cal. May 21, 2014) (alternative forum in the U.K. is adequate when the U.S. defendant is amenable to service in the U.K. forum and willing to sign a declaration to that effect, ). "A foreign forum is adequate when it provides the plaintiff with a sufficient remedy for his wrong." *Dole Food*, 303 F.3d at 1118; *Easy Spirit LLC v. DBS Bank Ltd*., CV 19-7290-GW-AFMx,

2019 WL 13133363, at *4 (C.D. Cal. Dec. 10, 2019) (dismissing claims where Hong Kong forum was adequate).

"The forum non conveniens doctrine does not guarantee the plaintiff its choice of law, or even that United States law will be applied in the alternative forum." *Creative Tech*., 61 F.3d at 701 (citations omitted). Dismissal may not be avoided solely on the basis that the law applicable in the foreign jurisdiction is less favorable to the plaintiff's chance of recovery. *Piper Aircraft*, 454 U.S. at 250-55. "The effect of *Piper Aircraft* is that a foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's complained of wrong." *Lueck*, 236 F.3d at 1144. "[I]t is only in rare circumstances where the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory, that it is no remedy at all, that this requirement [of adequacy] is not met." *Id*. at 1143.

Accordingly, the Ninth Circuit has dismissed copyright infringement claims because an adequate forum existed in a non-U.S. forum. *See, e.g.*, *Creative Tech., 61 F.3d at 701-02, 704 (Singapore); Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991) (Japan).

English courts are capable of resolving this dispute and providing Plaintiff with a sufficient remedy. Numerous courts have recognized England to be an adequate alternative forum for copyright disputes. *See, e.g.*, *Murray v. British Broad. Corp*., 81 F.3d 287 (2d Cir. 1996) (England); *Teledyne Sci. & Imaging, LLC. v. Qioptiq Ltd.*, No. CV102341CASPLAX, 2010 WL 11598032 (C.D. Cal. July 19, 2010) ("England provides an adequate alternative forum."); *Bundy v. Nirvana L.L.C.*, No. CV213621DSFMAAX, 2021 WL 5822127 (C.D. Cal. Oct. 21, 2021) (same); *Thomson Info. Servs. Inc. v. Brit. Telecomms., plc.*, 940 F. Supp. 20 (D. Mass. 1996) (same).

Here, England offers an adequate alternative forum for Topalsson's claims. RRMCL was the purchaser, first recipient, and the alleged first publisher (to BMW and others) of the software (*see* FAC ¶¶ 4, 5, 46, 51), is within English jurisdiction, and is subject to service there.  (Poser Decl. ¶¶ 2, 45, 53.)  Further, if dismissal under forum non conveniens is granted (and without waiving any requirement of formal service), all of the Defendants have agreed to submit to the jurisdiction of the English courts, once properly served, to adjudicate Topalsson's claims there.  *See* pp. 4-5, *supra* (citing the Defendants' Declarations).   English law recognizes German copyrights and offers remedies for copyright infringement. (*See* Butcher Decl. ¶¶ 16, 20-22.)   England would thus provide Topalsson with a sufficient remedy for its claims.  *See Creative Tech*., 61 F.3d at 702 ("we are unable to conceive of a more effective means of protecting [plaintiff's] United States copyright interests than by shutting off the pipeline of infringing goods at its source").

### b.     The Alien Plaintiff's Choice of Forum Is Not Entitled to Substantial Deference

Normally, a "plaintiff's choice of forum should not be disturbed unless the balance is strongly in favor of the defendant." *Cheng v. Boeing Co*., 708 F.2d 1406, 1410 (9th Cir. 1983) (internal quotations and citation omitted).  "However, where the forum lacks any significant contact with the activities alleged in the complaint, [the] plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." *United Tactical Sys. LLC v. Real Action Paintball, Inc*., 108 F. Supp. 3d 733, 751 (N.D. Cal. 2015) (internal citations omitted) (collecting cases).

No significant connection exists between the events alleged in the FAC and California. (*See* Poser Decl. ¶¶ 47-48, 32-41 50, 56-62; Hoffmann Decl. ¶¶ 17, 20, 22-26; McHugh Decl. ¶¶ 20-22; *see, e.g.*, See Decl. ¶ 6.) Topalsson is not a resident of California or even the US (*see* FAC ¶ 15), and any connection between California and the alleged facts of this case is attenuated at best.  Even assuming *arguendo* that

Topalsson had never entered into the Agreement, any deference to which its choice of forum would be entitled would be minimal.

### c.     The Private Interest Factors Favor Dismissal

#### i.     Residence of the Parties and Witnesses

The Court "should evaluate the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine[] their accessibility and convenience to the forum." *Lueck*, 236 F.3d at 1146 (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984)) (alterations in original).  Neither Topalsson, nor RRMCL, nor BMW, nor RRNA resides in California.  (Poser Decl. ¶ 2, Hoffmann Decl. ¶ 5, McHugh Decl. ¶¶ 2.)  Topalsson is a German company with its principal place of business in Germany.  (FAC ¶ 8.)  RRNA is a Delaware limited liability company with its principal place of business in New Jersey. (McHugh Decl. ¶ 2.)  Thus, for purposes of this lawsuit, RRMCL, BMW and RRNA are residents of England, Germany and New Jersey, respectively.   And while no witnesses for Topalsson, RRMCL, BMW or RRNA reside in California, RRMCL's employees who will be called to be witnesses to defend the claims against the Defendants are living and working in England and Germany.  (*See* Poser Decl. ¶¶ 1, 47; Hoffmann Decl. ¶¶ 2, 17; McHugh Decl. ¶¶ 8, 22.)  All or nearly all relevant documents are in Europe, and the key software-related activities and communications took place in Europe.  (*See* Poser Decl. ¶¶ 48, 50, 56-62; Hoffmann Decl. ¶¶ 20-26.)  This factor weighs in favor of England being the appropriate forum.

#### ii.     Forum's Convenience to the Litigants

Again, there is no indication that any relevant and material witnesses or documents are located in California.  (*See* Poser Decl. ¶¶ 47-48; Hoffmann Decl. ¶¶ 17, 20; McHugh Decl. ¶¶ 8, 20, 22.)  The Ninth Circuit has held that even "[t]he presence of American plaintiffs . . . is not in and of itself sufficient to bar a district

court from dismissing a case on the ground of forum non conveniens." *Easy Spirit*, 2019 WL 13133363, at *6. This factor weighs in favor of the English forum.

### iii.    Access to Physical Evidence and Other Sources of Proof

The analysis of this factor is much the same as the two preceding it. The material sources of proof are located in England and Germany. This evidence weighs in favor of the English forum.

### iv.    Cost of Bringing Witnesses to Trial

Neither Topalsson's nor RRMCL's, RRNA's or BMW's witnesses reside in California. With a forum in California, each of these entities would face the costs of bringing witnesses to California—for Plaintiff, from Germany, and for these Defendants, from England, Germany and New Jersey. (Poser Decl. ¶¶ 49; Hoffmann Decl. ¶¶ 17-18; McHugh Decl. ¶ 27.) If the claims are adjudicated in English court, then Topalsson will merely have to fly its witnesses to London, while RRMCL and BMW will likely face minimal costs to bring witnesses to trial. Therefore, England would present lower costs of bringing witnesses to trial. This factor weighs heavily in favor of the English forum.

### v.    Enforceability of the Judgment

All of the Defendants have agreed to submit to the jurisdiction of English courts to adjudicate Topalsson's claims. *See* pp. 4-5 *supra* (citing Declarations). Moreover, this Court lacks personal jurisdiction over BMW, so a judgment of this Court against BMW would not be enforceable. (*See* pp. 18-23 *infra*.) This factor favors the English forum.

### vi.    All Other Practical Problems

Topalsson alleges that a German third party (Mackevision) was involved in alleged copyright infringement, but such third parties cannot be impleaded due to lack of personal jurisdiction over them. *See* FAC ¶¶ 5, 60**;** Poser Decl. ¶ 22; *Global*

*Med. Sols., Ltd. v. Simon*, No. CV12-04686, 2013 WL 12371339, at *14-16 (C.D. Cal. Jan. 10, 2013).  This factor also favors the English forum.

In sum, the private interest factors weigh strongly in favor of the English forum.  The case has no material connection with California, and the material witnesses and documents are in England and Germany.

### d.  The Public Interest Factors

### i.  Local Interest in the Lawsuit

This factor requires the Court to "ask only if there is an identifiable local interest in the controversy . . . ." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006).  A state may have a local interest in having a suit heard within its borders if some of the relevant events occurred in that state, or if one of the parties resides in that state.  *See, e.g.*, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1078-79 (9th Cir. 2015) (recognizing a local interest for U.S. citizens who suffered harm); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1232 (9th Cir. 2011) (recognizing "California's significant interest in providing a forum for those harmed by the actions of its corporate citizens").  But this is not a case involving American companies and their copyrights.  *See Creative Tech.*, 61 F.3d at 704 (finding U.S. interest extremely attenuated in copyright dispute between two foreign companies).  Here, California has very little, if any local interest in the controversy, as none of the material events relevant to the case occurred here and no main party is a California resident.  This factor therefore weighs in favor of the English forum.

### ii.  Court's Familiarity with the Governing Law

Since the Agreement was signed in England and includes a choice-of-law provision designating English and Welsh law as applicable law, English law should govern the case.  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182-83 (9th Cir. 2009); *see also Ayco Farms*, 862 F.3d at 951 (finding foreign law will likely apply to an

- 16 -

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

agreement signed and expected to be executed in foreign country); *Creative Tech.*, 61 F.3d at 702 (finding application of foreign law inevitable when infringing acts occurred in foreign country).  Because English courts are more familiar with English law than California courts are, this factor weighs in favor of the English forum.  *See e.g.*, *Ayco Farms*, 862 F.3d at 951 (finding this factor favors foreign forum because foreign law applies).

### iii.     Burden on Local Courts and Juries

The analysis of this factor is similar to that of the first public interest factor. As described above, "California has an insufficient interest in the case to justify the significant burden on a California jury."  *Id.* at 951.  This factor weighs in favor of forum in England.

### iv.     Congestion in the Court

This factor "is afforded little weight in assessing the public interest factors." *In re Air Crash over the Taiwan Strait on May 25, 2002*, 331 F. Supp. 2d 1176, 1203 (C.D. Cal. 2004).  Nevertheless, while the Central District of California remains "one of the busiest districts in the country," *Easy Spirit*, 2019 WL 13133363, at *7 (citation omitted), English courts could adjudicate this case in comparable time.  (*See* Butcher Decl. ¶ 23.)  This factor weighs in favor of the English forum.

### v.     Costs of Resolving a Dispute Unrelated to a Particular Forum

This factor is similar to the first and third public interest factors.  "Because the local interest in this lawsuit is low, the citizens of [California] should not be forced to bear the burden of this dispute."  *Lueck*, 236 F.3d at 1147.  This final public interest factor thus weighs in favor of forum in England.

In sum, the public interest factors in this case also weigh strongly in favor of forum in England.  California does not have a significant local interest in this case, making it illogical for a California court or jury to bear the burden of trying the case.

- 17 -

And English courts' interpretation of the Agreement governs, making English courts better positioned than California courts to resolve the case.

Here, English courts provide an adequate alternative forum, and the private and public interest factors weigh strongly in favor of trial in England. Therefore, the Court should grant Defendants' motion to dismiss pursuant to the doctrine of forum non conveniens.

## C. This Court Lacks Personal Jurisdiction Over BMW

On a motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Although uncontroverted allegations are taken as true, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

### 1. No General Jurisdiction in California

"[O]nly a limited set of affiliations with a forum will render a defendant amenable" to general personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In the case of a foreign corporation, those affiliations must render the defendant "essentially at home in the forum State." *Id.* at 754 (internal quotations omitted). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler*, 571 U.S. at 137)

BMW is organized under the laws of, and has its principal place of business in Germany. (Hoffmann Decl. ¶¶ 5-7.) There can be no general personal jurisdiction over BMW in California.

- 18 -

Case No. 2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

### 2.   No Specific Personal Jurisdiction in California or the US

There is no specific personal jurisdiction over BMW because it does not have minimum contacts with California or the US as a whole giving rise to the Complaint, it did not purposely avail itself of California or the US, and holding it to suit in California is unreasonable.[3]

### a.   Standards for Specific Personal Jurisdiction

"As has long been settled, . . . a state may exercise personal jurisdiction over a nonresident defendant only so long as their exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Additionally, "the *suit* must arise out of or relate to those contacts. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (emphasis in original; internal alterations and quotations omitted). "In other words, there must be an affiliation between the forum and the underlying controversy . . . ." *Id*. Specific personal jurisdiction also "requires some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws . . . ." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (internal quotations omitted). The due process prong of FRCP 4(k)(2) analysis is essentially the same as the traditional personal jurisdiction analysis, but minimum contacts are evaluated with the country as a whole. *See Holland Am.*, 485 F.3d at 462.

---

[3] Many courts have held that BMW is not subject to general or specific personal jurisdiction in tort cases. *See, e.g., Thornton v. BMW*, 439 F. Supp. 3d 1303 (N.D. Ala. 2020); *Alexander v. BMW*, 7:18-cv-03065-DCC, 2020 WL 2098108 (D.S.C. May 1, 2020); *Fischer v. BMW of N. Am., LLC*, 376 F.Supp. 3d 1178 (D. Colo. Mar. 10, 2020); *Braman Motors, Inc. v. BMW of North Am., LLC*, No. 17-CV-23360, 2019 WL 7759096 (S.D. Fla. Sept. 30, 2019); *Johnson v. BMW*, 1:17-cv-02367-MHC, 2019 WL 13059932 (N.D. Ga. Nov. 22, 2019); *Tomas v. BMW*, No. 5:17-cv-01664-AKK, 2018 WL 6181172 (N.D. Ala. Nov. 27, 2018); *Brown v. BMW of N. Am., LLC*, 1:14-cv-00931-JMS-DML, 2016 WL 427517 (S.D. Ind. Feb. 4, 2016).

Case No. 2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

Further, it must still be "determine[d] whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). "[T]he 'primary concern' is 'the burden on the defendant.'" *Bristol Myers Squibb*, 582 U.S. at 263.

### b.  BMW Lacks Minimum Contacts with California and the US Giving Rise to the Complaint

Topalsson's claim against BMW arises out of an agreement centered in England, between an English and a German company, for the delivery of German software to RRMCL in Europe, with disputes to be resolved in England under English law. "In other words, there [is no] affiliation between the forum and the underlying controversy," *Bristol Myers Squibb*, 582 U.S. at 263, and when there is no connection between a defendant's contacts with the State and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State," *id*. at 1781. Specific personal jurisdiction must be established based on the defendant's contacts with the forum itself and not just its contacts with parties residing in the forum. *See In re Boon Glob. Ltd*., 923 F.3d 643, 652-53 (9th Cir. 2019); *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *Skapa Holdings, LLC v. Seitz*, 21-15298, 2022 WL 94716, at *1 (9th Cir. Jan. 10, 2022) (citation omitted) (electronic communications with a party in the forum insufficient to establish personal jurisdiction).[4]

BMW's alleged Complaint-related conduct does not create a substantial connection with California, *Walden*, 571 U.S. at 284, and Topalsson's claim against BMW does not arise out of any contacts by BMW with California or the US. *Bristol-Myers Squibb*, 582 U.S. at 262; *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201,

---

[4] Car dealers are not agents of the manufacturer. *See, e.g.*, *Stansifer v. Chrysler Motors Corp.*, 487 F.2d 59, 65-66 (9th Cir. 1973); *Williams v. Yamaha Motor Corp., U.S.A.*, No CV1305066BROVBKX, 2015 WL 1362602, at *6 (C.D. Cal. Jan. 7, 2015) (collecting cases); *Herremans v. BMW of N. Am.*, LLC, No. CV14-02363 MMM PJWX, 2014 WL 5017843, at *6 (C.D. Cal. Oct. 3, 2014).

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1207-08 (9th Cir. 2020). Topalsson cannot meet its burden to establish personal jurisdiction over BMW in California, or under FRCP 4(k)(2).

**c.**   **BMW Did Not Purposely Avail Itself Of, Or Direct Its Alleged Activities To, The State or the US**

"[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposely directed toward the forum State." *Asahi Metal Ind. Co. v. Superior Court*, 480 U.S. 102, 112 (1987).  The Supreme Court's "precedents make clear that it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment." *Nicastro*, 564 U.S. at 883 (Kennedy, J.'s plurality opinion).  A plaintiff does not show purposeful availment without "'something more', such as special state-related design, advertising, advice, marketing, or anything else" to support jurisdiction.  *Id.* at 889 (Breyer, J.'s concurring opinion).

BMW does not do business in California or the US, and has no office, agents, employees or property in either forum.  Hoffmann Decl. ¶ 7; *see Asahi*, 480 U.S. at 112.  And as in *Asahi*, "[t]here is no evidence [RRMCL or BMW] designed [their] product in anticipation of sales in California" specifically.  *Id.* at 113.

Further, BMW did not target California or undertake "something more" that could support the exercise of specific jurisdiction in California.  *See Nicastro*, 564 U.S. at 889 (Breyer, J.'s concurring opinion).  On the contrary, BMW merely offered IT support to Rolls-Royce dealers worldwide.  (*See* McHugh Decl. ¶¶ 15, 17; Poser Decl. ¶¶ 15, 17; Hoffmann Decl. ¶ 26, 28.)  That is not purposeful availment of California or anywhere else.  *See Asahi*, 480 U.S. at 116.  If it were, every foreign entity that offered a product around the world would be purposely availing itself of every jurisdiction in the world.  That is not the law.  *See Asahi*, 480 U.S. at 116.

- 21 -

Case No.  2:23-CV-01823-WLH-PVCx
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT  OF
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

Rather, such support "represent[s] the normal interactions of a parent company with its subsidiary and were directed toward availing [RRNA], not [BMW], of business opportunities in California." *SSL Americas, Inc. v. Mizuho Medy Co.*, 358 F. App'x 839, 842 (9th Cir. 2009) (recognizing provision of technical support to subsidiary not enough to satisfy minimum contacts).

Further, Plaintiff's allegations that BMW handled global regulations compliance are inapposite. Mere compliance with regulations such as the GDPR or emissions reporting is not evidence that BMW is specifically targeting California or the US. *See Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*, No. CV107902PSGJEMX, 2011 WL 13217669, at *4 (C.D. Cal. Jan. 12, 2011) (finding defendant marketing compliance with California regulations not enough to establish contacts).

Moreover, the Ninth Circuit requires "but for" causation between the forum contacts and the alleged injury. *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506-07 (9th Cir. 2023) (applying Ninth Circuit's "but for" causation standard after Supreme Court's *Ford* decision). Complying with California emissions standards is not the "but for" cause of alleged contributory copyright infringement of configurator software.

### d. Jurisdiction Over BMW in California Is Unreasonable

The exercise of jurisdiction over BMW does not "comport with fair play and substantial justice," *Burger King*, 471 U.S. at 476, especially considering that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field," *Asahi*, 480 U.S. at 115.

Finding jurisdiction over BMW here would contravene the "primary concern" in a reasonableness analysis—"the burden on the defendant"—as it would impose

thousands of miles of travel on their witnesses and in-house counsel to take part in trial when Topalsson expressly contracted to undertake that process in England. Moreover, the interests of the forum state in obtaining convenient and effective relief are not dampened by dismissing BMW.  Those interests can be satisfied by Topalsson actually adhering to the Agreement and submitting its dispute in England under English law as explicitly bargained for.

**IV.    CONCLUSION**

For the foregoing reasons, Topalsson's case including the FAC should be dismissed.

Respectfully submitted,

Dated: June 28, 2023                              JONES DAY

By:  _/s/ John Froemming_
John Froemming
Jonathan McNeal Smith

Attorneys for the Defendants

The undersigned, counsel of record for Defendants, certifies that this brief contains 6982 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 28, 2023                          By: _/s/ John Froemming_
John Froemming

- 23 -