Jonathan McNeal Smith (State Bar No. 292285)
Email: JonathanSmith@jonesday.com
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

John Froemming (admitted pro hac vice)
Email: JFroemming@jonesday.com
**JONES DAY**
51 Louisiana Avenue NW
Washington, DC 20007
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

Attorneys for the Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Topalsson GmbH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Bayerische Motoren Werke AG;<br>Rolls-Royce Motor Cars NA, LLC;<br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGO European Motorcars, LLC;<br>Orange County British Motorcars;<br>and<br>Westlake Coach Company, LLC,<br><br>　　　　　Defendants. | **Case No.  2:23-CV-01823-WLH-PVCx**<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF TOPALSSON GMBH'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date:　　　August 18, 2023<br>Time:　　　11:00 a.m.<br>Courtroom: 9B<br>Judge:　　　Hon. Wesley L. Hsu |

Defendants object to Plaintiff's Notice of Supplemental Authority (ECF. 57) because it fails to identify legal "authority." The English court's anti-suit injunction decision (ECF 57-1 ("Ex. A")) is not "supplemental authority," and is neither controlling nor relevant to the issues presented in Defendants' Motion to Dismiss. As explained in Defendants' reply brief, U.S. federal law—not English law—governs the scope of an exclusive jurisdiction clause for purposes of a motion to dismiss. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The English court's decision clearly is not U.S. federal law itself, nor did it apply U.S. federal law. Predictably, it applied English law.

Moreover, the English law applied in the English court's decision runs directly counter to well-established Ninth Circuit precedent. The English court's "starting point [was] that an EJC does not cover claims against third parties." (Ex. A, ¶ 107.) But this contravenes Ninth Circuit precedent holding that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses" and that, where "the alleged conduct of the non-parties is so closely related to the contractual relationship[,] the forum selection clause applies to all defendants." *Manetti-Farrow*, 858 F.2d at 514 n. 5.

Plaintiff's Notice also ignores the holding that this dispute "relates to" the Agreement and is therefore covered by the EJC. (*See* Ex. A, ¶ 102.)

Respectfully submitted,

Dated: August 17, 2023

JONES DAY

By: /s/ *John Froemming*
    John Froemming

Attorneys for the Defendants