Nicole M. Smith (State Bar No. 189598)
Email: nmsmith@jonesday.com
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539

John Froemming (admitted pro hac vice)
Email: JFroemming@jonesday.com
**JONES DAY**
51 Louisiana Avenue NW
Washington, DC 20007
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

Attorneys for the Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Topalsson GmbH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGO European Motorcars, LLC;<br>Orange County British Motorcars; and<br>Westlake Coach Company, LLC,<br><br>　　　　　Defendants. | **Case No.  2:23-CV-01823-WLH-PVCx**<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY THE DEFENDANTS, O'GARA COACH COMPANY, LLC, RUSNAK/PASADENA CORP., indiGO EUROPEAN MOTORCARS, LLC, ORANGE COUNTY BRITISH MOTORCARS, AND WESTLAKE COACH COMPANY, LLC**<br><br>Judge:  Hon. Wesley L. Hsu |

The defendants, O'Gara Coach Company, LLC, Rusnak/Pasadena Corporation, indiGO European Motorcars, LLC, Orange County British Motorcars, LLC, and Westlake Coach Company, LLC (collectively "Defendants"), hereby answer the First Amended Complaint of Topalsson GmbH.

1. Defendants admit that this is a civil action in which Plaintiff purports to allege copyright infringement under 17 U.S.C. § 101 et seq. Defendants deny any remaining allegations of paragraph 1.

2. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 2, and therefore deny the same.

3. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 3, and therefore deny the same.

4. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 4, and therefore deny the same.

5. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 5, and therefore deny the same.

6. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 6, and therefore deny the same.

7. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 7, and therefore deny the same.

8. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 8, and therefore deny the same.

9. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 9, and therefore deny the same.

10. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 10, and therefore deny the same.

11. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 11, and therefore deny the same.

12. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 12, and therefore deny the same.

13. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 13, and therefore deny the same.

14. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 14, and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 15, and therefore deny the same.

16. The allegations of paragraph 16 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 26. Defendants admit that BMW AG is a German corporation with its principal place of business at Petuelring 130, 80809 Munich, Germany, and that it designs and manufactures motor vehicles, parts, and other accessories for sale in Europe and for export and sale throughout the world. Defendants deny the remaining allegations of paragraph 16.

17. The allegations of paragraph 17 have been mooted by this Court's Order dismissing the foreign defendants. Defendants admit that Rolls-Royce Motor Cars NA, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677, and that Rolls-Royce Motor Cars NA, LLC is responsible for sales and marketing of Rolls-Royce vehicles throughout the United States. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 17, and therefore deny the same.

18. Defendant O'Gara Coach Company, LLC admits that allegations of paragraph 18. The remaining defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 18, and therefore deny the same.

19. Defendant Rusnak/Pasadena Corporation admits the allegations of paragraph 19. The remaining defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 19, and therefore deny the same.

20. Defendant Orange County British Motorcars, LLC admits the allegations of paragraph 20. The remaining defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 20, and therefore deny the same.

21. Defendant indiGO European Motorcars, LLC admits the allegations of paragraph 21. The remaining defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 21, and therefore deny the same.

22. Defendant Westlake Coach Company, LLC admits the allegations of paragraph 22. The remaining defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 22, and therefore deny the same.

23. Defendants admit that this is a civil action seeking damages and an injunction under the copyright laws of the United States (17 U.S.C. § 101, et seq.). Defendants deny any remaining allegations of paragraph 23.

24. Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit this court has subject matter jurisdiction regarding Plaintiff's copyright infringement claim.

25. The allegations of paragraph 25 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 25.

26. The allegations of paragraph 26 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 26.

27. The allegations of paragraph 27 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 27.

28. Defendants admit the allegations of paragraph 28.

29. The allegations of paragraph 29 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 29.

30. The allegations of paragraph 30 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 30.

31. Defendants admit they are dealers and are subject to suit in this judicial district because each has an established physical location in this Judicial District, and that they sell Rolls-Royce vehicles. Defendants deny the remaining allegations of paragraph 31.

32. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 32, and therefore deny the same.

33. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 33, and therefore deny the same.

34. Defendants admit that Topalsson has registered copyrights in two versions of software, that DTE Release R05 is registered as Copyright Registration No. TX 9-217-235 and is attached to the First Amended Complaint as Exhibit A, and that DTE Release R06 is registered as Copyright Registration No. TX 9-217-240 and is attached as Exhibit B to the First Amended Complaint. Defendants deny any infringement, lack sufficient knowledge or information to form a belief about the

truth of the remaining allegations of paragraph 34, including the validity of the copyrights, and therefore deny the same.

35. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 35, and therefore deny the same.

36. Defendants admit that Vary Release R05 is registered as Copyright Registration No. TXS 9-217-245 and is attached to the First Amended Complaint as Exhibit C, and Vary Release R06 is registered as Copyright Registration No. TXS 9-217-249 and is attached as Exhibit D to the First Amended Complaint. Defendants deny any infringement, lack sufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 36, including the validity of the copyrights, and therefore deny the same.

37. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 37, and therefore deny the same.

38. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 38, and therefore deny the same.

39. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 39, and therefore deny the same.

40. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 40, and therefore deny the same.

41. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 41, and therefore deny the same.

42. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 42, and therefore deny the same.

43. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 43, and therefore deny the same.

44. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 44, and therefore deny the same.

45. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 45, and therefore deny the same.

46. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 46, and therefore deny the same.

47. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 47, and therefore deny the same.

48. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 48, and therefore deny the same.

49. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 49, and therefore deny the same.

50. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 50, and therefore deny the same.

51. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 51, and therefore deny the same.

52. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 52, and therefore deny the same.

53. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 53, and therefore deny the same.

54. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 54, and therefore deny the same.

55. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 55, and therefore deny the same.

56. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 56, and therefore deny the same.

57. Defendants hereby restate their responses to paragraphs 1-56.

58. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 58, and therefore deny the same.

59. Defendants deny the allegations of paragraph 59.

60. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 60, and therefore deny the same.

61. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 61, and therefore deny the same.

62. The allegations of paragraph 62 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 62.

63. The allegations of paragraph 63 have been mooted by this Court's Order dismissing the foreign defendants. Defendants deny any remaining allegations of paragraph 63.

64. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 61, and therefore deny the same.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

## Affirmative Defenses

70. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

71. The Defendants have a license to use the software they are using.

72. The damages alleged by Plaintiff are barred, in whole or in part, by failure to mitigate such damages.

73. Plaintiff's claims are barred, in whole or in part, because any injuries and damages alleged by Plaintiff were the direct and proximate result of an independent, unforeseeable, superseding, or intervening cause.

74. All possible affirmative defenses may not have been alleged above, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer. Defendants reserves the right, upon completion of its investigation and discovery, to file such additional affirmative defenses as may be appropriate. Defendants thus gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceedings. Defendants further reserves the right to amend this Answer, to add, delete, and/or modify its affirmative defenses based upon legal theories, facts and/or circumstances which may or will be developed through discovery and/or through further legal analysis of its position in this action.

Respectfully submitted,

Dated: November 6, 2023          JONES DAY

By: /s/ Nicole M. Smith
    Nicole M. Smith

    Attorneys for the Defendants