1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPALSSON GMBH<br><br>       Plaintiff(s),<br><br>v.<br><br>BAYERISCHE MOTOREN WERKE AG, et al.<br><br>       Defendant(s). | Case No. 2:23−cv−01823−WLH−PVC<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>**Date:**      **January 26, 2024**<br><br>**Time:**      **01:00 PM**<br><br>**Courtroom:**  **9B** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to United States District Judge Wesley L. Hsu. This matters is set for a Scheduling Conference on the above date in Courtroom 9B of the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012.

**A.    PRELIMINARY MATTERS**

**1.    Service of Pleadings.** If plaintiff has not already served the operative complaint on <u>all</u> defendants, plaintiff shall do so <u>promptly</u> and shall file proofs of service of the summons and complaint within three (3) days thereafter. *See* Fed. R. Civ. P. 4. Defendants also shall timely serve and file their responsive pleadings (if

1   not previously done) and comply the requirements of Local Rule 5-3.2. At the

2   Scheduling Conference, the court will set a date by which motions to amend the

3   pleadings or add parties must be heard.

4       **2.    Order Applies to *Pro Se* Litigants.**  "Counsel," as used in this Order,

5   includes parties who have elected to appear without counsel and are representing

6   themselves in this litigation (hereinafter referred to as "Pro Se Litigants"). *Pro Se*

7   Litigants must comply with this Order, the Federal Rules of Civil Procedure, and

8   the Local Rules. *See* L.R. 1–3, 83–2.2.3. *Pro Se* Litigants are required to

9   participate in the scheduling conference.

10      **3.    Notice to be Provided by Counsel**.  Plaintiff's counsel or, if plaintiff is a

11  *Pro Se* Litigant, defendant's counsel, shall provide this Order to all known parties

12  who have not yet appeared or who appear after the date of this Order. This and

13  all other applicable orders in this case are available at the bottom of Judge Hsu's

14  webpage (http://www.cacd.uscourts.gov/honorable–wesley–l–hsu). The Local

15  Rules are available on the Central District of California website

16  https://www.cacd.uscourts.gov/court-procedures/local-rules).

17      **4.    Compliance with Fed. R. Civ. P. 26.**  The scheduling conference will

18  be held pursuant to Fed. R. Civ. P. Rule 16(b). The parties are reminded of their

19  obligations to (i) make initial disclosures "without awaiting a discovery request"

20  (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least twenty-one

21  (21) days before the scheduling conference (Fed. R. Civ. P. 26(f)). The Court

22  encourages Counsel to agree to begin to conduct discovery actively before the

23  Scheduling Conference. At the very least, the parties shall comply fully with the

24  letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of

25  what would be produced in the early stage of discovery. At the scheduling

26  conference the Court will impose strict deadlines to complete discovery.

27      **5.    Participation of Lead Trial Counsel and Unrepresented Parties.**

28  Lead trial counsel and any unrepresented parties must attend the scheduling

1    conference, unless excused by the Court for good cause prior to the conference.

2        **6.    Continuance.**  A request to continue the scheduling conference will be

3    granted only for good cause. The parties should plan to file the Joint Rule 26(f)

4    Report on the original due date even if a continuance is granted. The Court will not

5    continue the scheduling conference to allow the parties to explore settlement.

6        **7.    Vacating the Conference.**  The Court may vacate the scheduling

7    conference and issue a case management order based on the Joint Rule 26(f)

8    Report.

9    **B.    PARTIES MUST PREPARE AND FILE A JOINT RULE 26(f) REPORT**

10        The Joint Rule 26(f) Report must be filed not later than fourteen (14) days

11   before the scheduling conference. A Mandatory Chambers Copy of the Joint Rule

12   26(f) Report must be delivered to Judge Hsu's box outside of the Clerk's Office

13   on the fourth floor of the First Street Courthouse by 12:00 p.m. (noon) the day

14   after the Joint Rule 26(f) Report is filed. The Report shall be drafted by plaintiff

15   (unless plaintiff is a *Pro Se* Litigant or the parties agree otherwise) but shall be

16   submitted and signed jointly. "Jointly" means a single report, regardless of how

17   many separately- represented parties exist in the case. The Joint Rule 26(f)

18   Report shall specify the date of the Mandatory Scheduling Conference on the

19   caption page. Under the title, it shall list the dates of the (1) Original Complaint;

20   (2) Removal (if removed); (3) ResponsivePleading; (4) and Trial (Proposed). The

21   Joint Rule 26(f) Report shall report all thefollowing information, which include

22   those required to be discussed by Rule 26(f) and Local Rule 26, and use numbered

23   section headings and lettered sub-headings that correspond to those below:

24       **1.    Statement of the Case.**  A short synopsis (not to exceed two (2) pages)

25   of the main claims, counterclaims, affirmative defenses, and procedural history.

26       **2.    Subject Matter Jurisdiction.**  A statement of the specific basis of

27   federal jurisdiction, including supplemental jurisdiction. For federal question

28   jurisdiction, cite the federal law under which the claim arises. For diversity

jurisdiction, state each party's citizenship and the amount in controversy.

**3.** **Legal Issues.**  A brief description of all key legal issues, including any significant procedural, substantive, or evidentiary motions.

**4.** **Parties, Evidence, etc.**  A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

**5.** **Damages.**  The realistic range of provable damages.

**6.** **Insurance.**  Whether insurance coverage exists, the extent of coverage, and whether there is or will be a reservation of rights.

**7.** **Motions.**

**(a)** **Procedural Motions.** A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

**(b)** **Dispositive Motions.** A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for summary judgment. The parties should refer to the Court's Standing Order for Motions for Summary Judgment for specific guidelines governing summary judgment motions. For patent cases, parties should refer to the Court's Standing Order regarding Patent Cases.

**(c)** **Class Certification Motion.** For a putative class action, the Court will set a deadline for hearing the class certification motion. The motion must be filed sufficiently far in advance of the deadline to allow for: (i) at least three (3) weeks between the filing of the reply and the hearing; (ii) four (4) weeks for the opposition; and (iii) two (2) weeks for the reply. The parties must act diligently and begin discovery immediately, because the motion must be filed not later than one hundred and twenty (120) days from the date originally set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the one hundred and twenty (120) days must be supported by a detailed

1  "Class Certification Plan"–attached as an exhibit at the end of the Report– showing

2  all anticipated activity and the corresponding date for each activity, up to the

3  hearing on the motion. The failure to provide the Class Certification Plan will

4  result in the denial of additional time.

5      **8.**     **Manual for Complex Litigation.**  A statement regarding whether all or

6  part of the procedures of the Manual for Complex Litigation should be utilized.

7      **9.**     **Discovery.**

8        **(a)**     **Status of Discovery.**  A discussion of the present state of

9  discovery, including a summary of pending and completed discovery, and any

10  current or anticipated disputes.

11        **(b)**     **Discovery Plan.**  A detailed discovery plan, as contemplated by

12  Fed. R. Civ. P. 26(f). State what, if any, proposed changes in the disclosures under

13  Fed. R. Civ. P. 26(a) should be made; the subject(s) on which discovery may be

14  needed and whether discovery should be conducted in phases or otherwise be

15  limited; whether applicable limitations should be changed or other limitations

16  imposed; and whether the Court should enter other orders. A general statement

17  to the effect that discovery will be conducted on all claims and defenses is

18  unacceptable.

19        **(c)**     **Discovery Cut-off.**  A proposed discovery cut-off date governing

20  the completion of all fact discovery, including resolution of all discovery motions.

21        **(d)**     **Expert Discovery.**  Proposed dates for expert witness disclosures

22  (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

23        **(e)**     **Settlement Conference/Alternative Dispute Resolution (ADR).**

24  A statement of what settlement negotiations have occurred, excluding any

25  statement of the terms discussed. If a Notice to Parties of Court-Directed ADR

26  Program (Form ADR08) was filed in this case, the court will refer the matter for

27  ADR. The parties must state their preference in the Joint Rule 26(f) Report for:

28  (i) the Magistrate Judge, (ii) the Court Mediation Panel, or (iii) a private

1  mediator (at the parties' expense). The Court will exercise its discretion to select

2  an ADR option for the parties if they fail to state a preference. No case will proceed

3  to trial unless all parties, including an officer of all corporate parties (with full

4  authority to settle the case), have appeared personally and participated in an

5  ADR proceeding.

6         **(f)**    **Trial.**

7            **i.**    **Trial Estimate.**  Provide a realistic estimate, in days, of the

8  court time required for trial and whether trial will be by jury or by court. Each side

9  should specify (by number, not by name) how many witnesses it contemplates

10  calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds

11  four (4) court days, counsel shall be prepared to discuss in detail the basis for the

12  estimate.

13            **ii.**    **Jury or Court Trial.**  Specify whether trial will be by jury

14  or by court. The default will be a court trial if the parties fail to specify.

15            **iii.**    **Consent to Trial Before a Magistrate Judge.**  Whether the

16  parties agree to try the case (either by jury or court trial) before a magistrate judge.

17  *See* 28 U.S.C. § 636 (requiring party consent). The parties are strongly encouraged

18  to consider consenting to trial before a Magistrate Judge. One benefit to giving

19  such consent is that the parties almost always will be able to proceed to trial sooner

20  than on a District Court Judge's calendar. Additionally, the parties are free to select

21  from among all Magistrate Judges available for this purpose, not just the Magistrate

22  Judge assigned to the parties' case. The Magistrate Judges have experience and

23  expertise in a variety of areas, including patent and trademark litigation. If the

24  parties consent to trial before a Magistrate Judge, the parties may choose any

25  Magistrate Judge identified on the Central District website and submit the

26  appropriate consent form.

27            **iv.**    **Lead Trial Counsel.**  List the name of the attorney who will

28  serve as lead trial counsel, as well as other attorneys who will participate in the

trial. Only one attorney for a party may be designated as lead trial counsel unless

otherwise permitted by the Court. If a second lead trial counsel is permitted by the

Court, both counsel must attend the Pretrial Conference.

        **(g)**    **Independent Expert or Master.** State whether this is a case in

which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53

or an independent scientific expert. The appointment of a master may be especially

appropriate if there are likely to be substantial discovery disputes, numerous claims

to be construed in connection with a summary judgment motion, a lengthy *Daubert*

hearing, a resolution of a difficult computation of damages, etc.

        **(h)**    **Other Issues.** A statement of any other issues affecting case

management, including unusually complex technical issues, related litigations,

disputes over protective orders, extraordinarily voluminous document production,

non−English speaking witnesses, reasonable ADA accommodations, discovery in

foreign jurisdictions, the applicability of foreign law, the advanced age or health of

parties or key witnesses, and any proposals concerning severance, bifurcation, or

other ordering of proof.

**C.**    **PARTIES MUST PREPARE AND FILE SCHEDULE OF PRETRIAL**
        **AND TRIAL DATES WORKSHEET**

       **Complete the text-fillable Schedule of Pretrial and Trial Dates Worksheet**

("Worksheet"), *see* below, which is available at the bottom of Judge Hsu's

webpage, (http://www.cacd.uscourts.gov/honorable−wesley−l−hsu). In addition to

filing the Schedule of Pretrial and Trial Dates Worksheet along with the Joint Rule

26(f) Report, **Counsel must email the text−fillable Worksheet to Chambers** at

WLH_Chambers@cacd.uscourts.gov along with the Joint Rule 26(f) Report. The

Court will then issue an order setting the schedule governing the case. Therefore,

the parties must make every effort to agree on all pretrial and trial dates.

**JUDGE WESLEY L. HSU**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one:  ☐ Jury Trial  or ☐ Court Trial ☐ Magistrate Judge *(Tuesday* **at 9:00 a.m. within 12 months of Scheduling Conference)** Estimated Duration:              Days | | | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC" [L.R. 16] **(Friday at 3:00 p.m. at least 18 days before trial)** | | | |
| **Event [1]** **Note:** Hearings shall be on *Fridays* at 1:30 pm Other dates can be any day of the week | **Weeks Before FPTC[2]** | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings / Add Parties [Friday] | | | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | | |
| Expert Disclosure (Initial) | 16 | | |
| Expert Disclosure (Rebuttal) | 14 | | |
| Expert Discovery Cut-Off | 14 | | |
| Last Date to <u>Hear</u> Motions • Rule 56 Motion due at least 6 weeks before hearing • Opposition due 2 weeks after Motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | | |
| Last Day to <u>Hear</u> *Daubert* Motions | 8 | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: ☐ 1. Magistrate Judge (*with Court approval*) ☐ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | | ☐ 1. Mag.J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) •  Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (court trial only) | 2 | | |

[1]  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
[2]  The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

1     **1.**    **Weeks Before FPTC.**  The "Weeks Before FPTC" column reflects what

2    the Court believes is appropriate for most cases and will allow the Court to rule on

3    potentially dispositive motions sufficiently in advance of the Final Pretrial

4    Conference. However, counsel may ask for earlier last dates by which the key

5    requirements must be completed. Each date should be stated as month, day, and

6    year, e.g., 10/15/2019.

7     **2.**    **Hearings.**  Hearings shall be on Fridays at 1:30 p.m. The Final Pretrial

8    Conference shall be at 3:00 p.m. Other deadlines (those not involving the Court)

9    can be any day of the week. Counsel must avoid holidays. The Court may order

10   different dates than those requested. Believing that young lawyers need more

11   opportunities for appearances than they usually receive, the Court encourages lead

12   trial counsel to permit junior counsel, of five or fewer years out of law school, to

13   fully participate in Court proceedings, including arguing motions and examining

14   witnesses.

15    **3.**    **Discovery Cut-Off Date.**  The discovery cut-off date is the last date by

16   which all depositions must be completed, responses to previously served written

17   discovery must be provided, and motions concerning discovery disputes must be

18   heard.

19    **4.**    **Motions Cut-Off.**  The cut-off date for motions is the last date on which

20   motions may be heard, not filed.

21    **5.**    **Additional Dates.**  If the parties wish the Court to set dates in addition to

22   those on the Worksheet, they may so request by a separate Stipulation and

23   Proposed Order. This is often appropriate for class actions, patent cases, and

24   ERISA cases. For ERISA Cases Involving Benefits Claims, the parties may receive

25   a scheduling conference order as a matter of course. Because the ordinary pretrial

26   and trial schedule does not apply to these ERISA cases, the parties need only

27   submit a joint status report identifying any special issues that should be considered.

28   The parties should proceed with the preparation of the administrative record and

1  briefing without delay upon service of the complaint. A court trial, ordinarily

2  limited to oral argument on the administrative record, will be scheduled within

3  six months from the filing of the original complaint, unless good cause for

4  additional time is shown in the status report. If the Court concludes that the

5  decision would not benefit from oral argument, the matter may be submitted for

6  decision on the papers.

7  **D.**     **COUNSEL MUST DELIVER ORDER TO CLIENTS.**  Counsel are

8  ordered to deliver to their clients a copy of this Order, which will contain the

9  schedule that the Court sets at the scheduling conference. This and all other

10  generally applicable orders of this court are available on the Central District of

11  California website, www.cacd.uscourts.gov.

12

13       **IT IS SO ORDERED.**

14

15

16  Dated:  December 28, 2023

17  _____

18  HON. WESLEY L. HSU
    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28