ERISE IP, P.A.
Eric A. Buresh (admitted *pro hac vice*)
eric.buresh@eriseip.com
Carrie A. Bader (admitted *pro hac vice*)
carrie.bader@eriseip.com
Lydia C. Raw (admitted *pro hac vice*)
lydia.raw@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
ben@dlgla.com
4500 Park Granada Boulevard
Suite 202
Calabasas, CA 91302
Telephone: (310) 473-2300
Facsimile: (310) 473-2941

*Attorneys for Plaintiff Topalsson GmbH*

Nicole M. Smith (State Bar No. 189598)
nmsmith@jonesday.com
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

John Froemming (admitted *pro hac vice*)
JFroemming@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20007
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Attorneys for the Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Topalsson GmbH<br><br>    Plaintiff,<br><br>  v.<br><br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGO European Motorcars, LLC;<br>Orange County British Motorcars, LLC; and<br>Westlake Coach Company, LLC;<br><br>    Defendants. | Case No.: 2:23-cv-01823-WLH-PVC<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference<br><br>Date:      January 26, 2024<br>Time:      1:00 PM<br>Location: Courtroom 9B<br>Judge:     Hon. Wesley L. Hsu<br><br>Original Compl.:  March 10, 2023<br>1st Am. Compl:   June 14, 2023<br>MTD FAC:         June 28, 2023<br>Answer:          November 6, 2023<br>Trial (Proposed): March 25, 2025 |

Plaintiff Topalsson GmbH ("Topalsson") and Defendants O'Gara Coach Company, LLC ("OCC"), Rusnak Auto Group, LLC (d/b/a Rusnak Auto Group) ("Rusnak"), Orange County British Motorcars, LLC ("OCBM"), indiGO European Motorcars, LLC ("indiGO"), and Westlake Coach Company, LLC ("Westlake") (collectively, the "Defendants") respectfully submit the following Joint Report pursuant to Federal Rule of Civil Procedure 26(t), Local Rule 26-1, and the Order Setting Scheduling Conference (Dkt. 66).

**Preliminary Statement**. The parties respectfully request the Court grant the parties' proposed schedule as suggested in the Scheduling Worksheet. The parties acknowledge the Court's preference for a trial date within 12 months of the Scheduling Conference but believe the proposed schedule will allow for amicable resolution of third-party negotiated discovery, as identified below in this Report.

**1.   Statement of the Case**

This case presents one count of copyright infringement against the Defendants under 17 U.S.C. § 101 *et seq.*

**Plaintiff's Statement of the Case**

Although Defendants raise several arguments related to foreign and domestic non-parties and foreign proceedings[1], this case remains a straightforward copyright infringement dispute seeking to resolve the question of whether the named Defendants—five dealerships—have infringed Topalsson's United States copyrights under United States law.

Topalsson uses its proprietary software to develop product configurators which produce high-end photorealistic images and videos in real-time. In 2019, non-party Rolls-Royce Motor Cars Limited ("RRMCL") and former party Bayerische

---

[1] While Defendants identify a number of proceedings in Germany and the UK, they omit reference to the failed anti-suit injunction ("ASI") ruled upon in the UK in July 2023. Further, Defendants reference an involuntary insolvency proceeding RRMCL filed against Topalsson in Germany. Topalsson is disputing this action and believes it was filed for improper purposes.

1

| | |
|---|---|
| 1 | Motoren Werke AG ("BMW AG") entered into an agreement with Topalsson for a |
| 2 | vehicle configurator to help sell Rolls-Royce cars. RRMCL and BMW AG share |
| 3 | common employees involved in hiring Topalsson for this project. In connection with |
| 4 | the project, Topalsson delivered portions of its proprietary software to RRMCL and |
| 5 | BMW AG. RRMCL and BMW AG terminated the development agreement with |
| 6 | Topalsson, revoking any right to use Topalsson's proprietary software and |
| 7 | copyrights. Unbeknownst to Topalsson, RRMC/BMW AG hired a competitor of |
| 8 | Topalsson—Mackevision (now Accenture Song)—to take over the project. Counsel |
| 9 | for RRMCL/BMW AG confirmed in writing that RRMC/BMW AG would not make |
| 10 | use of Topalsson's propriety software and would undertake to destroy all copies of |
| 11 | Topalsson's proprietary software in its possession; however, RRMC/BMW AG |
| 12 | provided Mackevision access to Topalsson's proprietary software and instructed |
| 13 | Mackevision to use Topalsson's proprietary software to produce a similar |
| 14 | configurator. RRMCL/BMW AG subsequently rolled out a new product |
| 15 | configurator service in Rolls-Royce authorized dealerships throughout the United |
| 16 | States incorporating portions of Topalsson's proprietary and copyrighted software, |
| 17 | leading to record sales of Rolls-Royce vehicles. Rolls-Royce Motor Cars NA, LLC |
| 18 | ("RRNA") is responsible for sales and marketing of Rolls-Royce vehicles |
| 19 | throughout the United States, and each of the Defendants are selling Rolls-Royce |
| 20 | vehicles in the United States using the configurator software that incorporates |
| 21 | portions of Topalsson's copyrighted and proprietary software. |
| 22 | Topalsson seeks a preliminary injunction against the Defendants, an order |
| 23 | requiring the Defendants to destroy all copies of Topalsson's proprietary software, |
| 24 | as well as damages against the Defendants for the Defendants' infringement of |
| 25 | Topalsson's copyrights, including actual damages, Defendants' profits resulting |
| 26 | from infringement, prejudgment and postjudgment interest, and costs. |
| 27 | // |
| 28 | // |

**Defendants' Statement of the Case**

Plaintiff, a German company, entered into a contract in 2019 with Rolls-Royce Motor Cars Ltd. ("RRMCL"),[2] an English company, which provided that Topalsson would develop and implement visualization software for Rolls-Royce vehicles (the "Agreement"). RRMCL contends that the software Plaintiff delivered to RRMCL in Europe in 2020 did not function and was untimely, so RRMCL was forced to engage an existing supplier in Germany to develop and deliver a fallback software solution of its own to RRMCL in time for the 2020 launch of its new Ghost automobile. RRMCL terminated the Agreement with Plaintiff. Plaintiff disagreed and sued RRMCL in England and RRMCL counterclaimed for breach of contract in September 2020. In July 2022, Plaintiff received permission from the English Court to make an application to adjourn the trial data and/or amend its bill of particulars to add copyright infringement claims. However, Plaintiff did not make any such motion. The English case was tried in fall of 2022. In July 2023, the English Court sided with RRMCL, held Plaintiff Topalsson liable for breach of the Agreement and RRMCL not liable for any breach, and ordered Plaintiff Topalsson to pay RRMCL €5,793,082 in damages, with interest and attorneys fees in an amount to be determined.

Plaintiff subsequently filed this action originally naming as defendants RRMCL, its affiliate Bayerische Motoren Werke AG ("BMW AG"); RRMCL's downstream US affiliate, Rolls-Royce Motor Cars NA, LLC ("RRNA"); and five Rolls-Royce dealers. The then-defendants moved to dismiss the Complaint based on an exclusive jurisdiction clause of Plaintiff's Agreement with RRMCL providing that any dispute relating to the contract shall be adjudicated by the courts of England and Wales. (Dkt. No. 40.) Plaintiff then filed its First Amended Complaint dropping RRMCL as a co-defendant, but still seeking injunctive relief and monetary damages

---

[2] RRMCL was named as a defendant in the original complaint; however, Plaintiff removed RRMCL from the First Amended Complaint.

for copyright infringement claims under 17 U.S.C. § 101 *et seq.* Defendants deny all claims and that Plaintiff is entitled to any relief.

Defendants identify various issues that will likely affect the management of this case. **First**, German law does not permit discovery of third parties, such as BMW AG. Therefore, due to German law, software-related discovery will necessarily have to be heavily negotiated to not run afoul of German law. **Second**, as noted in Defendants' motion to dismiss for lack of personal jurisdiction and forum *non conviens*, there is a related litigation in the United Kingdom involving Plaintiff Topalsson and RRMCL. As noted above, in July 2023, the English Court held that Topalsson was liable for breach of the Agreement and that RRMCL had not breached the Agreement, and ordered Plaintiff Topalsson to pay over €5 million in damages. Plaintiff Topalsson has moved to stay execution of the judgment and for permission to appeal. Meanwhile RRMCL has applied to a German court to open insolvency proceedings against Plaintiff Topalsson for failure to pay the judgment, while Plaintiff Topalsson has opposed RRMCL's application. Accordingly, there is significant litigation pending in German and English courts that may affect this case.[3]

**Procedural History of the Case**

On June 28, 2023, previous parties BMW AG and RRNA, along with the five Defendants, moved to dismiss the FAC under *forum non conveniens* and under FRCP 12(b)(2) for lack of personal jurisdiction of BMW AG. Dkt. 50.

On October 23, 2023, the Court granted the motion to dismiss as to BMW AG and RRNA and denied the motion to dismiss as to the five dealership Defendants. Dkt. 61.

On November 6, 2023, Defendants answered the FAC . Dkt. 64.

---

[3] Defendants note two inaccuracies in Topalsson's statement of the case. *First*, BMW AG was not a party to the agreement between RRMCL and Topalsson in 2019. *Second*, Topalsson delivered portions of its software only to RRMCL, not BMW AG.

**2.   Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) because it is a civil action arising under the laws of the United States, namely 17 U.S.C. § 101, *et seq.*; and 28 U.S.C. § 1338(a) (copyright).

**3.   Legal Issues**

<u>**Plaintiff's Statement of Legal Issues**</u>

Whether the Defendants are liable for infringing Topalsson's copyrights protecting its proprietary software.  Whether Topalsson is entitled to an injunction and/or damages, and the amount of damages, if so.

<u>**Defendants' Statement of Legal Issues**</u>

Whether Topalsson's complaint states a claim upon which relief can be granted.  Whether the visualization software alleged to have been copied infringes Topalsson's alleged copyrights.  Whether Topalsson is the creator and owner of the alleged copyrightable content.  Whether any of Topalsson's visualization software alleged to have been copied is copyrightable.  Whether the Defendants have a license to the visualization software alleged to have been copied.  Whether any use the Defendants made of Topalsson's alleged copyrights was a fair use.  Whether Topalsson's copyright claims are barred in whole or in part by *scenes a faire*, the merger doctrine, and/or any other limits on the scope of protection for the works at issue.  Whether the damages alleged by Topalsson are barred, in whole or in part, by failure to mitigate such damages.  Whether Topalsson's claims are barred, in whole or in part, because any injuries and damages alleged by Topalsson were the direct and proximate result of an independent, unforeseeable, superseding, or intervening cause.  Whether Topalsson is entitled to damages or an injunction.

**4.   Parties, Evidence, etc.**

<u>Plaintiff</u>:

- Topalsson GmbH ("Topalsson")

- Parents: Venturica UG holds at least 10% of the shares of Topalsson GmbH
- Subsidiaries: None.
- Affiliates: None.

Defendants:

- O'Gara Coach Company, LLC ("OCC")
  - Parents: O'Gara Motors, LLC
  - Subsidiaries: None
  - Affiliates: None
- Rusnak Auto Group, LLC (d/b/a Rusnak Auto Group) ("Rusnak")
  - Parents: None
  - Subsidiaries: None
  - Affiliates: None
- Orange County British Motorcars, LLC ("OCBM")
  - Parents: Shelly Automotive, LLC
  - Subsidiaries: None
  - Affiliates: None
- indiGO European Motorcars, LLC ("indiGO")
  - Parents: indiGO Auto Group California, LLC
  - Subsidiaries: None
  - Affiliates: None
- Westlake Coach Company, LLC ("Westlake")
  - Parents: O'Gara Motors, LLC
  - Subsidiaries: None
  - Affiliates: None

Percipient Witnesses:

- Jan-Hendrick Hoffmann (employee of non-party BMW AG);

- Ida Biot (employee of non-party BMW AG) [4];
- Timo Poser (Chief Financial Officer of non-party RRMCL)
- Kubilay Topal (President/founder of Topalsson);
- Other current or former employees of Topalsson with knowledge of the derivation and development of Topalsson's alleged copyrighted software;
- Other current or former employees of RRNA;
- Other current or former employees of RRMCL;
- Bill McHugh (employee of non-party RRNA);
- Other current or former employees of Defendants (to be determined);

Key Documents:

- The 2019 Service Agreement between RRMCL and Plaintiff;
- Documents relating to the success or failure of Topalsson's software and contract termination;
- Topalsson's source code, including the source(s) thereof, drafts of source code and deliveries to RRMCL per the 2019 Service Agreement;
- Topalsson's copyrights (Dkts. 44-1, 44-2, 44-3, 44-4);
- Copies of Topalsson's deliveries to RRMCL;
- Source code for the visualizer/configurator as implemented at Defendants' dealerships;
- Documents evidencing the visualizer software that was provided to the dealers and how the dealers obtain and use the software;
- Documents relating to the contract between RRMCL, BMW AG and third party Mackevision;
- Documents relating to third party Mackevision, including what information and materials were provided to them and the scope of work;

---

[4] Topalsson also believes Ida Biot was a joint RRMCL and BMW AG employee during the relevant timeframe. Defendants assert that Ida Diot was at all times an employee of only BMW AG.

- Documents and source code of the original EVE (BMW) software on which the Mackevision fallback solution was based, and evidence of the further development of that software by Mackevision;
- 3D images of Rolls-Royce vehicles owned by RRMCL/BMW provided to Topalsson;
- Documents showing the materiality of the visualizer/configurator to Defendants' sales of Rolls-Royce vehicles, and Defendants' sales of Rolls-Royce vehicles based on the visualizer/configurator; and
- Communications regarding the above.

**5.  Damages**

**Plaintiff's Statement On Damages**

Topalsson seeks to disgorge Defendants' profits allegedly earned as a result of their infringement of Topalsson's copyrights under 17 U.S.C. § 504 based on profits earned on customizations configured for each Rolls Royce vehicle sold from 2020 to present using Topalsson's copyrighted software. The number of customized vehicles sold is within Defendants' possession, as are the gross revenues earned as a result of sales made resulting from use of Topalsson's copyrighted software.

**Defendants' Statement On Damages**

Defendants deny that they are liable for any of Plaintiff's claims and that Plaintiff is entitled to any relief.  Defendants also contend that Plaintiff would not be entitled to statutory damages.

**6.  Insurance**

Not applicable.

**7.  Motions**

    **(a)  Procedural Motions**

Topalsson does not currently anticipate filing a motion seeking to add other parties or claims or to amend the pleadings. Should it determine in discovery that it

must do so, it will comply with the proposed deadline for adding parties or amending pleadings.

Defendants do not anticipate filing any motions to add parties, further amend the pleadings, or transfer venue at this time.

**(b)    Dispositive Motions**

Topalsson may file a motion to summary judgment regarding Defendants affirmative defense of license, as well as other motions for summary judgment and motions *in limine*.

Defendants expect to file motions for summary judgment, as well as motions *in limine*.

Given the likely importance of expert testimony in the case and to the dispositive motions, the Parties propose that the Court allow briefing and hear Rule 702 motions along with motions for summary judgment. Accordingly, the Parties propose that the last date to hear Rule 702 motions and motions for summary judgment is set for December 13, 2024. The Parties will also seek clarification with the Court at the Scheduling Conference if the Court's deadlines and process in his Standing Order re Motions for Summary Judgment takes precedence over the deadlines set in the Scheduling Worksheet.

**(c)    Class Certification Motion**

Not applicable.

**8.    Manual for Complex Litigation**

Not applicable.

**9.    Discovery**

**(a)    Status of Discovery**

Per the Court's Order Setting Scheduling Conference (Dkt. 66), the parties have agreed to begin discovery and have been complying with the letter and spirit of FRCP 26(a) including an agreed-up exchange of initial disclosures pursuant to FRCP 26(a)(1) on or before January 24, 2024.

**(b)　　Discovery Plan**

(1) *Changes to Rule 26(a) Disclosures:* The parties have not yet begun discovery due to the need to negotiate and enter into a protective order. Defendants will request that Plaintiff identify with specificity what they contend was copied or infringed plaintiff's copyright (including but not limited to source code), and that plaintiff's claim to have already specified what was copied does not absolve plaintiff from having to provide charts in response to contention interrogatories. Defendants propose that such contention interrogatories not be counted against the number of interrogatories permitted under the Federal Rules. *See QTL Corp. v. Kaplan*, No. C-97-20531 EAI, 1998 WL 303296, at *2 n.3 (N.D. Cal. Feb. 2, 1998) (allowing defendant to "request additional interrogatories from the Court if it needs them to uncover [plaintiff's] copyright infringement contentions" and including the request. "in the parties' joint case management conference statement"). Plaintiff disagrees with this request and specifically disagrees that such contention interrogatories should not be counted against the number of interrogatories permitted under the Federal Rules. The parties do not currently propose any other changes to the disclosures under FRCP 26(a) at this time.

(2) *Subjects of Discovery.* The subjects of discovery will include all matters relevant to any and all claims and defenses as permitted under the Federal Rules of Civil Procedure and relevant case law, including facts pertinent to federal copyright law.

(3) *Issues Of Disclosures, Discovery, ESI:* The Parties note that this case will likely involve third-party discovery, at least from non-parties BMW AG, RRMCL, and RRNA. The Parties believe that to the extent discovery of third parties is necessary, they will attempt to negotiate disclosure of third parties consistent with U.S., German and English/international law.

If deemed necessary, the Parties shall negotiate an ESI order for submission to the Court. The Parties are aware of their evidence preservation obligations and

have taken steps to preserve relevant materials. At this time, the Parties have no reason to believe there are any issues regarding evidence preservation.

(4) *Issues About Claims of Privilege.* The Parties agree to use the procedures set forth in Federal Rule of Civil Procedure 26(b)(5) to resolve any disputes regarding claims of privilege or protecting materials asserted as being for trial-preparation.

(5) *Limitations on Discovery.* The parties do not currently suggest any alteration to any applicable discovery limits at this point in time. The parties will negotiate and attempt to submit an agreed protective order to govern the discovery of highly confidential information in this case, including source code discovery, which is directly relevant to the issue of infringement.

**(c)   Discovery Cut-off**

The proposed schedule in the accompanying Schedule of Pretrial and Trial Dates Worksheet indicates the time that the parties reasonably believe they will need for discovery. The Parties expect discovery to take an extended amount of time given (1) the need to conduct international discovery and comply with the laws (including discovery and privacy laws) of various countries including Germany (which restricts discovery of non-parties such as BMW AG) (2) the various pending related cases involving the same parties and/or witnesses and/or subject matter, including the pending criminal investigation in Germany; (3) the need to translate various documents in English; and (4) the potential need for interpreters for one or more German witnesses. Thus, with the Parties understanding the burden of such international discovery, discovery will be an extended process here.

The parties propose a discovery cut-off date of July 17, 2024 to complete all fact discovery including the resolution of all fact discovery motions. However, given the issues identified above, the parties may submit a joint stipulation to extend fact discovery and all following dates.

**(d)   Expert Discovery**

The parties propose that initial expert witness disclosures be made on August 14, 2024 by the party who bears the burden.

The parties propose that rebuttal expert witness disclosures be made on September 11, 2024.

The parties propose an expert discovery cut-off date of October 4, 2024.

**10.   Settlement Conference/Alternative Dispute Resolution (ADR)**

The parties have not yet had any settlement negotiations, but the parties remain open and encouraging to any potential settlement negotiations.

With regard to ADR, if applicable, the parties would prefer a private mediator over either the Magistrate Judge or the Court Mediation Panel.

**11.   Trial**

**(a)   Trial Estimate**

Plaintiff estimates 4 days of trial by jury, excluding jury selection and deliberations.  Defendants estimate 5 days of trial by jury, excluding jury selection and deliberations.  At this time, Topalsson contemplates calling 4 fact witnesses and 2 expert witnesses. At this time, Defendants contemplate calling 7-8 fact witnesses and 2-3 expert witnesses.

**(b)   Jury or Court Trial**

Plaintiff has requested a trial by jury.

**(c)   Consent to Trial Before a Magistrate Judge**

The parties do not consent to try the case before a magistrate judge.

**(d)   Lead Trial Counsel**

Plaintiff: Eric Buresh will serve as lead trial counsel with Lydia Raw and Carrie Bader also participating in the trial.

Defendants: John Froemming will serve as lead trial counsel with Nicole Smith also participating in the trial.

**(e) Independent Expert or Master**

The parties do not suggest, or anticipate the need for, a Court appointed master pursuant to FRCP 53 or an independent scientific expert at this point in time.

**12. Other Issues**

**Plaintiff's Statement**

Topalsson notes that although Defendants identify a number of other issues relating to technical complexity, foreign non-parties, and foreign proceedings, it reiterates that this case represents a straight-forward question under United States law of whether the Defendants infringe Topalsson's U.S. copyrights. Further, issues such as whether Topalsson owns the rights in its pre-existing software has already been determined by the UK court, which found that Topalsson owned the Supplier Software (e.g., the software supplied by Topalsson to non-party RRMC) and any software in RRMC's possession or copying of the same would amount to infringement. Further, Topalsson's appeal of the UK judgment relating to that court's other findings may further be impacted by the outcome and release of evidence from the German criminal copyright action, which is ongoing. With respect to identification of the relevant copyright rights at issue, the deposit materials for the registered copyrights, along with source code inspection, resolves the issues of identifying the code and the relevant copyright rights infringed by Defendants.

Topalsson also notes that the relevant third-parties are represented by counsel for Defendants and Defendants share a corporate/business relationship with the relevant third-parties. Accordingly, Topalsson trusts that counsel for the parties will be able to efficiently and amicably resolve any issues regarding third-party discovery.

**Defendants' Statement**

Defendants disagree with Topalsson's statement that the UK court found that any software in RRMC's possession or copying of the same would amount to infringement. The UK court did not find that all software supplied by Topalsson to

RRMCL is owned by Topalsson; the agreement provided and the UK court agreed that Supplier Software refers to plaintiff's pre-existing software. Defendants also disagree that Topalsson's deposit of the registered copyrights and any source code inspection resolves issues regarding the source, validity, and ownership of the visualization software. Moreover, Defendants disagree that Mackevision (now Accenture Song) is represented by counsel for Defendants and Defendants share a corporate/business relationship with Mackevision.

**Unusually Complex Technical Issues.** Topalsson's Complaint asserts software copyright infringement, which raises unusually complex technical issues as to what specific software is owned by Topalsson and what specific source code or other software Topalsson contends was infringed. Accordingly, Defendants believe that early claims disclosures by Topalsson would be appropriate and necessary to identify and focus any infringement issues.

**Related Litigations.**

**UK**. As noted above, Topalsson and RRMCL have litigated competing claims for breach of the underlying software development agreement. The English case was tried in fall of 2022. In July 2023, the English Court sided with RRMCL, held Plaintiff Topalsson liable for breach of the Agreement and RRMCL not liable for any breach, and ordered Plaintiff Topalsson to pay RRMCL €5,793,082 in damages, with interest and attorneys fees. Topalsson is seeking to appeal that Judgment.

**German**. Topalsson has thus far failed to pay the UK Judgment, so RRMCL has instituted involuntary insolvency proceedings against Topalsson in Germany.

**German Investigation**. Topalsson initiated a criminal copyright infringement investigation of certain individuals who are current or former employees of BMW AG and/or RRMCL.[5]

---

[5] The names of these individuals are confidential under German law.

**Non-English Speaking Witnesses.** One or more percipient witnesses in Europe may require an interpreter.

**Discovery in Foreign Jurisdictions.** As noted above, German law prohibits discovery of non-parties, such as BMW AG. Any software-related discovery of German non-parties would therefore have to be negotiated and could not occur in Germany.

Respectfully submitted,

DATED: January 12, 2024              ERISE IP

By: /s/ Carrie A. Bader
    Carrie A. Bader

    Attorney for Plaintiff
    Topalsson GmbH

DATED: January 12, 2024              JONES DAY

By: /s/ John Froemming (w/ permission)
    John Froemming

    Attorney for the Defendants

---

Defendants' understanding is that Germany provides a similar right against self-incrimination in criminal matters as provided under the Fifth Amendment of the United States Constitution. *See* German Code of Criminal Procedure § 136.

Topalsson recently has sought to stay its own application for permission to appeal the UK judgment based on the pending criminal investigation in Germany.

## **ATTESTATION**

In accordance with Civil Local Rule 5-4.3.4(a)(2), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated:, January 12, 2024

/s/ Ben M. Davidson
Ben M. Davidson

# EXHIBIT A

**JUDGE WESLEY L. HSU**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. 2:23-cv-001823 | Case Name: Topalsson v. Bayerische Motoren Werke AG, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one: [✓] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (*Tuesday* at 9:00 a.m., within 12 months of Scheduling Conference) Estimated Duration: 4 Days | | 03/25/2025 | [ ] Jury Trial [ ] Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (*Friday* at 3:00 p.m., at least 18 days before trial) | | 03/07/2025 | |
| **Event [1]** **Note:** Hearings shall be on *Fridays* at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC[2]** | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Friday] | | 03/01/2024 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 07/17/2024 | |
| Expert Disclosure (Initial) | 16 | 08/14/2024 | |
| Expert Disclosure (Rebuttal) | 14 | 09/11/2024 | |
| Expert Discovery Cut-Off | 14 | 10/04/2024 | |
| Last Date to Hear Motions • Rule 56 Motion due at least 6 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 12/13/2024 | |
| Last Date to Hear *Daubert* Motions | 8 | 12/13/2024 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [✓] 3. Private Mediation | 5 | 01/31/2025 | [ ] 1. Mag. J. [ ] 2. Panel [✓] 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 02/07/2025 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 02/21/2025 | |

---

1  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2  The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.