DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
ben@dlgla.com
4500 Park Granada Boulevard,
Suite 202
Calabasas, CA 91302
Telephone: (310) 473-2300

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Carrie Bader (*pro hac vice*)
Carrie.bader@eriseip.com
Lydia C. Raw (*pro hac vice*)
Lydia.raw@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211

*Attorneys for Plaintiff Topalsson GmBH*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOPALSSON GmbH,<br><br>v.<br><br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGo European Motorcars, LLC;<br>Orange County British Motorcars, LLC; and<br>Westlake Coach Company, LLC. | Case No. 2:23-cv-1823-WLH-PVC<br><br>**Plaintiff's Request for Issuance of a Letter of Request: Memorandum of Points and Authorities**<br><br>Date: July 12, 2024<br>Time: 9 a.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu |

## I. INTRODUCTION

Plaintiff Topalsson GmbH ("Topalsson") respectfully requests the issuance of a Letter of Request seeking evidence from non-party Rolls-Royce Motor Cars Limited ("RRMCL") which is located in the United Kingdom. The crux of this case is whether the configurator software used by the Defendants—who are all car dealerships that sell Rolls-Royce vehicles—contains Topalsson's copyrighted source code. Topalsson has sought discovery from the Defendants and from the relevant North American Rolls-Royce entity (Rolls-Royce Motor Cars N.A., LLC). None have access to the source code underlying the accused configurator software. As set out in Exhibit A, Topalsson also seeks the documents that confirm that Topalsson provided source code to RRMCL and the documents that confirm that RRMCL subsequently provided source code and other materials created by Topalsson to the companies that created the accused configurator software for RRMCL. The Court has the authority to issue the Letter of Request, and, in the circumstances of this case, it is appropriate to issue it.

## II. FACTUAL BACKGROUND

RRMCL was originally a defendant in this case accused of copyright infringement. Dkt. 1. It was dropped from this case on the basis of a forum selection clause in a contract between RRMCL and Topalsson. Dkt. 61. However, as set out in greater detail in the Amended Complaint (Dkt. 44), RRMCL hired Topalsson to create a modern vehicle configurator for Rolls-Royce vehicles. Dkt. 44 at ¶ 4. Topalsson provided deliveries of software and other materials to RRMCL, including copyrighted Topalsson software. *Id.* at ¶¶ 4-5, 42-48. The contract between RRMCL and Topalsson was terminated in early 2020, and RRMCL hired other companies— including Topalsson's competitor Mackevision Medien Design GmbH—to continue to develop new configurator software for RRMCL. *Id.* at ¶¶ 49-52.

2

Case. No. 2:23-CV-01823-WLH-PVCx
PLAINTIFF'S MOTION FOR ISSUANCE
OF LETTER OF REQUEST

1    Ultimately, O'Gara Coach Company, LLC; Rusnak/Pasadena Corporation; indiGo European Motorcars, LLC; Orange County British Motorcars, LLC; and Westlake Coach Company, LLC ("the Defendants") received and began to use new configurator software at their dealerships. Mr. Topal, the founder and CEO of Topalsson, personally visited the Defendant dealerships and witnessed their use of the new configurator software. *Id.* at ¶¶ 11-13. It was evident to Mr. Topal that Topalsson's software had been used without permission. *Id.*

Topalsson's first interrogatory in this case asked the Defendants to identify the software that Defendants use to sell or order customized vehicles by name. As a result, Topalsson now knows that Defendants call the software provided for dealership-specific use the "Showroom Visualizer," Defendants call the software available online the "Rolls-Royce marketing configurator" or the "Web Configurator," and Defendants refer to the ordering tool that relates to the configurator the "Rolls-Royce ordering configurator." Raw Decl., Ex. 3 at 5-6. Since receiving that interrogatory response, Topalsson's discovery requests have accordingly used that terminology.

Notably, when Mr. Topal visited the dealerships, he was shown both Web Configurator and the Showroom Visualizer. Topal Decl. at ¶¶ 47-50. However, as he explains in detail in his declaration, which accompanies the letter of request, both the Web Configurator and the Showroom Visualizer use the same underlying core software; the only difference is what frontend is included. *Id.* at ¶¶ 36, 48. Mr. Topal understood then and still believes that the core software (regardless of which frontend is used) infringes Topalsson's copyrights. *Id.* at ¶¶ 35-46.

Numerous specific reasons why Mr. Topal understands that Topalsson software was taken without permission are set forth in his declaration. *Id.* For example, the Rolls-Royce configurator now uses a configuration string which has the specific structure and formatting used in Topalsson's DTE solution as well as the underlying switching/software logic of Topalsson's DTE solution. *Id.* at ¶¶ 44-45. This

3

Case. No. 2:23-CV-01823-WLH-PVCx
PLAINTIFF'S MOTION FOR ISSUANCE
OF LETTER OF REQUEST

configuration string is used throughout the software—in the Web Configurator, the Showroom Visualizer, and ultimately in the ordering system. *Id.* Mr. Topal also identifies specific typos and unique phrasings and spellings from materials created by Topalsson that can also be found in the Rolls-Royce configurators used at the dealerships. *Id.* at ¶¶ 40-41. These provide evidence that Topalsson created materials were passed on by RRMCL to third parties who created the configuration software now used at the dealerships, and Topalsson explains why there would be no reason to continue to use this information unless the underlying code protected by copyright is also used. *Id.* This evidence is in addition to the fundamental software changes—modular architecture, real-time image generation, etc.—that are a hallmark of Topalsson's configurator software and were not previously available to RRMCL. *Id.* at ¶¶ 14-20.

Prior to bringing this request, Topalsson sought discovery of the source code corresponding to the Web Configurator, the Showroom Visualizer, and the corresponding portions of the ordering system from Defendants and Rolls-Royce Motor Cars N.A., LLC. All entities responded that they do not have access to the source code, necessitating this Letter of Request.

### III.  LEGAL STANDARDS

A letter of request or letter rogatory "is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). The United States and the United Kingdom are both signatories to the Hague Evidence Convention, which permits "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C. § 1781, *see also* 23 U.S.T. 2555. Rule 28(b)(1) of the Federal Rules of Civil Procedure provides for the taking of a deposition in a foreign country "under an applicable treaty or convention."

4

Case. No. 2:23-CV-01823-WLH-PVCx
PLAINTIFF'S MOTION FOR ISSUANCE
OF LETTER OF REQUEST

Judges in this circuit have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that "[t]he opposing party must show good reason for a court to deny an application for a letter rogatory." *S.E.C. v. Leslie*, C 07-03444 JF (PVT), 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009); *Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 631537 at *2 (N.D. Cal. Feb. 18, 2014); *Vincent v. Classic Party Rentals, Inc.*, No. CV 09-28-RGK (AGRX), 2009 WL 10674433, at *1 (C.D. Cal. Oct. 22, 2009) (noting application of good cause standard).

Motions for letters of request are subject to the standards of Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

### IV. ARGUMENT

The information sought by Topalsson's Letter of Request complies with the standards of Federal Rule of Civil Procedure 26(b). RRMCL has documents and information that are highly relevant to Topalsson's copyright infringement case because of its relationship to the Defendants and to the Accused Software, as detailed above. *See generally,* Topal Decl.

Specifically, RRMCL has documents and information that relate to Topalsson's delivery of software to RRMCL, the third-party companies hired to make the accused software used by the dealerships, the Topalsson software shared with those third-party companies, and Defendants' various defenses to copyright infringement. *See also* Raw Decl. at ¶¶ 8-12. Accordingly, RRMCL has documents and information that relate to the "access" prong of copyright infringement. RRMCL also has the underlying source code for the Rolls-Royce configurator software, which will confirm that the software used at the Defendant dealerships includes material taken from

5

Case. No. 2:23-CV-01823-WLH-PVCx
PLAINTIFF'S MOTION FOR ISSUANCE
OF LETTER OF REQUEST

Topalsson without permission. Therefore, Topalsson's requests are highly likely "to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

Likewise, a deposition of Mr. Jan-Hendrick Hoffman is highly likely to lead to admissible evidence.  Fed. R. Civ. P. 26(b). He was personally involved in the Rolls-Royce configurator project and he was personally involved in RRMCL's relationship with Mackevision and other companies that worked on the software accused of infringement. *See* Topal Decl. at ¶¶ 61-63. Testimony from a RRMCL witness will also allow Topalsson to authenticate produced evidence for purposes of use at trial.

Defendants have indicated that they oppose the portions of the Letter of Request that relate to the Web Configurator. The Letter of Request seeks the source code underlying the Web Configurator used at Defendants' dealerships and related documents that are highly relevant to Topalsson's copyright infringement case. Topalsson's Amended Complaint states:

> "On information and belief, each of the Dealership Defendants are selling Rolls-Royce vehicles in the United States using configurator software that incorporates copyrighted portions of Topalsson's DTE and VARY software and/or software derived from Topalsson's copyright protected DTE and VARY software. Such use is not licensed. The Dealership Defendants have therefore infringed Topalsson's copyrights."

Dkt. 44 at ¶ 64. This allegation was made based on the personal experience of Mr. Topal, the CEO of Topalsson. He personally visited the Defendant dealerships before this suit was filed. He personally witnessed the dealership's use of new configurator software that included distinctive features which indicated to him that Topalsson's software had been taken and used in violation of copyright law. Dkt. 44 at ¶ 13. Moreover, Mr. Topal personally witnessed the dealership salespeople displaying configurator software using a laptop, and ipad, and a 4K screen, and personally was

6

Case. No. 2:23-CV-01823-WLH-PVCx
PLAINTIFF'S MOTION FOR ISSUANCE
OF LETTER OF REQUEST

shown the online version of the configurator on a laptop at a Rolls-Royce dealership. *See* Topal Decl. at ¶¶ 47-48. Everything that he was shown at the dealerships is part of the "new Rolls-Royce configurator" which is accused of infringement. Dkt. 44 at ¶ 54. The Web Configurator and the Showroom Visualizer are simply two frontends that rely on the same underlying core software used to configure Rolls-Royce vehicles. Topal Decl. at ¶¶ 36, 48. Defendants cannot seriously contend that they are unaware of their own sales practices. Mr. Topal was shown the new Rolls-Royce configurator software in multiple forms through multiple frontends. There is simply no daylight to claim that one frontend is any less a part of the new configurator software than another.

## V.  **CONCLUSION**

For all of these reasons, Topalsson requests that the Court sign under seal and issue the attached Letter of Request to the appropriate authority in conformity with Article 2 of the Hague Convention, including a request for documents and that counsel for Topalsson be permitted to conduct the requested depositions, in the form as attached as Exhibit A. Topalsson requests that the Court provide an original of the executed Letter of Request to Topalsson's undersigned counsel for forwarding to the appropriate authority in the United Kingdom of Great Britain and Northern Ireland. Topalsson's counsel will then transmit the executed Letter of Request to the United Kingdom of Great Britain and Northern Ireland for execution.

7

Case. No. 2:23-CV-01823-WLH-PVCx
PLAINTIFF'S MOTION FOR ISSUANCE
OF LETTER OF REQUEST

| | | |
|---|---|---|
| 1 | Date: June 10, 2024 | Respectfully submitted, |
| 2 | | By: /s/ *Lydia C. Raw* |
| 3 | | ERISE IP, P.A.<br>Eric A. Buresh (*pro hac vice*) |
| 4 | | Carrie Bader (*pro hac vice*) |
| 5 | | Lydia C. Raw (*pro hac vice*) |
| 6 | | DAVIDSON LAW GROUP<br>Ben M. Davidson (Bar No. 181464) |
| 7 | | |
| 8 | | **Attorneys for Plaintiff Topalsson GmbH** |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 10, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ Lydia C. Raw

8

Case. No. 2:23-CV-01823-WLH-PVCx
PLAINTIFF'S MOTION FOR ISSUANCE
OF LETTER OF REQUEST