UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-01823-WLH-PVC | Date | 9/19/2024 |
|---|---|---|---|
| Title | Topalsson GmbH v. Bayerische Motoren Werke AG, et al. | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO MODIFY CASE SCHEDULE [80]**

The Court is in receipt of Plaintiff's Motion to Modify Case Schedule (Docket No. 80-1). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 22 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for September 20, 2024, is **VACATED**, and the matter taken off calendar.

I.  BACKGROUND

This copyright infringement case turns on whether Defendants used Plaintiff software company TOPALSSON's proprietary source code without a license. TOPALSSON develops software that aids car dealerships in the sale of luxury vehicles, known as a configurator (Mot. to Modify Case Sched., Docket No. 80-1 at 2). TOPALSSON entered into an agreement in 2019 with UK-based company Rolls-Royce Motor Cars Limited ("RRMCL") to create such a configurator for Rolls-Royce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

dealerships. (*Id.*). The contract was terminated in 2020, thereby ending RRMCL's rights to use TOPALSSON's source code. (*Id.*). TOPALSSON alleges, however, that RRMCL hired third parties to continue building a configurator for RRMCL, using the proprietary source code as a foundation. (*Id.*). Despite considerable efforts, TOPALSSON was unable to make such a determination through discovery processes with US-based entities. (*Id.*). Thus, it was necessary to turn to international discovery processes. Accordingly, Plaintiff requested issuance of a Letter of Request on June 10, 2024. (Docket No. 76). Plaintiff then moved to modify the case schedule on June 14, 2024, to allow more time for this crucial discovery. (Mot. to Modify Case Sched., Docket No. 80-1). The parties subsequently filed a joint stipulation on August 5, 2024, to stay the case pending a decision on the motion to modify the case schedule, which, in turn, has depended on the outcome of the Letter of Request. (Joint Stip. to Stay Case, Docket No. 95).

Judge Castillo granted TOPALSSON's request for issuance of a Letter of Request on August 20, 2024. (Memo. Decision and Order Re: Plaintiff's Request for Issuance of Letter of Request, Docket No. 103). International discovery is currently underway. Given this development, it is appropriate to consider the requested modification of the case schedule. Defense presented no opposition to the motion.

## II. DISCUSSION

### A. Legal Standard

A case schedule may be modified only for "good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). In evaluating 'good cause,' courts look to the diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A court may grant such a modification if scheduling deadlines cannot be met despite the party's demonstrated diligence. *Id.* This standard is "non-rigorous" and construed liberally. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

1253, 1259 (9th Cir. 2010). In the absence of bad faith or misrepresentation of the reasoning behind the modification, such requests should "'normally…be granted[.]'" *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1165 (3d ed. 2004)).

B.    <u>Analysis</u>

Plaintiff TOPALSSON has demonstrated diligence throughout the discovery process; before turning to international discovery mechanisms, TOPALSSON first sought to determine via US-based sources whether Defendants relied on the proprietary source code. (Mot. to Modify Case Sched., Docket No. 80-1 at 7). Upon learning that the relevant information was not obtainable from US-based entities, TOPALSSON promptly turned to alternative channels. (*Id.*). Within two days of learning that Rolls-Royce's US-based entity could not provide access to the source code, TOPALSSON provided its draft Letter of Request to Defendants, prepared to undertake international discovery. (*Id.* at 8). TOPALSSON's efforts appear to be consistently prompt and diligent, and the delays seem most attributable to the complicated nature of international discovery. Further, there is no evidence to indicate any bad faith on Plaintiff's part, nor misrepresentation of the reasoning behind the request. Rather, despite best efforts, deadlines could not be met due to the difficulty and unfamiliarity of conducting discovery with foreign parties.

Plaintiff has demonstrated good cause, and therefore the motion is GRANTED. The Scheduling Order is therefore ORDERED to be modified as set out below:

| Event | Current Date | New Date |
|---|---|---|
| Fact Discovery | 7/17/2024 | 1/17/2025 |
| Initial Expert Disclosure | 8/14/2024 | 2/10/2025 |
| Rebuttal Expert Disclosure | 9/11/2024 | 3/13/2025 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Motions for Summary Judgment | 11/1/2024 | 5/1/2025 |
| Opposition to Motions for Summary Judgment | 11/15/2024 | 5/15/2025 |
| Replies to Oppositions to Motions for Summary Judgment | 11/22/2024 | 5/22/2025 |
| Last Date to Hear *Daubert* Motions | 12/13/2024 | 6/13/2025 |
| Complete Settlement Conference | 1/31/2025 | 7/31/2025 |
| Parties Exchange Proposed General and Special Jury Instructions | 1/31/2025 | 7/31/2025 |
| Parties Exchange Objections to Jury Instructions | 2/7/2025 | 8/8/2025 |
| Parties Meet and Confer to Agree to One Joint Set of Proposed Jury Instructions | 2/14/2025 | 8/13/2025 |
| Trial Filings First Round | 2/17/2025 | 8/18/2025 |
| Parties File Joint Agreed Upon Proposed Jury Instructions | 2/21/2025 | 8/21/2025 |
| Parties File Joint Statement of the Case | 2/21/2025 | 8/21/2025 |
| Trial Filings Second Round | 2/21/2025 | 8/21/2025 |
| Pretrial Conference | 3/7/2025 | 9/5/2025 at 3:00 p.m. |
| Email Court Reporter with Unusual Phrases, Names, Words | 3/18/2025 | 9/15/2025 |
| Trial | 3/25/2025 | 9/22/2025 at 9:00 a.m. |

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Modify to Modify Case Schedule is **GRANTED**.

**IT IS SO ORDERED.**