DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
ben@dlgla.com
4500 Park Granada Boulevard,
Suite 202
Calabasas, CA 91302
Telephone: (310) 473-2300

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Carrie Bader (*pro hac vice*)
Carrie.bader@eriseip.com
Lydia C. Raw (*pro hac vice*)
Lydia.raw@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211

*Attorneys for Plaintiff Topalsson GmBH*

Nicole M. Smith (Bar No. 189598)
Email: nmsmith@jonesday.com
John O'Donnell (Bar No. 318054)
Email: jodonnell@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Tharan Gregory Lanier (Bar No. 138784)
Email: tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

*Attorneys for the Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPALSSON GmBH,<br><br>v.<br><br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGo European Motorcars, LLC;<br>Orange County British Motorcars, LLC; and<br>Westlake Coach Company, LLC. | Case No.  2:23-cv-1823-WLH-PVC<br><br>**JOINT MOTION TO MODIFY THE CASE SCHEDULE**<br><br>Date: January 24, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu |

1
2
3

## **Table of Contents**

**I.    INTRODUCTION** .................................................................................**1**

**II.  LEGAL STANDARDS**.............................................................................**2**

**III. ARGUMENT** .........................................................................................**3**

**IV. CONCLUSION** ........................................................................................**4**

Case. No. 2:23-CV-01823-WLH-PVCx
JOINT MOTION
TO MODIFY CASE SCHEDULE

1

# <u>TABLE OF AUTHORITIES</u>

2

3

## <u>Cases</u>

4

*Ahanchian v. Xenon Pictures, Inc.*,
5
624 F.3d 1253 (9th Cir. 2010)........................................................................3

6
*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
7
No. C-07-5944-SC, 2014 WL 5462496 (N.D. Cal. Oct. 23, 2014) .........................3

8
*Johnson v. Mammoth Recreations, Inc.*,
9
975 F.2d 604 (9th Cir. 1992).........................................................................2

10

11

12

## <u>Rules</u>

13
FED. R. CIV. P. 16(b)(4) ...............................................................................2

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case. No. 2:23-CV-01823-WLH-PVCx
JOINT MOTION
TO MODIFY CASE SCHEDULE

## I.    INTRODUCTION

The Parties respectfully request that the Court modify the scheduling order to accommodate the ongoing English Court proceedings relating to Plaintiff Topalsson GmbH's ("Topalsson") Letter of Request to Rolls-Royce Motor Cars Limited ("RRMCL") and to allow the Defendant dealerships sufficient time to complete discovery thereafter.

This is a copyright infringement case, where the central question of infringement turns on whether or not Topalsson's source code was copied. This requires a comparison between Topalsson's copyrighted source code and the source code of the allegedly infringing software. The Defendants do not have access to and cannot produce the source code used in the accused software.

In order to obtain the source code, Topalsson requested (Dkt. 76) and this Court issued (Dkt. 109) a Letter of Request to Rolls-Royce Motor Cars Limited, a company located in the United Kingdom. Topalsson then moved forward with effectuating the Letter of Request through the English Courts and filed its application on November 25, 2024. The English Court granted Topalsson's application without modification on December 16. The application has been served, and RRMCL and the deponent have until December 23 to file an application to modify or set aside the application. It is expected that they will do so. RRMCL and Topalsson will then attempt to reach a compromise on the scope of the Letter of Request. If they are unable to reach an agreement, the matter will likely be set for hearing, which is likely to take place no sooner than February 2025. At the hearing, the judge will most likely hand down judgment orally. If the judge allows all or part of the Letter of Request discovery to take place, the order would likely provide RRMCL 28 days to comply.

Once the source code has been produced, Topalsson will be able to provide Defendants with a specific identification of the allegedly protectable elements of Topalsson's source code which have allegedly been copied (i.e. "Infringement

Case. No. 2:23-CV-01823-WLH-PVCx
JOINT MOTION
TO MODIFY CASE SCHEDULE

Contentions"). After that, Defendants require time to complete necessary follow-up discovery, including depositions, based on the contentions provided by Topalsson. The current schedule does not allow sufficient time for this discovery to take place. Currently, fact discovery is scheduled to close on January 17, 2025.

The Parties have conferred and agree that an extension is necessary for fact discovery to conclude in an orderly fashion in this case. Accordingly, the Parties jointly propose that after Topalsson reviews the source code produced by RRMCL, Topalsson will provide Infringement Contentions within 30 days. The Parties further jointly propose that the close of fact discovery be no less than five months after the Infringement Contentions are provided. The Proposed Order, provided concurrently with this motion, identifies a proposed schedule consistent with this agreement and with the expected timeline of the English Letter of Request proceedings.

The Parties seek this extension not for delay, but for good cause and in the interests of justice. The proposed extension acknowledges the realities of how long it takes to obtain discovery through a request under the Hague Convention, and further will provide sufficient time for the Parties to complete discovery once they have certainty regarding the scope of what source code was allegedly copied. For these reasons and the reasons discussed further below, good cause supports this extension.

## II.    LEGAL STANDARDS

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

In determining whether good cause exists, the primary consideration is "the diligence of the party seeking the amendment." *Id.*  A district court may modify a scheduling order if the schedule "cannot reasonably be met despite the diligence of

1    the party seeking the extension." *Id.* "Good cause" is a non-rigorous standard that has
2    been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon*
3    *Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "[C]entering the good cause
4    analysis on the moving party's diligence prevents parties from profiting from
5    carelessness, unreasonability, or gamesmanship, while also not punishing parties for
6    circumstances outside their control." *In re Cathode Ray Tube (CRT) Antitrust Litig.*,
7    No. C-07-5944-SC, 2014 WL 5462496, at *9 (N.D. Cal. Oct. 23, 2014).

8    ### III.    ARGUMENT

9    Good cause to extend the close of fact discovery exists in this case. This Court
10   granted Topalsson's motion for issuance of a Letter of Request to RRMCL. (Dkt.
11   103.) Topalsson's English Counsel opened new proceedings and drafted and filed the
12   required application (motion) on November 25, 2024, which consisted of an
13   Application Notice, a Draft Order, a detailed Witness Statement summarizing the US
14   proceedings and US Letter of Request proceedings, a detailed Draft Order, and an
15   Exhibit comprising over 1,200 pages. Topalsson also applied for confidentiality
16   restrictions to apply to the court file, the examination and the examination transcript
17   given the nature of the materials.

18   The English Court granted Topalsson's application without amendment on
19   December 12th, and RRMCL has until next Monday, December 23rd to file its motion
20   to modify or amend the request. After that, there is every expectation that the matter
21   will resolve promptly in early 2025.

22   Whether or not the source code underlying the accused software infringes
23   Topalsson's copyrighted source code is a central question of this case. Without access
24   to that source code, there is no way for the Court or the jury to make a decision on the
25   merits resolving this fundamental dispute. That the materials for which a discovery
26   extension sought are "critical for [Topalsson's] case against [Defendants]" supports
27   good cause for the amendment. *In re Cathode*, 2014 WL 5462496, at *8.

28

Case. No. 2:23-CV-01823-WLH-PVCx
JOINT MOTION
TO MODIFY CASE SCHEDULE

Relatedly, once Topalsson's expert has had a chance to review the accused source code, it will crystalize the scope of the case. Topalsson will be able to provide Infringement Contentions that identify with specificity those portions of Topalsson's source code that are allegedly protectable and infringed, and it has agreed to do so 30 days after its experts have a chance to review the accused code. Once the Infringement Contentions have been provided, Defendants require time to complete discovery on their defenses which may include, for example, review of Topalsson's source code, depositions, and targeted additional written and document discovery. The Parties have conferred and jointly propose that fact discovery should close at least five months after Topalsson has provided its Infringement Contentions. This request is supported by good cause because the Parties could not have served targeted discovery based on the specific portion(s) of Topalsson's source code that have been allegedly copied without permission until Topalsson is able to review the accused source code and provide Infringement Contentions.

This request is also timely. The close of fact discovery is currently January 17, 2025. (Dkt. 112.) Topalsson reached out to Defendants on December 6 to discuss scheduling. The Parties first conferred on Thursday, December 12, the same day that the English Court granted Topalsson's application to give effect to the Letter of Request. No deadlines have yet been missed, and this request is not made for the purpose of delay, but rather so that the Parties can develop their respective claims and defenses for trial.

## IV.    CONCLUSION

For the foregoing reasons, there is good cause to modify the current case schedule to allow time for the English proceedings relating to Topalsson's Letter of Request to conclude and to allow the Defendant dealerships sufficient time to complete discovery thereafter.

Case. No. 2:23-CV-01823-WLH-PVCx
JOINT MOTION
TO MODIFY CASE SCHEDULE

Dated: December 20, 2024

Respectfully submitted,

By: /s/ *Lydia C. Raw*

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
Carrie Bader (*pro hac vice*)
Lydia C. Raw (*pro hac vice*)

DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)

**Attorneys for Plaintiff Topalsson GmbH**

Respectfully submitted,

By: /s/ *John R. O'Donnell*

JONES DAY
Nicole M. Smith (Bar No. 189598)
John O'Donnell (Bar No. 318054)
Tharan Gregory Lanier (Bar No. 138784)

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 20, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ *Lydia C. Raw*
Lydia C. Raw

5

Case. No. 2:23-CV-01823-WLH-PVCx
JOINT MOTION
TO MODIFY CASE SCHEDULE