# Exhibit A

DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
ben@dlgla.com
4500 Park Granada Boulevard,
Suite 202
Calabasas, CA 91302
Telephone:  (310) 473-2300

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Lydia C. Raw (*pro hac vice*)
Lydia.raw@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211

*Attorneys for Plaintiff Topalsson GmBH*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPALSSON GmbH,<br>　　　v. | Case No.  2:23-cv-1823-WLH-PVC |
| O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGo European Motorcars, LLC;<br>Orange County British Motorcars,<br>LLC; and<br>Westlake Coach Company, LLC. | **DECLARATION OF CALLUM KNIGHT IN SUPPORT OF MOTION TO MODIFY CASE SCHEDULE** |

I, Callum Knight, declare as follows.

    1.  I am a solicitor of the Senior Courts of England and Wales and an associate of Spring Law, located at 10 Bloomsbury Way, London WC1A 2SL. I submit this declaration based on my personal knowledge and based on my representation of Topalsson GmbH ("Topalsson") in regards to the Letter of Request to Rolls-Royce Motor Cars Limited ("RRMCL") in England and Wales and in claims relating to breach of contract brought in the High Court of Justice, Business and Property Courts of England and Wales, Technology and Construction Court (Claim No. HT-2020-000344) ("Breach of Contract Proceedings") against Rolls-Royce Motor Cars Limited and appeals thereof. I make this declaration in support of the Motion to Modify Case Schedule. If called to testify as a witness, I could and would testify competently thereto.

**Timeline of Letter of Request Proceedings in the UK**

    2.  I was informed that Topalsson filed a request to modify the schedule in *Topalsson GmbH v. O'Gara Coach, et. al,* 2:23-cv-1823-WLH-PVC ("US Litigation") in June of 2024.

    3.  In June 2024, Spring Law was asked to provide an approximation of how long it would take Topalsson to obtain the source code and other materials requested by Topalsson's Letter of Request directed to RRMCL.

    4.  The Letter of Request process in the UK generally requires multiple layers of review. Once the request is received by the King's Bench Division within the High Court of England and Wales (hereinafter "the English Court"), the English Court will review the request and determine whether the discovery asked for complies with the applicable law in the Courts of England and Wales. The English Court may vary the requests before granting them. This process usually occurs without notice to the party to whom the request is directed.

5.      Once the request is granted and any modifications are made, the request is served on the party it is directed to. That party then has the chance to move to modify or set aside the order (hereinafter a "Modification Motion"). If a Modification Motion is filed, the serving party will have the right to respond to that motion. The Modification Motion may be dealt with on the papers or at a hearing. However, if the Modification Motion seeks to make significant modifications and/or set aside the order (which Topalsson anticipates), it is likely that a hearing will be required for oral argument. If the motion is set for a hearing, then there will likely be an additional delay as a hearing date is negotiated between the parties and a suitable date found in the English Court's busy schedule. At the hearing, the judge will likely make an oral decision on the Modification Motion and, unless the order giving effect to the Letter of Request is entirely set aside, the court would likely 'reset' the timetable for compliance with the order (i.e. the deadlines contained within the order may be amended to flow from the hearing dates onwards).

6.      Accordingly, Spring Law estimated that six months may be required for Topalsson to inspect the source code and receive the documents requested in the Letter of Request. It is extremely difficult to provide certainty in our estimates. The length of time required may be significantly impacted by the scope of the objections raised by RRMCL and the English Court's calendar if a hearing is required. In providing this estimate, we were asked to assume that the US Court would determine whether the Letter of Request could move forward in early-mid July, and we estimated it may take approximately six months from mid-July.

**Issuance of the Letter of Request**

7.      I am informed that the US Court granted Topalsson's Motion for Issuance of a Letter of Request on August 20, 2024 and issued the Letter of Request on September 4, 2024. I am informed that the Letter of Request was "issued" by the

Court when an ECF entry was created by the Court on the Court docket and therefore the issued documents were made available to Topalsson's US counsel electronically.

8.      I am further informed that the Letter of Request required an extension of deadlines, as discussed above. I am informed that on September 18, 2024, the US Court granted Topalsson's request to extend the deadlines and extended the fact discovery deadline to January 19, 2025, which left approximately four months for the Letter of Request to be completed, less than we originally estimated would be required.

9.      Nevertheless, it was our intention at the time and during the Letter of Request process to move forward diligently to complete the Letter of Request discovery before the deadlines provided by the US Court, if possible. As set forth below, we have and continue to move forward diligently.

10.      I am aware that the motion for the issuance of the Letter of Request filed in the US Court asked the Court to "execute" the request and "affix the seal of the Court to them and provide an original of the executed Letter of Request to Topalsson's undersigned counsel for forwarding to the appropriate authority in the United Kingdom of Great Britain and Northern Ireland." I reviewed the Letter of Request before it was filed and I understood and expected an original signature and seal to be applied to the document. After allowing a few weeks for an original to arrive by mail, it became apparent that the electronic ECF entry was all that would be provided.

11.      To avoid delays associated with going back to the US Court for re-issuance of the request, in parallel and upon learning that an electronic signature and seal had been provided, I investigated whether the English Court would accept the Letter of Request in that format and I was informed through informal channels that it would likely be accepted. Steps were also taken to confirm that Defendants and

1    RRMCL would not object to the request having an electronic signature and seal
2    rather than a "wet" signature and an original, raised seal. On September 20, 2024,
3    Defendants responded by email that "Defendants understand that RRMC will not
4    object" to the Letter of request having a digital seal and signature and copied
5    RRMC's counsel, Emma Butcher, to confirm. Despite further follow-ups, RRMCL's
6    counsel ignored the confirmation request.

7        12.    In order to give effect to the Letter of Request within England and
8    Wales, the Civil Procedure Rules of England and Wales require an application
9    (motion) to be made seeking such (hereinafter "LOR Application"). The LOR
10    Application is comprised of an Application Notice, Draft Order, Witness Statement
11    and Exhibit. Further, since the LOR Application was made on a without notice basis,
12    the applicant (Topalsson) is subject to the obligation of 'full and frank disclosure'.
13    This means Topalsson must disclose all matters that are material to the court in
14    deciding whether to grant the order and, if so, on what terms. Materiality is
15    determined by the court not the parties or their legal counsel. These material matters
16    may include matters of fact or law and matters adverse to the Topalsson.
17    Accordingly, in drafting the LOR Application it was incumbent on Topalsson to
18    disclose such material matters, if it failed to so, there is the possibility that the
19    application may be set aside. This resulted in an Exhibit of over 1,200 pages; a
20    detailed witness statement summarising the US proceedings and US Letter of
21    Request proceedings, in particular, those key arguments raised by US counsel in
22    relation to the granting of and provisions of the Letter of Request; and a detailed
23    draft order giving effect to and stipulating the terms on which the evidence can be
24    gathered in the jurisdiction and the obligations of each party involved. Further, as
25    the LOR Application would be the start of new proceedings (with all that entails)
26    Topalsson also applied for confidentiality restrictions to apply to the court file, the

27
28                                5        Case. No. 2:23-CV-01823-WLH-PVCx
                                     DECLARATION OF CALLUM KNIGHT IN
                                  SUPPORT OF MTN TO MODIFY CASE SCHEDULE

examination and the examination transcript, for the reasons already known to the US Court.

13.     Additionally, due to the history between the parties, Topalsson believed that RRMCL was highly likely to oppose the LOR Application in England and Wales, despite the fact that RRMCL had already attempted such in the US and ultimately did not succeed, with the US Court determining that the Letter of Request was relevant and would likely lead to the production of admissible evidence necessary to prove the US claim. As such, Topalsson sought to instruct an English barrister (legal counsel) with particular experience in dealing with letters of request. Consequently, additional time which was not previously anticipated was spent in the sourcing, instructing and liaising with counsel over the LOR Application documents.

14.     Separately, whilst our firm had received and was working on the LOR Application, it was also dealing with and managing (preparing and attending) an important appeal hearing in the Court of Appeal on behalf of Topalsson in the Breach of Contract proceedings. Topalsson was ultimately successful in the appeal reducing its liability by €900,000. However, this meant our firm had to balance work on a demanding appeal and the LOR Application.

15.     In summary, our firm worked diligently on the LOR Application, however, matters not fully anticipated caused an increase in time in the drafting and filing of the LOR Application due to, amongst others, the burden of full and frank disclosure; the sourcing, instruction and liaising with experienced counsel; and the balancing of the LOR Application and the appeal hearing. Further, when filing the LOR Application, our firm brought the strict timetable for evidence in the US proceedings to the attention of the English Court and respectfully requested that the English Court deal with the LOR Application swiftly.

16.     The new proceedings were brought on Monday, November 25, 2024.

**Issuance of the Letter of Request**

17.     The English Court was fully satisfied and granted the order sought with no amendments; we believe this was as result of the hard work spent placing all those detailed matters before the English Court within the LOR Application documents. Further, the English Court acted upon the LOR Application swiftly, granting the application on Thursday, December 12. **Exhibit 1.** On the same day, Spring Law affected service of the LOR Application upon the Respondents, namely RRMCL and Matthew Scott. However, due to service requirements, the application would be 'deemed' served on Monday, December 16, and the application was indeed deemed served on Monday, December 16.

**The Expected Timeline Going Forward**

18.     I have been asked to provide a general outline of the next steps in the application process. Since the application was deemed served on Monday, December 16, RRMCL has until December 23 (i.e. 7 days) to file an application to modify or set aside the application (i.e. Modification Motion), and we strongly expect them to do so. In that case, Topalsson has the right (and intends to exercise that right) to file evidence in answer to such a Modification Motion. Topalsson would have to file its evidence in answer as soon as possible. However, depending on the matters and evidence raised by RRMCL, and thus the length of the hearing required to hear the motion, Topalsson may need to seek appropriate time to file evidence in answer, such as 28 days which is the standard timeline for evidence in answer in other High Court divisions. The parties would then liaise and attend on the English Court listing office to fix the hearing. As at writing, the English Court appears to be listing application hearings from late February 2025 onwards. As for the reasons mentioned

previously, it is unlikely that the English Court would deal with the Modification Motion on the papers without an oral hearing.

19.    Since the hearing of the Modification Motion would likely be listed for no more than 1 day, the judge would most likely hand down judgment orally in the hearing, and then hear argument on the provisions and drafting of the order. The English Court would generally, issue the sealed order within a few days to a week. If the judge allows all or part of the Letter of Request discovery to take place; we believe the order would provide RRMCL with no more than 28 days to comply. If RRMCL is ordered to produce source code, we would expect production of the source code in approximately April 2025, for the reasons identified above.

**STATEMENT OF TRUTH**

1.    I declare under the penalty of perjury and under the laws of the United States of America that the foregoing is true and correct and that I signed this witness statement on December 19, 2024 at 10 Bloomsbury Way, London WC1A 2SL.

2.    I further certify that I believe that the facts stated in this witness statement are true. I understand that in the UK, proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

Dated: December 19, 2024

Callum Knight

# Exhibit 1

KF-2024-010445

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>KING'S BENCH DIVISION</u>

**BEFORE: SENIOR MASTER COOK**

**Date: 11-12-2024**

**IN THE MATTER OF THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT 1975**

**AND IN THE MATTER OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**AND IN THE MATTER OF RULES 34.16 TO 34.21 OF THE CIVIL PROCEDURE RULES 1998**

**AND IN THE MATTER OF PROCEEDINGS IN A CIVIL OR COMMERCIAL MATTER NOW PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**B E T W E E N :**

**TOPALSSON GmbH**

<u>**Applicant**</u>

**- and -**

**(1) ROLLS-ROYCE MOTOR CARS LIMITED**

**(2) MATTHEW SCOTT**

<u>**Respondents**</u>

**Order**

**UPON THE APPLICATION** of Topalsson GmbH (**Applicant**) dated 25 November 2024 pursuant to section 1 of the Evidence (Proceedings in Other Jurisdictions) Act 1975 (**1975 Act**) and CPR 34.17 for an order under section 2 of the 1975 Act to give effect to a Letter of Request pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (**Application**)

1

**AND UPON READING** (i) the witness statement of Callum Knight dated 25 November 2024, and (ii) the Letter of Request dated 04 September 2024 (and accompanying attachments) signed by Magistrate Judge Pedro V. Castillo of the United States District Court for the Central District of California (**Request**) exhibited thereto

**AND UPON** it appearing that there are proceedings in the United States District Court for the Central District of California (**Foreign Court**), namely Topalsson GmbH (Plaintiff) -v- (1) O'Gara Coach Company, LLC, (2) Rusnak/Pasadena Corporation, (3) indiGo European Motorcars, LLC, (4) Orange County British Motorcars, LLC, and (5) Westlake Coach Company, LLC (Defendants) with Civil Action Number 2:23-cv-1823-WLH-PVC (C.D. Cal.) (**Foreign Proceedings**), in which the Foreign Court wishes to obtain evidence from the Respondents

**AND UPON** the court considering the Application on paper and without notice

**IT IS ORDERED THAT:**

**Examination**

1.    The Second Respondent, Mr Matthew Scott, attend before a court examiner to be examined in private as a deponent orally on oath or affirmation in respect of the subject matters specified in Attachment B to the Request (**Examination**).

2.    An examiner of the court be appointed pursuant to CPR 34.18(1)(b) for the purposes of carrying out the Examination (**Examiner**).

3.    The Applicant shall apply to the Foreign Process Section at the Royal Courts of Justice at foreignprocess.rcj@justice.gov.uk for the allocation of the Examiner.

4.    Within 7 days of the allocation of the Examiner, the Applicant shall provide the Examiner with copies of all documents in the proceedings necessary to inform the Examiner of the issues which are the subject of the Examination, as set out in Attachment B to the Request.

5.    The Examination of the Second Respondent shall take place:

(1)    in a window between 1 January 2025 and 31 March 2025 (inclusive) (**Deposition Window**); and

(2)    after the Applicant has had a reasonable opportunity to inspect and/or review the
documents referred to at paragraph 15 below.

6.    In the first instance, the Examination will be listed for 2 days.

7.    The Examination shall continue until completed and, therefore, if the time available
under paragraph 6 above proves to be insufficient to complete the Examination, the
parties have liberty to apply to the court and/or Examiner for the re-listing of the part
heard Examination.

8.    The Applicant and the First Respondent shall provide their respective dates of
availability to the Examiner by no later than 7 days after the Applicant has notified the
First Respondent of the allocation of the Examiner. Following which, the Examiner shall
fix the dates for the Examination within the Deposition Window.

9.    The Examination shall take place at a location in London. Once the dates for the
Examination are fixed by the Examiner, the Applicant shall arrange a venue for the
Examination and shall inform the parties of such.

10.    The Examination shall be conducted in the following manner:

(1)    In accordance with English law and procedure, including the requirements of
paragraphs 4.2 to 4.12 of Practice Direction 34A, save that the Second Respondent
shall in addition have the same privilege or duty to refuse to give evidence as if he
were testifying under the applicable provisions of the Federal Rules of Civil
Procedure, including if giving such evidence would: (a) subject him to a real and
appreciable danger of criminal liability in the United States, or (b) disclose a
confidential and privileged communication between him and his attorney.

(2)    The Second Respondent shall give his evidence orally.

(3)    Representative counsel for the Second Respondent shall be permitted to attend
the Examination.

(4)    The Applicant's UK and/or US representatives may attend the Examination and
have leave to examine and re-examine the Second Respondent.

(5)   The UK and/or US representatives of the Defendants to the Foreign Proceedings may attend the Examination and have leave to cross-examine the Second Respondent.

(6)   Only questions in relation to the following may be asked of the Second Respondent in the Examination:

   (a)   the subject matters and/or topics as contained within Attachment B to the Request;

   (b)   the substance or context of documents disclosed, produced and/or inspected by the Applicant pursuant to this order; and

   (c)   follow up questions to the answers provided by the Second Respondent in the Examination, provided that those questions are relevant to either paragraph 10(6)(a) or (b).

(7)   The purpose of questioning in the Examination shall be to elicit and record testimony appropriate to be given at the trial in the Foreign Proceedings.

11.   The Applicant's UK representatives shall arrange for a qualified stenographer to attend the Examination and to transcribe the evidence of the Second Respondent. For this purpose, permission is granted for the Examination to be recorded by audio.

12.   Upon receipt of a copy of the transcript of the Examination, the Applicant will send a copy to the Examiner who will forthwith send the same to the Senior Master for certification and onwards transmission to the Foreign Court through the Applicant's legal representatives.

13.   The Examiner shall be entitled to be paid his or her fees and expenses of the Examination, such fees to be paid by the Applicant.

14.   The Applicant shall pay the Second Respondent's reasonable expenses in travelling to and from the Examination to give evidence and such sum by way of compensation for loss of time as may be specified in Practice Direction 34A.

**Production and/or Inspection of documents**

15.   The First Respondent shall:

4

(1)   by no later than 28 days from service of this order, allow the Applicant and/or the Applicant's representatives to inspect the documents which fall under Requests 1 to 3 of Attachment A to the Request; and

(2)   by no later than 28 days from service of this order, produce to the Applicant all the documents which fall under Requests 4 to 20 of Attachment A to the Request.

16.   The First Respondent shall provide the Applicant with as much time as it reasonably requires to inspect the documents under paragraph 15(1).

17.   If requested by the Applicant, the First Respondent must produce to the Applicant true copies of any documents and/or any parts of documents which were made available for inspection.

18.   Applicant may request and the First Respondent must produce true copies of limited portions of source code made available for inspection that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.

19.   For the avoidance of doubt, any documents produced by the First Respondent must be done electronically, in their native format and in a manner which preserves metadata. Any hard copy documents (if any) must be produced by providing scanned OCR'd versions electronically, with the originals made available for inspection, if the Applicant so wishes.

20.   Where any original electronic document(s) which fall within paragraph 15 above is a document (such as a PDF) which was created from a document in another format (such as Word or Excel), the First Respondent must also produce and/or allow inspection of the source document(s) from which the final original document was created, and any intermediate versions of the document, in each case in a manner which preserves full metadata, including in relation to the date of creation.

21.   In addition to any right or duty to withhold disclosure or production of a document, or part of a document, or a class of documents which would otherwise fall within its obligations of disclosure under paragraph 15 above, the First Respondent shall have the same privilege or duty to refuse to give evidence as if it were giving evidence under the

applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would: (1) subject it to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between it and its attorney.

22.  If the First Respondent maintains any claim to privilege in respect of any document(s) which would otherwise fall within paragraph 15 above, the First Respondent must list the documents and set out its position in writing in respect of them.

23.  If any documents which fall within paragraph 15 above cannot be produced and/or inspected, the First Respondent must explain in writing what searches have been carried out, why they cannot be produced and/or inspected, or, if it no longer has possession or control of said documents, what has become of them.

**Confidentiality**

24.  The Examination shall be conducted in private. Subject to paragraph 10(5) above, a non-party shall not be entitled to attend the Examination nor to obtain a copy of the transcript of the Examination without the permission of the court. In respect of any such application by a non-party, the Applicant and First Respondent shall have liberty to make representations in reply before the court determines any such application.

25.  A non-party shall not be entitled to obtain a copy of the Application; documents produced by the First Respondent pursuant to paragraph 15 above; nor the transcript of the Examination filed with the court pursuant to paragraph 12 above, without the permission of the court pursuant to CPR 5.4C. In respect of any such application by a non-party, the Applicant and First Respondent shall have liberty to make representations in reply before the court determines any such application.

26.  The Application and transcript of the Examination filed with the court pursuant to paragraph 12 above, shall be marked as confidential on the court file.

**General Provisions**

27.  In this order, 'document' is defined as anything in which information of any description is recorded whether in hard or electronic form.

28.  The Applicant shall serve a sealed copy of this order on the Respondents at the following address: Rolls-Royce Motor Cars Limited, Company Secretary, Summit One, Summit Avenue, Farnborough, Hampshire, GU14 0FB.

29.  Service in accordance with paragraph 28 above shall constitute good service on the Respondents.

30.  Pursuant to CPR 23.10, a person who was not served with a copy of the Application before this order was made may apply to vary or set aside this order, if so advised. Any such application must be made within 7 days of service of this order on the party seeking to make the application.

31.  Liberty to apply.

Service of the Order

The Court has provided a sealed copy of this order to the Applicant's solicitors:

Spring Law, 2nd Floor, 10 Bloomsbury Way, London WC1A 2SL

Email: james.russell@springlaw.co.uk; callum.knight@springlaw.co.uk