DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
ben@dlgla.com
4500 Park Granada Boulevard,
Suite 202
Calabasas, CA 91302
Telephone: (310) 473-2300

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Carrie Bader (*pro hac vice*)
Carrie.bader@eriseip.com
Lydia C. Raw (*pro hac vice*)
Lydia.raw@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211

*Attorneys for Plaintiff Topalsson GmBH*

Nicole M. Smith (Bar No. 189598)
Email: nmsmith@jonesday.com
John O'Donnell (Bar No. 318054)
Email: jodonnell@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Tharan Gregory Lanier (Bar No. 138784)
Email: tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

*Attorneys for the Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPALSSON GmbH,<br><br>v.<br><br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGo European Motorcars, LLC;<br>Orange County British Motorcars, LLC; and<br>Westlake Coach Company, LLC. | Case No.  2:23-cv-1823-WLH-PVC<br><br>**JOINT MOTION TO MODIFY THE CASE SCHEDULE**<br><br>Date: September 12, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu |

## Table of Contents

I. INTRODUCTION ..................................................................................1

II. LEGAL STANDARDS...........................................................................2

III. ARGUMENT .........................................................................................3

IV. CONCLUSION ......................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
624 F.3d 1253 (9th Cir. 2010) ................................................................................3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. C-07-5944-SC, 2014 WL 5462496 (N.D. Cal. Oct. 23, 2014) ........................3

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ..................................................................................2

**Rules**
FED. R. CIV. P. 16(b)(4) ........................................................................................2

## I. INTRODUCTION

The Parties respectfully request that the Court modify the scheduling order to accommodate the ongoing English Court proceedings relating to Plaintiff Topalsson GmbH's ("Topalsson") Letter of Request to Rolls-Royce Motor Cars Limited ("RRMCL") and to allow the Defendant dealerships sufficient time to complete discovery thereafter.

This is a copyright infringement case, where the central question of infringement turns on whether or not Topalsson's source code was copied. This requires a comparison between Topalsson's copyrighted source code and the source code of the allegedly infringing software. The Defendants do not have access to and cannot produce the source code used in the accused software.

In order to obtain the source code, Topalsson requested (Dkt. 76) and this Court issued (Dkt. 109) a Letter of Request to Rolls-Royce Motor Cars Limited, a company located in the United Kingdom. Topalsson then moved forward with effectuating the Letter of Request through the English Courts and filed its application on November 25, 2024. The English Court granted Topalsson's application without modification on December 16, 2024. The application was served, and RRMCL and the deponent filed an application to modify or set aside the application. RRMCL and Topalsson attempted to reach a compromise on the scope of the Letter of Request but were unable to reach an agreement. The matter was set for hearing on June 9, 2025 and Master Cook of the English Court handed down judgment on July 1, 2025 ordering RRMCL to comply with Request Nos. 1-3 of Topalsson's Letter of Request, including producing source code. On August 27, 2025, RRMCL timely filed a Permission to Appeal (PTA) application, asking for a variation of the order, the effect of which, if granted, would be to be set aside in its entirety the obligation of RRMCL to produce source code pursuant to the Letter of Request.

Once the source code has been produced, Topalsson will be able to provide Defendants with a specific identification of the allegedly protectable elements of Topalsson's source code which have allegedly been copied (i.e. "Infringement Contentions"). After that, Defendants require time to complete necessary follow-up discovery, including depositions, based on the contentions provided by Topalsson. The current schedule does not allow sufficient time for this discovery to take place. Currently, fact discovery is scheduled to close on September 17, 2025.

The Parties have conferred and agree that an extension is necessary for fact discovery to conclude in an orderly fashion in this case. Accordingly, the Parties jointly propose that after Topalsson reviews the source code produced by RRMCL, Topalsson will provide Infringement Contentions within 30 days. The Parties further jointly propose that the close of fact discovery be no less than six months after the Infringement Contentions are provided. The Proposed Order, provided concurrently with this motion, identifies a proposed schedule consistent with this agreement and with the expected timeline of the English Letter of Request proceedings.

The Parties seek this extension not for delay, but for good cause and in the interests of justice. The proposed extension acknowledges the realities of how long it takes to obtain discovery through a request under the Hague Convention and further will provide sufficient time for the Parties to complete discovery once they have certainty regarding the scope of what source code was allegedly copied. For these reasons and the reasons discussed further below, good cause supports this extension.

## II.    LEGAL STANDARDS

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). Courts have broad discretion in determining

whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

In determining whether good cause exists, the primary consideration is "the diligence of the party seeking the amendment." *Id.* A district court may modify a scheduling order if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "[C]entering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 5462496, at *9 (N.D. Cal. Oct. 23, 2014).

### III.  ARGUMENT

Good cause to extend the close of fact discovery exists in this case. This Court granted Topalsson's motion for issuance of a Letter of Request to RRMCL. (Dkt. 103.) Topalsson's English Counsel opened new proceedings to give effect to the Letter of Request, and the English Court granted Topalsson's application without amendment on December 12, 2024. RRMCL filed a motion to modify or set aside the application. RRMCL and Topalsson attempted to reach a compromise on the scope of the Letter of Request but were unable to reach an agreement. The matter was set for hearing on June 9, 2025 and on July 1, 2025 Master Cook of the English Court agreed to require RRMCL to produce the source code identified in Topalsson's Letter of Request. On August 27, 2025, RRMCL timely filed a Permission to Appeal (PTA) application, asking for the order to be set aside in its entirety. RRMCL will not be required to produce source code until its PTA application has been resolved. Therefore, it is unclear when RRMCL's source code will be made available for

Topalsson's expert to review. Topalsson's English counsel predicts that it will take approximately three months for the decision on whether RRMCL's PTA application will be allowed to proceed will take approximately three months.

Whether or not the source code underlying the accused software infringes Topalsson's copyrighted source code is a central question of this case. Without access to that source code, there is no way for the Court or the jury to make a decision on the merits resolving this fundamental dispute. That the materials for which a discovery extension sought are "critical for [Topalsson's] case against [Defendants]" supports good cause for the amendment. *In re Cathode*, 2014 WL 5462496, at *8.

Relatedly, once Topalsson's expert has had a chance to review the accused source code, it will crystalize the scope of the case. Topalsson will be able to provide Infringement Contentions that identify with specificity those portions of Topalsson's source code that are allegedly protectable and infringed, and it has agreed to do so 30 days after its experts have a chance to review the accused code. Once the Infringement Contentions have been provided, Defendants require time to complete discovery on their defenses which may include, for example, review of Topalsson's source code, depositions, and targeted additional written and document discovery. The Parties have conferred and jointly propose that fact discovery should close at least six months after Topalsson has provided its Infringement Contentions. This request is supported by good cause because the Parties could not have served targeted discovery based on the specific portion(s) of Topalsson's source code that have been allegedly copied without permission until Topalsson is able to review the accused source code and provide Infringement Contentions.

This request is also timely. The close of fact discovery is currently September 17, 2025. (Dkt. 119.) Topalsson's counsel reached out to Defendants on August 1, 2025 to discuss scheduling. The Parties first conferred on Thursday, August 7, 2025.

No deadlines have yet been missed, and this request is not made for the purpose of delay, but rather so that the Parties can develop their respective claims and defenses for trial.

### IV. CONCLUSION

For the foregoing reasons, there is good cause to modify the current case schedule to allow time for the English proceedings relating to Topalsson's Letter of Request to conclude and to allow the Defendant dealerships sufficient time to complete discovery thereafter.

Dated: August 29, 2025

Respectfully submitted,

By: /s/ *Lydia C. Raw*

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
Carrie Bader (*pro hac vice*)
Lydia C. Raw (*pro hac vice*)

DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
***Attorneys for Plaintiff Topalsson GmbH***

Respectfully submitted,

By: /s/ *Tharan Gregory Lanier*

JONES DAY
Nicole M. Smith (Bar No. 189598)
John O'Donnell (Bar No. 318054)
Tharan Gregory Lanier (Bar No. 138784)
***Attorneys for Defendants***

**L.R. 5-4.3.4 Certification**

The undersigned counsel hereby certifies that all other signatories listed and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

*/s/ Lydia C. Raw*
Lydia C. Raw

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 29, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Lydia C. Raw*
Lydia C. Raw