DAVIDSON LAW GROUP
Ben M. Davidson (Bar No. 181464)
ben@dlgla.com
4500 Park Granada Boulevard,
Suite 202
Calabasas, CA 91302
Telephone:  (310) 473-2300

ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Carrie Bader (*pro hac vice*)
Carrie.bader@eriseip.com
Lydia C. Raw (*pro hac vice*)
Lydia.raw@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211

*Attorneys for Plaintiff Topalsson GmBH*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPALSSON GmBH,<br><br>v.<br><br>O'Gara Coach Company, LLC;<br>Rusnak/Pasadena Corporation;<br>indiGo European Motorcars, LLC;<br>Orange County British Motorcars, LLC; and<br>Westlake Coach Company, LLC. | Case No.  2:23-cv-1823-WLH-PVC<br><br>**DECLARATION OF LYDIA C. RAW IN SUPPORT OF JOINT MOTION TO MODIFY CASE SCHEDULE**<br><br>Date: September 12, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu |

I, Lydia C. Raw state as follows:

1. I am a shareholder with the law firm of Erise IP, LLP, and counsel of record for Plaintiff Topalsson GmbH in the above-captioned matter. I am an active member in good standing of the bar of the State of Kansas and have been admitted *pro hac vice* in the above-referenced case. I have personal knowledge of the matters set forth herein unless otherwise stated, and, if called upon to testify, I could and would competently testify thereto.

2. I submit this declaration in support of the Joint Motion to Modify the Case Schedule.

3. The Parties jointly request that the Court modify the scheduling order to allow time for the ongoing English Court proceedings relating to Plaintiff Topalsson GmbH's ("Topalsson") Letter of Request to Rolls-Royce Motor Cars Limited ("RRMCL") to conclude and to allow the Parties sufficient time to complete discovery thereafter.

4. This extension is sought not for delay, but so that the Parties can adequately prepare their cases for trial. The jointly proposed extension acknowledges the realities of how long it takes to obtain discovery through a request under the Hague Convention and further will provide sufficient time for the Parties to complete discovery once they have certainty regarding the scope of what source code was allegedly copied.

5. This is the third extension of deadlines sought in this case. On June 10, 2024, Topalsson asked the Court to issue a Letter of Request to RRMCL. (Dkt. 76.) That request was granted on August 20, 2024 and the Letter of Request was issued on September 4, 2024. (Dkts. 103, 109.) Relatedly, on July 14, 2024, Topalsson asked the Court to extend the deadlines to allow time it to obtain the source code and other documents sought by the Letter of Request from RRMCL under the procedures of the Hague Convention. (Dkt. 80.) That extension was

granted on September 19, 2024, setting January 17, 2025 as the new date for the close of fact discovery. (Dkt. 112)

6. Topalsson proceeded to effectuate the Letter of Request through the English Court. The English Court granted Topalsson's application without amendment on December 12, 2024, and RRMCL filed its motion to modify or set aside the application. RRMCL and Topalsson attempted to reach a compromise on the scope of the Letter of Request but were unable to reach an agreement.

7. Because the Letter of Request would not be effectuated before the January 17, 2025 close of fact discovery, on December 20, 2024, the parties jointly requested that the Court modify the scheduling order (Dkt. 118) to allow time for the Letter of Request application to be given effect in the UK and to allow sufficient time for follow-up discovery to take place. That request was granted on December 27, 2024. (Dkt. 119)

8. The English Court held a hearing on Topalsson's Letter of Request on June 9, 2025 and Master Cook of the English Court determined that RRMCL should be required to produce the source code requested by Topalsson. RRMCL and Topalsson negotiated the language and requirements of the order, which order issued on August 21, 2025. On August 27, 2025, RRMCL timely filed an application for Permission to Appeal (PTA).

9. I have asked Topalsson's English counsel for their best estimate on how long the PTA application is likely to take. I have been informed that a decision on whether to grant PTA application does not have a set timeline, and may be several weeks or several months. If the PTA application is denied, then RRMCL will be required to move forward with source code production. The August 21, 2025, order provides RRMCL with 18 weeks to collect and produce the requested source code from the date that Topalsson makes the cost payments required by the order.

10. The Parties proposed extension is supported by good cause. The English proceedings to give effect to the Letter of Request will not conclude before the current close of fact discovery on September 17, 2025. The Letter of Request seeks the source code that is alleged to infringe Topalsson's copyrights. Whether or not the source code underlying the Rolls-Royce configurator software used at Defendants' Dealerships infringes Topalsson's copyrighted source code is a central question of this case. Without access to that source code, there is no way for the Court or the jury to make a decision on the merits resolving this fundamental dispute.

11. The proposed extension further allows time for discovery to conclude in a timely manner once the source code at issue in the case is reviewed by Topalsson's expert. Topalsson has agreed to provide Infringement Contentions that identify with specificity those portions of Topalsson's source code that are protectable and infringed, and it has agreed to do so 30 days after its expert(s) have a chance to review the accused code. This request is supported by good cause because the Parties are unable to served targeted discovery based on the specific portion(s) of Topalsson's source code that have been allegedly copied without permission until Topalsson is able to review the accused source code and provide Infringement Contentions.

12. This request is also timely. The close of fact discovery is currently September 17, 2025. (Dkt. 119.) Topalsson's counsel reached out to Defendants on August 1, 2025 to discuss scheduling. The Parties first conferred on Thursday, August 7, 2025. No deadlines have yet been missed, and this request is not made for the purpose of delay, but rather so that the Parties can develop their respective claims and defenses for trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1  Dated this 29th day of August, 2025, in Overland Park, Kansas.

2

3                                            /s/ *Lydia C. Raw*
                                             Lydia C. Raw
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28